Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

BEATRIZ VEERMAN AND KHADIJETOU
("KADIA") BA,

    Plaintiffs,

  - against -

DEEP BLUE GROUP LLC, OPIA,
FREDERICK LESORT, AND ANTOINE
BLECH (a/k/a Antoine Bleck),

    Defendants.

- - - - - - - - - - - - - - - - x

**Judge Pauley**

**08 CV 5042**

<u>COMPLAINT AND JURY DEMAND</u>

<u>JURY TRIAL DEMANDED</u>

## NATURE OF THE ACTION AND THE PARTIES

  1. This is an action to redress unlawful discrimination based on sex, race, color, and national origin, unlawful harassment, unlawful retaliation, and unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e <u>et seq.</u>, the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981 <u>et seq.</u>, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 <u>et seq.</u>, and the New York City Human Rights Law, (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 <u>et seq.</u> Plaintiffs also have claims for violations of applicable wage and hour laws,

including the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law (the "Labor Law"), see, e.g., N.Y. Lab. L. §§ 190-199, 215.

2.     Plaintiff Beatriz Veerman ("Ms. Veerman") is an adult female, residing in Astoria, New York, and a former employee of Defendants.

3.     Plaintiff Khadijetou Ba ("Ms. Ba") is an adult female, residing in Bronx, New York, and a former employee of Defendants.

4.     According to public records, Defendant Deep Blue Group LLC is a domestic limited liability company with a business address at 130 East 57th Street, New York, New York 10022.

5.     Defendant Opia is a restaurant/lounge with a business address at 130 East 57th Street, New York, New York 10022.  Opia has a website at www.opiarestaurant.com.

6.     Upon information and belief, Deep Blue Group LLC and Opia are alter egos and instrumentalities of each other.  Opia and Deep Blue Group LLC are individually and collectively referred to herein as the "Company."

7.     Frederick Lesort is an adult male and, upon information and belief, he resides in New York, New York.

8.     Antoine Blech (a/k/a Antoine Bleck) is an adult male and, upon information and belief, he resides in Westchester County, New York.

-2-

9. Defendants Lesort and Blech are co-owners of the Company. According to public records, Frederick Lesort is the registered agent of Deep Blue Group LLC.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiffs' claims pursuant to Title VII, 42 U.S.C. § 2000e-5(f), Section 1981, 42 U.S.C. § 1981, 1981a, 1988, the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1343, 1367(a) and 2201.

11. Venue is proper in this district pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3), the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1391.

12. Plaintiffs filed timely charges of discrimination, harassment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiffs requested that EEOC issue Notice of Right To Sue letters. On or about March 7, 2008, the EEOC mailed Notice of Right To Sue letters to Plaintiffs.

13. Plaintiffs have mailed a copy of this Complaint to the New York City Commission Of Human Rights and the New York City Corporation Counsel.

14. Plaintiffs have satisfied all of the statutory prerequisites to filing this action with this Court.

15. Each Plaintiff seeks an award of appropriate relief.

-3-

## FACTS

16.   During Plaintiffs' employment, they were repeatedly harassed and discriminated against based on sex, race, color and national origin.  The conduct included, among other items, unlawful touching, unlawful sexual advances, unlawful statements, and harassing and discriminatory statements, all of which were unwelcome, offensive and against Plaintiffs' will and over Plaintiffs' objections and complaints.  Plaintiffs were also denied equal compensation, terms, conditions and privileges of employment, and employment opportunities.  Ultimately, Plaintiffs were unlawfully discharged (or constructively discharged).

## Ms. Veerman

17.   Ms. Veerman was employed by the Company as a waitress (sometimes referred to as a server) from March 2005 through approximately May 14, 2007, when she was unlawfully discharged. At all times, Ms. Veerman was fully qualified for her position.

18.   During Ms. Veerman's employment, she was repeatedly sexually harassed by Mr. Lesort.  Examples are set forth below.

19.   Mr. Lesort repeatedly touched Ms. Veerman in a sexual manner.  He touched Ms. Veerman's private parts.  He kissed Ms. Veerman and touched her breasts.  He repeatedly approached Ms. Veerman at the Opia restaurant and touched her back and shoulders in a sexual manner.

20.  Mr. Lesort repeatedly made sexual statements to Ms. Veerman, repeatedly made sexual advances to Ms. Veerman, and repeatedly pursued her in a sexual manner.  He repeatedly asked Ms. Veerman out both in person and on the telephone.  He repeatedly asked Ms. Veerman to have a relationship with him.  He repeatedly leered and stared at Ms. Veerman at the Opia restaurant in a sexual manner.

21.  He repeatedly made comments about Ms. Veerman's private parts.  He repeatedly made sexual comments to Ms. Veerman, such as "Beatriz, do you work out?  I can tell you do by looking at your legs."  He approached Ms. Veerman at the Opia restaurant and said to her in a sexual manner "are you married" and "I want to make sure you are not yet married."

22.  Mr. Lesort's conduct was unwelcome and offensive and Ms. Veerman opposed, objected to and complained about same.

23.  In or about April 2007, Mr. Lesort asked Ms. Veerman for a date.  Ms. Veerman refused his advances and Defendants unlawfully discharged her employment in May 2007.

24.  Ms. Veerman complained to Ms. Ba and other employees about Mr. Lesort's conduct.  Ms. Ba witnessed Mr. Lesort sexually harass Ms. Veerman at the Opia restaurant.

### **Ms. Ba**

25.  Ms. Ba was employed by the Company as a waitress (sometimes referred to as a server) from November 2005 through

approximately March 17, 2007, when she was unlawfully constructively discharged.  At all times, Ms. Ba was fully qualified for her position.

26.  During Ms. Ba's employment, she was repeatedly sexually harassed by Mr. Blech.  Examples are set forth below.

27.  Mr. Blech repeatedly touched Ms. Ba in a sexual manner. He repeatedly touched Ms. Ba's private parts, including Ms. Ba's breasts, buttocks and legs.  He repeatedly approached Ms. Ba at work and then touched Ms. Ba's shoulders, arms and buttocks.

28.  Mr. Blech repeatedly made sexual statements to Ms. Ba, repeatedly made sexual advances to Ms. Ba, and repeatedly pursued Ms. Ba in a sexual manner.

29.  Mr. Blech repeatedly asked Ms. Ba for sex.

30.  Mr. Blech repeatedly referred to Ms. Ba as "la gazelle," "la tigresse," "ma puce" and "ma cherie."

31.  Mr. Blech repeatedly stared and leered at Ms. Ba at the Opia restaurant in a sexual manner.

32.  Mr. Blech repeatedly made comments about Ms. Ba's private parts, including Ms. Ba's breasts, buttocks and legs.

33.  Mr. Blech repeatedly asked Ms. Ba out both in person and on the telephone.  He often called Ms. Ba during work, after work and on Ms. Ba's days off to ask her out.  In addition, when he called Ms. Ba on her days off, he often asked Ms. Ba sexual questions such as "what are you wearing."

-6-

34.  Mr. Blech's conduct was unwelcome and offensive and Ms. Ba opposed, objected to and complained about same.

35.  Ms. Ba complained to Ms. Veerman and other employees about Mr. Blech's conduct.

36.  Ms. Veerman witnessed Mr. Blech sexually harass Ms. Ba at the Opia restaurant.  Jimena Pereyra, General Manager, told Ms. Veerman that Mr. Blech liked Ms. Ba.  Ms. Veerman understood that he was referring to "like" in a sexual manner.  Thadez, a former manager, told Plaintiffs that Mr. Lesort liked Ms. Veerman's legs and Mr. Blech had a "crush" on Ms. Ba.

37.  On or about March 17, 2007, Defendants told Ms. Ba that a party of about 10 customers that Ms. Ba had served on January 13, 2007 had failed to pay a bill of approximately $569.96. Defendants told Ms. Ba that she had to personally pay that bill and made it clear to her that she had to do so to keep her job.

38.  Ms. Ba had done nothing wrong and so advised Defendants.  On January 13, 2007, Ms. Ba had served a party of about 10 customers at "Table 231" and their bill was approximately $569.96.  They gave Ms. Ba a credit card to pay the bill and Ms. Ba gave them a credit card slip to sign.  The customers did not dispute the bill, but simply left the Opia restaurant without signing the credit card slip.

39.  Ms. Ba opposed, objected to and complained about Defendants' wrongful demand that she personally pay a customer

-7-

bill.  Defendants refused to change their position.  Defendants, by their unlawful conduct, unlawfully constructively discharged Ms. Ba's employment.  Defendants' unlawful conduct was in retaliation for Ms. Ba's having opposed, objected to and complained about discrimination and, as discussed below, Defendants conduct also violated applicable wage and hour laws.

### **Additional Incidents**

40.  Defendants Lesort and Blech also allowed their male friends/customers to sexually harass Plaintiffs both verbally and through physical touching, and Defendants Lesort and Blech even demanded that Plaintiffs give their phone numbers to those male friends/customers.

41.  Defendants also discriminated against Plaintiffs based on their race, color and national origin by, among other items, making discriminatory statements, denying Plaintiffs desirable work schedules, and giving better schedules to waitresses outside Plaintiffs' classes.  Defendants even told Plaintiffs that they were "too dark".

42.  Defendants allowed managers to violate Plaintiffs' rights.  Jimena Pereyra, General Manager, struck Ms. Veerman on the head.  Daniel, the Bar Manager, threw a glass at Ms. Ba.

43.  Defendants also unlawfully appropriated tip monies and deducted monies from Plaintiffs' wages.

44.   Defendants unlawfully discriminated against Plaintiffs regarding, among other items, compensation, terms, conditions and privileges of employment, and employment opportunities, unlawfully harassed them, unlawfully sexually harassed them, unlawfully discharged (or constructively discharged) them, and unlawfully retaliated against them, because of their sex, race, color, and national origin, and because they opposed, objected to and complained of discrimination.

45.   Plaintiffs opposed, objected to and complained about the unlawful conduct.  Defendants failed to investigate and take appropriate remedial action and failed to stop the unlawful conduct and it continued throughout Plaintiffs' employment.

46.   Defendants ignored Plaintiffs' opposition to, objections to and/or complaints about unlawful discrimination and harassment and Defendants continued to engage in such unlawful conduct.  Defendants unlawfully retaliated against Plaintiffs and unlawfully discharged (or constructively discharged) them for engaging in protected activity and objecting to, opposing and/or complaining about unlawful discrimination and harassment.

47.   The discrimination and harassment was severe and pervasive, adversely affected the terms, conditions and privileges of Plaintiffs' employment, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

48.  Tolerance of unlawful discrimination and harassment was a term and condition of Plaintiffs' employment, and Plaintiffs' suffered adverse tangible employment actions because they refused to acquiesce to that conduct and protested such conduct. Plaintiffs were victims of "quid pro quo" harassment.

49.  Defendants' proffered reason for their conduct was a pretext for unlawful discrimination, unlawful discharge (or constructive discharge) and unlawful retaliation.

50.  Defendants' unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiffs' protected rights to be free from unlawful discrimination, harassment and retaliation.

51.  Defendants knew or should have known of the unlawful discrimination, harassment and retaliation against Plaintiffs.

52.  Defendants authorized unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiffs.  The employees who engaged in unlawful conduct were unfit and Defendants were reckless and/or negligent in employing them.

53.  Defendants failed to exercise reasonable care to prevent and correct unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiffs.

54.  Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited,

compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

55. Upon information and belief: (a) Defendants discriminated against and/or harassed other employees; (b) one or more other employees opposed, objected to and/or complained about discrimination and/or harassment; and (c) Defendants retaliated against one or more other employees who objected to, opposed and/or complained about discrimination and/or harassment.

56. As a result of Defendants' unlawful conduct, Plaintiffs have suffered, and continue to suffer, among other items, substantial damages, injury, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

57. Defendants engaged in a pattern and practice of unlawful discrimination, harassment, and retaliation.

58. Defendants engaged in a continuing violation of law.

59. Defendants are jointly and severally liable for the unlawful conduct alleged herein.

60. Plaintiffs are entitled to the relief sought herein.

## COUNT ONE

### (TITLE VII)

61.  Plaintiffs repeat and reallege every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as though fully set forth herein.

62.  This Count is brought under Title VII, 42 U.S.C. § 2000e et seq. and reference is made to Title VII in its entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-3(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

63.  At all relevant times, the Company was an employer within the meaning of Title VII.

64. At all relevant times, each Plaintiff was an employee within the meaning of Title VII.

65.  Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of sex, race, color and national origin, and unlawful retaliation, in violation of Title VII.

66.  Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiffs' protected rights to be free from discrimination, harassment, and retaliation.

67.  As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without

limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiffs are entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company under Title VII.

68.   As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.   Plaintiffs are entitled to recover damages for such injuries from the Company under Title VII.

## COUNT TWO

### (SECTION 1981)

69.   Plaintiffs repeat and reallege every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.   This Count is brought under Section 1981, 42 U.S.C. § 1981 et seq. and reference is made to Section 1981 in its entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

71.   Defendants' conduct, as alleged herein, constituted unlawful discrimination against Plaintiffs in the "making, performance, modification, and termination of contracts, and the

enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," in violation of Section 1981.

72.  Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the Section 1981.

73.  Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiffs' rights to be free from discrimination and retaliation.

74.  As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiffs are entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendants under Section 1981.

75.  As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.  Plaintiffs are entitled to recover damages for such injuries from Defendants under Section 1981.

## COUNT THREE

### (NYSHRL)

76.   Plaintiffs repeat and reallege every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.   This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 292(6), 296, 296(1), 296(1)(a), 296(1)(e), 296(3-a)(c), 296(6), 296(7), and 297(9).

78.   At all relevant times, each Defendant was an employer within the meaning of the NYSHRL.  Defendants Lesort and Blech were also agents of Deep Blue Group and Opia.  At all relevant times, each Plaintiff was an employee within the meaning of the NYSHRL, and a person within the meaning of the NYSHRL.

79.   Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of sex, race, color, and national origin, and unlawful retaliation, in violation of the NYSHRL.

80.   Each Defendant is liable for the unlawful conduct herein both as an "employer" under NYSHRL § 296(1) and under the "aiding and abetting" provision of NYSHRL § 296(6).

81.   As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without

limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiffs are entitled to recover monetary and other damages and relief, from Defendants under the NYSHRL.

82.  As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.  Plaintiffs are entitled to recover damages for such injuries from Defendants under the NYSHRL.

## COUNT FOUR

### (NYCHRL)

83.  Plaintiffs repeat and reallege every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as though fully set forth herein.

84.  This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), and 8-502.

85.  At all relevant times herein, each Defendant was an employer, covered entity and a person within the meaning of the

NYCHRL.  Defendants Lesort and Blech were also agents of Deep Blue Group and Opia.  At all relevant times herein, each Plaintiff was a person within the meaning of the NYCHRL.

86.  Defendants' conduct, as alleged herein, constituted "unlawful discriminatory practices" and unlawful discrimination on the basis of sex, race, color, and national origin, and unlawful retaliation, in violation of the NYCHRL.

87.  Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiffs' protected rights to be free from discrimination and harassment, and retaliation.

88.  Each Defendant is liable for the unlawful conduct herein both as an "employer" under NYCHRL § 8-107(1) and under the "aiding and abetting" provision of NYCHRL § 8-107(6).

89.  As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

90.  As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting

-17-

embarrassment and humiliation.  Plaintiffs are entitled to recover damages for such injuries from Defendants under the NYCHRL.

91.  Plaintiffs are entitled to recover monetary damages and other damages and relief, punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## COUNT FIVE

### (LABOR LAW)

92.  Plaintiffs repeat and reallege every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as though fully set forth herein.

93.  This Count is brought under the Labor Law, N.Y. Lab. L. §§ 190-199, 215, 650-665, and applicable New York State Codes, Rules and Regulations, and reference is made to the Labor Law in its entirety and to N.Y. Lab. L. §§ 190(2), 190(3), 193, 196-d, 198(1), 198(1-a), 215, 651(5), 651(6), 663(1), 12 N.Y.C.R.R. § 137-2.5, 12 N.Y.C.R.R. § 137-3.2, 12 N.Y.C.R.R. § 142-2.10, and 12 N.Y.C.R.R. § 142-2.16.

94.  At all relevant times, each Defendant was an employer and each Plaintiff was an employee within the meaning of the Labor Law and the wage orders promulgated thereunder.

95.  Defendants made unlawful deductions from Plaintiffs' wages.  Defendants unlawfully appropriated tip monies and deducted monies from Plaintiffs' wages.  The deductions from

Plaintiffs' wages were unauthorized and unlawful under the Labor Law and the wage orders promulgated thereunder.

96.  Defendants unlawfully constructively discharged Ms. Ba in violation of the Labor Law including Labor Law § 215.

97.  Defendants' conduct, as alleged herein, violates the Labor Law.  As a direct result of Defendants' unlawful conduct, Plaintiffs have suffered substantial monetary damages, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs.

98.  Defendants' unlawful conduct, as alleged herein, was willful within the meaning of the Labor Law and in reckless disregard of the requirements imposed by the Labor Law.  Because Defendants' violation of the Labor Law was willful, Plaintiffs are entitled to recover liquidated damages from Defendants.

99.  As a result of Defendants' unlawful conduct, each Plaintiff has suffered monetary damages attributable to:  (1) unpaid wages;  (2) lost interest; and (3) attorneys' fees and costs.  Each Plaintiff is entitled to recover from Defendants all available relief and damages, including without limitation monetary damages, liquidated damages, and attorneys' fees and costs, under the Labor Law.  Ms. Ba is also entitled to recover all damages and relief provided by Labor Law § 215.

-19-

100. Plaintiffs reserve the right to amend this Complaint to add claims for additional violations of applicable wage and hour laws, including without limitation claims for overtime pay.

**COUNT SIX**

**(FLSA)**

101. Plaintiffs repeat and reallege every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as though fully set forth herein.

102. This Count is brought under the FLSA, 29 U.S.C. § 201 et seq. and reference is made to the FLSA in its entirety, to all applicable regulations, and to 29 U.S.C. §§ 203(d), 203(e), 203(m), 206, 207, 215(a)(2), 215(a)(3), 216(b), 255, and 255(a).

103. At all relevant times, Deep Blue Group/Opia was and is engaged in an industry affecting interstate commerce and was and is an employer within the meaning of the FLSA, and each Plaintiff was an employee of Defendants under the FLSA.  Defendants Lesort and Blech were also employers under the FLSA, which defines employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."

104. Defendants made unlawful deductions from Plaintiffs' wages.  Defendants unlawfully appropriated tip monies and deducted monies from Plaintiffs' wages.  The deductions from Plaintiffs' wages were unauthorized and unlawful under the FLSA Law and the regulations promulgated thereunder.

105. As a result of Defendants' conduct, as alleged herein, Defendants are not entitled to any tip credit under the FLSA.

106. Defendants failed to pay Plaintiffs wages and, in fact, minimum wages required by the FLSA.

107. Defendants' conduct, as alleged herein, violates the FLSA. As a direct result of Defendants' unlawful conduct, Plaintiffs have suffered substantial monetary damages, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs.

108. Defendants' unlawful conduct, as alleged herein, was willful within the meaning of the FLSA and in reckless disregard of the requirements imposed by the FLSA. Because Defendants' violation of the FLSA was willful, Plaintiffs are entitled to recover liquidated damages from Defendants.

109. As a result of Defendants' unlawful conduct, each Plaintiff has suffered monetary damages attributable to: (1) unpaid wages; (2) lost interest; and (3) attorneys' fees and costs. Each Plaintiff is entitled to recover from Defendants all available relief and damages, including without limitation monetary damages, liquidated damages, and attorneys' fees and costs, under the FLSA.

110. Plaintiffs reserve the right to amend this Complaint to add claims for additional violations of applicable wage and hour laws, including without limitation claims for overtime pay.

-21-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment as follows:

(A)  On Count One, enter a judgment declaring the acts and practices of Defendants Deep Blue Group LLC and Opia to be in violation of Title VII;

(B)  On Count One, award each Plaintiff as against Defendants Deep Blue Group LLC and Opia reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(C)  On Count One, award each Plaintiff as against Defendants Deep Blue Group LLC and Opia consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(D)  On Count One, award each Plaintiff as against Defendants Deep Blue Group LLC and Opia compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(E)  On Count One, award each Plaintiff as against Defendants Deep Blue Group LLC and Opia punitive damages;

-22-

(F)   On Count One, award each Plaintiff as against Defendants Deep Blue Group LLC and Opia the cost of this action, together with reasonable attorneys' fees;

(G)   On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of Section 1981;

(H)   On Count Two, award each Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(I)   On Count Two, award each Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(J)   On Count Two, award each Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(K)   On Count Two, award each Plaintiff as against Defendants punitive damages;

(L)  On Count Two, award each Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees;

(M)  On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL;

(N)  On Count Three, award each Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(O)  On Count Three, award each Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(P)  On Count Three, award each Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(Q)  On Count Four, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL;

(R)  On Count Four, award each Plaintiff as against Defendants reinstatement and the amount of wages, including

-24-

without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(S)  On Count Four, award each Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(T)  On Count Four, award each Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(U)  On Count Four, award each Plaintiff as against Defendants punitive damages;

(V)  On Count Four, award each Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees;

(W)  On Count Five, enter a judgment declaring the acts and practices of Defendants to be in violation of the Labor Law;

(X)  On Count Five, award each Plaintiff as against Defendants the amount of wages due, including without limitation monies unlawfully appropriated from tips and deducted from wages;

(Y)  On Count Five, award each Plaintiff as against Defendants liquidated damages in an amount equal to twenty-five percent of the unpaid wages award;

(Z)  On Count Five, award each Plaintiff as against Defendants lost interest;

(AA) On Count Five, award each Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees;

(BB) On Count Five, award each Plaintiff as against Defendants the amount of $50;

(CC) On Count Five, award Ms. Ba all additional damages, monies and other relief provided under Labor Law § 215, including without limitation reinstatement with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees, and any other damages and relief provided thereunder;

(DD) On Count Six, enter a judgment declaring the acts and practices of Defendants to be in violation of the FLSA;

(EE) On Count Six, award Plaintiffs as against Defendants the amount of unpaid wages due and owing to Plaintiffs;

(FF) On Count Six, award Plaintiffs as against Defendants liquidated damages in an amount equal to one-hundred percent (100%) of the award for unpaid wages;

(GG) On Count Six, award Plaintiffs as against Defendants lost interest;

(HH) On Count Six, award Plaintiffs as against Defendants the cost of this action, together with attorneys' fees; and

(II) Grant each Plaintiff such other and further relief as may be necessary and proper.

### JURY DEMAND

Plaintiffs demand a jury trial for all issues triable.

Dated:    New York, New York
          June 2, 2008

                              GOLDBERG & FLIEGEL LLP

                    By:  _Kenneth A. Goldberg_____
                         Kenneth A. Goldberg (KG 0295)
                         60 East 42nd Street, Suite 3421
                         New York, New York 10165
                         (212) 983-1077
                         Attorneys for Plaintiffs