Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

BEATRIZ VEERMAN AND KHADIJETOU          :      **1:08-CV-05042-WHP**
("KADIA") BA,
                                        :
          Plaintiffs,                          **FIRST AMENDED COMPLAINT AND JURY**
                                        :      **DEMAND**
        - against -
                                        :      **JURY TRIAL DEMANDED**
DEEP BLUE GROUP LLC, OPIA,
FREDERICK LESORT, AND ANTOINE          :
BLECH (a/k/a Antoine Bleck),
                                        :
          Defendants.
                                        :
- - - - - - - - - - - - - - x


## NATURE OF THE ACTION AND THE PARTIES

1.    This is an action to redress unlawful discrimination
based on sex, race, color, and national origin, unlawful
harassment, unlawful retaliation, and unlawful employment
practices, under Title VII of the Civil Rights Act of 1964, as
amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Civil
Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981
et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y.
Exec. L. § 290 et seq., and the New York City Human Rights Law,
(the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.  Plaintiffs
also have claims for violations of applicable wage and hour laws,

including the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law (the "Labor Law"), see, e.g., N.Y. Lab. L. §§ 190-199, 215.

2. Plaintiff Beatriz Veerman ("Ms. Veerman") is an adult female, residing in Astoria, New York, and a former employee of Defendants.

3. Plaintiff Khadijetou Ba ("Ms. Ba") is an adult female, residing in Bronx, New York, and a former employee of Defendants.

4. According to public records, Defendant Deep Blue Group LLC is a domestic limited liability company with a business address at 130 East 57th Street, New York, New York 10022.

5. Defendant Opia is a restaurant/lounge with a business address at 130 East 57th Street, New York, New York 10022. Opia has a website at www.opiarestaurant.com.

6. Upon information and belief, Deep Blue Group LLC and Opia are alter egos and instrumentalities of each other. Opia and Deep Blue Group LLC are individually and collectively referred to herein as the "Company."

7. Frederick Lesort is an adult male and, upon information and belief, he resides in New York, New York.

8. Antoine Blech (a/k/a Antoine Bleck) is an adult male and, upon information and belief, he resides in Westchester County, New York.

-2-

9.    Defendants Lesort and Blech are co-owners of the Company.  According to public records, Frederick Lesort is the registered agent of Deep Blue Group LLC.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over Plaintiffs' claims pursuant to Title VII, 42 U.S.C. § 2000e-5(f), Section 1981, 42 U.S.C. § 1981, 1981a, 1988, the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, 1343, 1367(a) and 2201.

11.    Venue is proper in this district pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3), the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1391.

12.    Plaintiffs filed timely charges of discrimination, harassment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").  Plaintiffs requested that EEOC issue Notice of Right To Sue letters.  On or about March 7, 2008, the EEOC mailed Notice of Right To Sue letters to Plaintiffs.

13.    Plaintiffs timely filed this lawsuit on June 2, 2008. Plaintiffs have mailed a copy of this Complaint to the New York City Commission Of Human Rights and the New York City Corporation Counsel.

14.    Plaintiffs have satisfied all of the statutory prerequisites to filing this action with this Court.

15.    Each Plaintiff seeks an award of appropriate relief.

-3-

## FACTS

### Ms. Veerman

16.  Ms. Veerman was employed by the Company as a waitress (sometimes referred to as a server) from March 2005 through approximately May 14, 2007, when she was unlawfully discharged.

17.  Ms. Veerman is a Black, born in Brazil.  Thus, her race and color are "Black" and her national origin is Brazilian. At all times, Ms. Veerman was fully qualified for her position.

18.  During Ms. Veerman's employment, she was repeatedly sexually harassed by Mr. Lesort.  The conduct included, among other items, unlawful touching, unlawful sexual advances, unlawful statements, and harassing and discriminatory statements. Examples are set forth below.

19.  Mr. Lesort repeatedly touched Ms. Veerman in a sexual manner.  He touched Ms. Veerman's private parts.  He kissed Ms. Veerman and touched her breasts.  He repeatedly approached Ms. Veerman at the Opia restaurant and touched her back and shoulders in a sexual manner.

20.  Mr. Lesort repeatedly made sexual statements to Ms. Veerman, repeatedly made sexual advances to Ms. Veerman, and repeatedly pursued her in a sexual manner.  He repeatedly asked Ms. Veerman out both in person and on the telephone.  He repeatedly asked Ms. Veerman to have a relationship with him.  He

-4-

repeatedly leered and stared at Ms. Veerman at the Opia
restaurant in a sexual manner.

21.  Mr. Lesort repeatedly made comments about Ms. Veerman's
private parts.  He repeatedly made sexual comments to Ms.
Veerman, such as "Beatriz, do you work out?  I can tell you do by
looking at your legs."  He approached Ms. Veerman at the Opia
restaurant and said to her in a sexual manner "are you married"
and "I want to make sure you are not yet married."

22.  In or about April 2007, Mr. Lesort asked Ms. Veerman
for a date.

23.  Mr. Lesort's conduct was unwelcome and offensive and
Ms. Veerman opposed, objected to and complained about same.  Ms.
Veerman complained to Mr. Lesort and managers Thadez, Luciano and
Nicholas, about Mr. Lesort's conduct, and rejected Mr. Lesort's
sexual advances.

24.  Ms. Veerman also complained to Ms. Ba and other
employees about Mr. Lesort's conduct.  Ms. Ba witnessed Mr.
Lesort sexually harass Ms. Veerman at the Opia restaurant.

25.  Defendants unlawfully discharged Ms. Veerman's
employment in May 2007.  In doing so, Defendants discriminated
against Ms. Veerman based upon her sex, race, color, and national
origin, and unlawfully retaliated her for engaging in protected
activities.  Ms. Veerman suffered the adverse employment action
of discharge because of her race, color, national origin and

-5-

because she engaged in protected activities within the meaning of
applicable law.

### Ms. Ba

26.  Ms. Ba was employed by the Company as a waitress
(sometimes referred to as a server) from November 2005 through
approximately March 17, 2007, when she was unlawfully
constructively discharged.

27.  Ms. Ba is a Black, born in Africa.  Thus, her race and
color are "Black" are her national origin is African.  At all
times, Ms. Ba was fully qualified for her position.

28.  During Ms. Ba's employment, she was repeatedly sexually
harassed by Mr. Blech.  The conduct included, among other items,
unlawful touching, unlawful sexual advances, unlawful statements,
and harassing and discriminatory statements.  Examples are set
forth below.

29.  Mr. Blech repeatedly touched Ms. Ba in a sexual manner.
He repeatedly touched Ms. Ba's private parts, including Ms. Ba's
breasts, buttocks and legs.  He repeatedly approached Ms. Ba at
work and then touched Ms. Ba's shoulders, arms and buttocks.

30.  Mr. Blech repeatedly made sexual statements to Ms. Ba,
repeatedly made sexual advances to Ms. Ba, and repeatedly pursued
Ms. Ba in a sexual manner.

31.  Mr. Blech repeatedly asked Ms. Ba for sex.

-6-

32.  Mr. Blech repeatedly referred to Ms. Ba as "la
gazelle," "la tigresse," "ma puce" and "ma cherie."

33.  Mr. Blech repeatedly stared and leered at Ms. Ba at the
Opia restaurant in a sexual manner.

34.  Mr. Blech repeatedly made comments about Ms. Ba's
private parts, including Ms. Ba's breasts, buttocks and legs.

35.  Mr. Blech repeatedly asked Ms. Ba out both in person
and on the telephone.  He often called Ms. Ba during work, after
work and on Ms. Ba's days off to ask her out.  In addition, when
he called Ms. Ba on her days off, he often asked Ms. Ba sexual
questions such as "what are you wearing."

36.  Mr. Blech's conduct was unwelcome and offensive and Ms.
Ba opposed, objected to and complained about same.  Ms. Ba
complained to Mr. Blech about his conduct and rejected his sexual
advances.

37.  Ms. Ba also complained to Ms. Veerman and other
employees about Mr. Blech's conduct.

38.  Ms. Veerman witnessed Mr. Blech sexually harass Ms. Ba
at the Opia restaurant.  Jimena Pereyra, General Manager, told
Ms. Veerman that Mr. Blech liked Ms. Ba.  Ms. Veerman understood
that he was referring to "like" in a sexual manner.  Thadez, then
a manager, told Plaintiffs that Mr. Lesort liked Ms. Veerman's
legs and Mr. Blech had a "crush" on Ms. Ba.

-7-

39. On or about March 17, 2007, Defendants told Ms. Ba that a party of about 10 customers that Ms. Ba had served on January 13, 2007 had failed to pay a bill of approximately $569.96. Defendants told Ms. Ba that she had to personally pay that bill and made it clear to her that she had to do so to keep her job.

40. Ms. Ba had done nothing wrong and so advised Defendants. On January 13, 2007, Ms. Ba had served a party of about 10 customers at "Table 231" and their bill was approximately $569.96. They gave Ms. Ba a credit card to pay the bill and Ms. Ba gave them a credit card slip to sign. The customers did not dispute the bill, but simply left the Opia restaurant without signing the credit card slip.

41. Ms. Ba opposed, objected to and complained about Defendants' wrongful demand that she personally pay a customer bill. Defendants refused to change their position. Defendants, by their unlawful conduct, unlawfully constructively discharged Ms. Ba's employment. In doing so, Defendants discriminated against Ms. Ba based upon her sex, race, color, and national origin, and unlawfully retaliated her for engaging in protected activities, and, as discussed below, Defendants conduct also violated applicable wage and hour laws. Ms. Ba suffered the adverse employment action of constructive discharge because of her race, color, national origin and because she engaged in protected activities within the meaning of applicable law.

-8-

## Additional Incidents

42.   Defendants allowed their male friends/customers to
sexually harass Plaintiffs both verbally and through physical
touching, and Defendants even demanded that Plaintiffs give their
phone numbers to those male friends/customers.

43.   Defendants treated Plaintiffs differently than
waitresses outside their protected classes and accorded
preferential treatment to such other waitresses.  Defendants also
discriminated against Plaintiffs based on their race, color and
national origin by, among other items, making discriminatory
statements, denying Plaintiffs desirable work schedules, and
giving better schedules to waitresses outside Plaintiffs'
classes, including waitresses that are not Black, not born in
Brazil and/or not born in Africa.  Defendants even told
Plaintiffs that they were "too dark".  Plaintiffs complained to
Defendants about these matters.

44.   Defendants allowed managers to violate Plaintiffs'
rights.  Jimena Pereyra, General Manager, struck Ms. Veerman on
the head.  Daniel, the Bar Manager, threw a glass at Ms. Ba.

45.   Defendants also unlawfully appropriated tip monies and
deducted monies from Plaintiffs' wages.

46.   Defendants unlawfully discriminated against Plaintiffs
regarding, among other items, compensation, terms, conditions and
privileges of employment, and employment opportunities,

-9-

unlawfully harassed them, unlawfully sexually harassed them, unlawfully discharged (or constructively discharged) them, because of their sex, race, color, and national origin.

47.  Defendants ignored Plaintiffs' opposition to, objections to and/or complaints about unlawful discrimination and harassment, failed to investigate and take appropriate remedial action, failed to stop the unlawful conduct, and continued to engage in such unlawful conduct.

48.  Defendants unlawfully retaliated against Plaintiffs and unlawfully discharged (or constructively discharged) them because they engaged in protected activity and opposed, objected to and/or complained of discrimination and harassment.

49.  The discrimination and harassment was severe and pervasive, adversely affected the terms, conditions and privileges of Plaintiffs' employment, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

50.  Tolerance of unlawful discrimination and harassment was a term and condition of Plaintiffs' employment, and Plaintiffs' suffered adverse tangible employment actions because they refused to acquiesce to that conduct and protested such conduct. Plaintiffs were victims of "quid pro quo" harassment.

51. Defendants' proffered reason for their conduct was a pretext for unlawful discrimination, unlawful discharge (or constructive discharge) and unlawful retaliation.

52. Defendants' unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiffs' protected rights to be free from unlawful discrimination, harassment and retaliation.

53. Defendants knew or should have known of the unlawful discrimination, harassment and retaliation against Plaintiffs.

54. Defendants authorized unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiffs. The employees who engaged in unlawful conduct were unfit and Defendants were reckless and/or negligent in employing them.

55. Defendants failed to exercise reasonable care to prevent and correct unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiffs.

56. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

57. Upon information and belief: (a) Defendants discriminated against and/or harassed other employees; (b) one or more other employees opposed, objected to and/or complained about discrimination and/or harassment; and (c) Defendants retaliated

-11-

against one or more other employees who objected to, opposed and/or complained about discrimination and/or harassment.

58.  As a result of Defendants' unlawful conduct, Plaintiffs have suffered, and continue to suffer, among other items, substantial damages, injury, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

59.  Defendants engaged in a pattern and practice of unlawful discrimination, harassment, and retaliation.

60.  Defendants engaged in a continuing violation of law.

61.  Defendants are jointly and severally liable for the unlawful conduct alleged herein.

62.  Plaintiffs are entitled to the relief sought herein.

### COUNT ONE

### (TITLE VII)

63.  Plaintiffs repeat and reallege every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as though fully set forth herein.

64.  This Count is brought under Title VII, 42 U.S.C. § 2000e et seq. and reference is made to Title VII in its entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-3(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

-12-

65.  At all relevant times, the Company was an employer within the meaning of Title VII.

66. At all relevant times, each Plaintiff was an employee within the meaning of Title VII.

67.  Defendants' conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of sex, race, color and national origin, and unlawful retaliation, in violation of Title VII.

68.  Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiffs' protected rights to be free from discrimination, harassment, and retaliation.

69.  As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiffs are entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company under Title VII.

70.  As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering,

-13-

inconvenience, loss of enjoyment of life, and lasting
embarrassment and humiliation. Plaintiffs are entitled to
recover damages for such injuries from the Company under Title
VII.

### COUNT TWO

### (SECTION 1981)

71.  Plaintiffs repeat and reallege every allegation in
paragraphs 1 through 70 of this Complaint with the same force and
effect as though fully set forth herein.

72.  This Count is brought under Section 1981, 42 U.S.C. §
1981 et seq. and reference is made to Section 1981 in its
entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

73.  Defendants' conduct, as alleged herein, constituted
unlawful discrimination against Plaintiffs in the "making,
performance, modification, and termination of contracts, and the
enjoyment of all benefits, privileges, terms, and conditions of
the contractual relationship," in violation of Section 1981.

74.  Defendants' conduct, as alleged herein, constituted
unlawful retaliation in violation of the Section 1981.

75.  Defendants' conduct, as alleged herein, was carried out
with malice or reckless disregard for Plaintiffs' rights to be
free from discrimination and retaliation.

76. As a result of Defendants' unlawful conduct, each
Plaintiff has suffered and continues to suffer injury, with

-14-

resulting monetary and other damages, including without
limitation lost wages, lost back pay and front pay, lost bonuses,
lost benefits, lost interest and attorneys' fees and costs.
Plaintiffs are entitled to recover such monetary and other
damages, punitive damages, interest, and attorneys' fees and
costs from Defendants under Section 1981.

77.  As a further result of Defendants' unlawful conduct,
each Plaintiff has suffered and continues to suffer, among other
items, impairment and damage to her good name and reputation,
emotional distress, mental anguish, emotional pain, suffering,
inconvenience, loss of enjoyment of life, and lasting
embarrassment and humiliation.  Plaintiffs are entitled to
recover damages for such injuries from Defendants under Section
1981.

### COUNT THREE

#### (NYSHRL)

78.  Plaintiffs repeat and reallege every allegation in
paragraphs 1 through 77 of this Complaint with the same force and
effect as though fully set forth herein.

79.  This Count is brought under the NYSHRL, N.Y. Exec. L. §
290 et seq. and reference is made to the NYSHRL in its entirety
and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 292(6), 296, 296(1),
296(1)(a), 296(1)(e), 296(3-a)(c), 296(6), 296(7), and 297(9).

80.  At all relevant times, each Defendant was an employer within the meaning of the NYSHRL.  Defendants Lesort and Blech were also agents of Deep Blue Group and Opia.  At all relevant times, each Plaintiff was an employee within the meaning of the NYSHRL, and a person within the meaning of the NYSHRL.

81.  Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of sex, race, color, and national origin, and unlawful retaliation, in violation of the NYSHRL.

82.  Each Defendant is liable for the unlawful conduct herein both as an "employer" under NYSHRL § 296(1) and under the "aiding and abetting" provision of NYSHRL § 296(6).

83.  As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiffs are entitled to recover monetary and other damages and relief, from Defendants under the NYSHRL.

84.  As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting

-16-

embarrassment and humiliation. Plaintiffs are entitled to recover damages for such injuries from Defendants under the NYSHRL.

## COUNT FOUR

### (NYCHRL)

85. Plaintiffs repeat and reallege every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as though fully set forth herein.

86. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), and 8-502.

87. At all relevant times herein, each Defendant was an employer, covered entity and a person within the meaning of the NYCHRL. Defendants Lesort and Blech were also agents of Deep Blue Group and Opia. At all relevant times herein, each Plaintiff was a person within the meaning of the NYCHRL.

88. Defendants' conduct, as alleged herein, constituted "unlawful discriminatory practices" and unlawful discrimination on the basis of sex, race, color, and national origin, and unlawful retaliation, in violation of the NYCHRL.

89. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiffs' protected

-17-

rights to be free from discrimination and harassment, and retaliation.

90. Each Defendant is liable for the unlawful conduct herein both as an "employer" under NYCHRL § 8-107(1) and under the "aiding and abetting" provision of NYCHRL § 8-107(6).

91. As a result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs.

92. As a further result of Defendants' unlawful conduct, each Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiffs are entitled to recover damages for such injuries from Defendants under the NYCHRL.

93. Plaintiffs are entitled to recover monetary damages and other damages and relief, punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

-18-

### COUNT FIVE

### (LABOR LAW)

94.  Plaintiffs repeat and reallege every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as though fully set forth herein.

95.  This Count is brought under the Labor Law, N.Y. Lab. L. §§ 190-199, 215, 650-665, and applicable New York State Codes, Rules and Regulations, and reference is made to the Labor Law in its entirety and to N.Y. Lab. L. §§ 190(2), 190(3), 193, 196-d, 198(1), 198(1-a), 215, 651(5), 651(6), 663(1), 12 N.Y.C.R.R. § 137-2.5, 12 N.Y.C.R.R. § 137-3.2, 12 N.Y.C.R.R. § 142-2.10, and 12 N.Y.C.R.R. § 142-2.16.

96.  At all relevant times, each Defendant was an employer and each Plaintiff was an employee within the meaning of the Labor Law and the wage orders promulgated thereunder.

97.  Defendants made unlawful deductions from Plaintiffs' wages.  Defendants unlawfully appropriated tip monies and deducted monies from Plaintiffs' wages.  The deductions from Plaintiffs' wages were unauthorized and unlawful under the Labor Law and the wage orders promulgated thereunder.

98.  Defendants unlawfully constructively discharged Ms. Ba in violation of the Labor Law including Labor Law § 215.

99.  Defendants' conduct, as alleged herein, violates the Labor Law.  As a direct result of Defendants' unlawful conduct,

-19-

Plaintiffs have suffered substantial monetary damages, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs.

100. Defendants' unlawful conduct, as alleged herein, was willful within the meaning of the Labor Law and in reckless disregard of the requirements imposed by the Labor Law. Because Defendants' violation of the Labor Law was willful, Plaintiffs are entitled to recover liquidated damages from Defendants.

101. As a result of Defendants' unlawful conduct, each Plaintiff has suffered monetary damages attributable to: (1) unpaid wages; (2) lost interest; and (3) attorneys' fees and costs. Each Plaintiff is entitled to recover from Defendants all available relief and damages, including without limitation monetary damages, liquidated damages, and attorneys' fees and costs, under the Labor Law. Ms. Ba is also entitled to recover all damages and relief provided by Labor Law § 215.

102. Plaintiffs reserve the right to amend this Complaint to add claims for additional violations of applicable wage and hour laws, including without limitation claims for overtime pay.

### COUNT SIX

#### (FLSA)

103. Plaintiffs repeat and reallege every allegation in paragraphs 1 through 102 of this Complaint with the same force and effect as though fully set forth herein.

-20-

104. This Count is brought under the FLSA, 29 U.S.C. § 201 et seq. and reference is made to the FLSA in its entirety, to all applicable regulations, and to 29 U.S.C. §§ 203(d), 203(e), 203(m), 206, 207, 215(a)(2), 215(a)(3), 216(b), 255, and 255(a).

105. At all relevant times, Deep Blue Group/Opia was and is engaged in an industry affecting interstate commerce and was and is an employer within the meaning of the FLSA, and each Plaintiff was an employee of Defendants under the FLSA. Defendants Lesort and Blech were also employers under the FLSA, which defines employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."

106. Defendants made unlawful deductions from Plaintiffs' wages. Defendants unlawfully appropriated tip monies and deducted monies from Plaintiffs' wages. The deductions from Plaintiffs' wages were unauthorized and unlawful under the FLSA Law and the regulations promulgated thereunder.

107. As a result of Defendants' conduct, as alleged herein, Defendants are not entitled to any tip credit under the FLSA.

108. Defendants failed to pay Plaintiffs wages and, in fact, minimum wages required by the FLSA.

109. Defendants' conduct, as alleged herein, violates the FLSA. As a direct result of Defendants' unlawful conduct, Plaintiffs have suffered substantial monetary damages, including

-21-

without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs.

110. Defendants' unlawful conduct, as alleged herein, was willful within the meaning of the FLSA and in reckless disregard of the requirements imposed by the FLSA. Because Defendants' violation of the FLSA was willful, Plaintiffs are entitled to recover liquidated damages from Defendants.

111. As a result of Defendants' unlawful conduct, each Plaintiff has suffered monetary damages attributable to:  (1) unpaid wages;  (2) lost interest; and (3) attorneys' fees and costs.  Each Plaintiff is entitled to recover from Defendants all available relief and damages, including without limitation monetary damages, liquidated damages, and attorneys' fees and costs, under the FLSA.

112. Plaintiffs reserve the right to amend this Complaint to add claims for additional violations of applicable wage and hour laws, including without limitation claims for overtime pay.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment as follows:

(A)  On Count One, enter a judgment declaring the acts and practices of Defendants Deep Blue Group LLC and Opia to be in violation of Title VII;

(B)  On Count One, award each Plaintiff as against Defendants Deep Blue Group LLC and Opia reinstatement and the

-22-

amount of wages, including without limitation back pay, front
pay, bonuses, benefits, and interest lost as a result of
Defendants' unlawful discrimination, unlawful harassment and
unlawful retaliation;

(C) On Count One, award each Plaintiff as against
Defendants Deep Blue Group LLC and Opia consequential damages for
losses resulting from Defendants' unlawful discrimination,
unlawful harassment and unlawful retaliation;

(D) On Count One, award each Plaintiff as against
Defendants Deep Blue Group LLC and Opia compensatory damages for,
among other items, injury, impairment and damage to her good name
and reputation, emotional distress, mental anguish, emotional
pain, suffering, inconvenience, loss of enjoyment of life,
lasting embarrassment and humiliation, and other pecuniary and
nonpecuniary losses;

(E) On Count One, award each Plaintiff as against
Defendants Deep Blue Group LLC and Opia punitive damages;

(F) On Count One, award each Plaintiff as against
Defendants Deep Blue Group LLC and Opia the cost of this action,
together with reasonable attorneys' fees;

(G) On Count Two, enter a judgment declaring the acts and
practices of Defendants to be in violation of Section 1981;

(H) On Count Two, award each Plaintiff as against
Defendants reinstatement and the amount of wages, including

-23-

without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(I)  On Count Two, award each Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(J)  On Count Two, award each Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(K)  On Count Two, award each Plaintiff as against Defendants punitive damages;

(L)  On Count Two, award each Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees;

(M)  On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL;

(N)  On Count Three, award each Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and

interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(O)  On Count Three, award each Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(P)  On Count Three, award each Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(Q)  On Count Four, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL;

(R)  On Count Four, award each Plaintiff as against Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(S)  On Count Four, award each Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(T)  On Count Four, award each Plaintiff as against
Defendants compensatory damages for, among other items, injury,
impairment and damage to her good name and reputation, emotional
distress, mental anguish, emotional pain, suffering,
inconvenience, loss of enjoyment of life, lasting embarrassment
and humiliation, and other pecuniary and nonpecuniary losses;

(U)  On Count Four, award each Plaintiff as against
Defendants punitive damages;

(V)  On Count Four, award each Plaintiff as against
Defendants the cost of this action, together with reasonable
attorneys' fees;

(W)  On Count Five, enter a judgment declaring the acts and
practices of Defendants to be in violation of the Labor Law;

(X)  On Count Five, award each Plaintiff as against
Defendants the amount of wages due, including without limitation
monies unlawfully appropriated from tips and deducted from wages;

(Y)  On Count Five, award each Plaintiff as against
Defendants liquidated damages in an amount equal to twenty-five
percent of the unpaid wages award;

(Z)  On Count Five, award each Plaintiff as against
Defendants lost interest;

(AA) On Count Five, award each Plaintiff as against
Defendants the cost of this action, together with reasonable
attorneys' fees;

-26-

(BB) On Count Five, award each Plaintiff as against Defendants the amount of $50;

(CC) On Count Five, award Ms. Ba all additional damages, monies and other relief provided under Labor Law § 215, including without limitation reinstatement with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees, and any other damages and relief provided thereunder;

(DD) On Count Six, enter a judgment declaring the acts and practices of Defendants to be in violation of the FLSA;

(EE) On Count Six, award Plaintiffs as against Defendants the amount of unpaid wages due and owing to Plaintiffs;

(FF) On Count Six, award Plaintiffs as against Defendants liquidated damages in an amount equal to one-hundred percent (100%) of the award for unpaid wages;

(GG) On Count Six, award Plaintiffs as against Defendants lost interest;

(HH) On Count Six, award Plaintiffs as against Defendants the cost of this action, together with attorneys' fees; and

(II) Grant each Plaintiff such other and further relief as may be necessary and proper.

## JURY DEMAND

Plaintiffs demand a jury trial for all issues triable.

Dated:      New York, New York
            December 5, 2008

                              GOLDBERG & FLIEGEL LLP

                   By: *Kennett a. Holdlee*

                       Kenneth A. Goldberg (KG 0295)
                       60 East 42nd Street, Suite 3421
                       New York, New York 10165
                       (212) 983-1077
                       Attorneys for Plaintiffs