THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

BEATRIZ VEERMAN AND KHADIJETOU
("KADIA") BA,

                Plaintiffs,

       - against –

DEEP BLUE GROUP LLC, OPIA,
FREDERICK LESORT AND ANTOINE
BLECH (a/k/a Antoine Bleck)

                Defendants.

Index No. 08 CV 5042

Hon. William H. Pauley III

---

Defendants DEEP BLUE GROUP LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (a/k/a Antoine Bleck) (hereinafter "Defendants") by their attorneys Leonard Zack & Associates, as and for its answer to the complaint allege as follows:

**PRELIMINARY STATEMENT**

1.     Defendants deny each and every allegation contained in paragraph 1 of the complaint and avers that Plaintiffs purport to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981 et seq., the New York States Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code §8-101 et seq., the Fair Labor Standards Act of 1939 (the "FLSA"), 29 U.S.C. §201 et seq., and the New York State Labor Law (the "Labor Law"), see, e.g. N.Y. Lab. L. §§190-199, 215.

2.     Defendants states that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2".

1

3.      Defendants states that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3".

4.      Defendants admit the allegations contained in paragraph "4".

5.      Defendants admit the allegations contained in paragraph "5".

6.      Defendants aver that the allegations contained in paragraph "6" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "6" contains factual allegations, Defendants deny each and every allegation.

7.      Defendants admit the allegations contained in paragraph "7".

8.      Defendants admit the allegations contained in paragraph "8".

9.      Defendants aver that the allegations contained in paragraph "9" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "9" contains factual allegations, Defendants deny each and every allegation.

## JURISDICTION AND VENUE

10.     Defendants aver that the allegations contained in paragraph "10" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "10" contains factual allegations, Defendants deny each and every allegation.

11.     Defendants aver that the allegations contained in paragraph "11" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "11" contains factual allegations, Defendants deny each and every allegation.

12. Defendants aver that the allegations contained in paragraph "12" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "12" contains factual allegations, Defendants deny each and every allegation.

13. Defendants aver that the allegations contained in paragraph "13" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "13" contains factual allegations, Defendants deny each and every allegation.

14. Defendants aver that the allegations contained in paragraph "14" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "14" contains factual allegations, Defendants deny each and every allegation.

15. Defendants aver that the allegations contained in paragraph "15" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "15" contains factual allegations, Defendants deny each and every allegation.

## FACTS

16. Defendants deny each and every allegation contained in paragraph "16".

17. Defendants states that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17".

18. Defendants aver that the allegations contained in paragraph "18" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "18" contains factual allegations, Defendants deny each and every allegation.

19. Defendants deny each and every allegation contained in paragraph "19".

20. Defendants deny each and every allegation contained in paragraph "20".

21. Defendants deny each and every allegation contained in paragraph "21".

22. Defendants deny each and every allegation contained in paragraph "22".

23. Defendants deny each and every allegation contained in paragraph "23".

24. Defendants deny each and every allegation contained in paragraph "24".

25. Defendants aver that the allegations contained in paragraph "25" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "25" contains factual allegations, Defendants deny each and every allegation.

26. Defendants deny each and every allegation contained in paragraph "26".

27. Defendants states that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27".

28. Defendants aver that the allegations contained in paragraph "28" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "28" contains factual allegations, Defendants deny each and every allegation

29. Defendants deny each and every allegation contained in paragraph "29".

30. Defendants deny each and every allegation contained in paragraph "30".

31. Defendants deny each and every allegation contained in paragraph "31".

32. Defendants deny each and every allegation contained in paragraph "32".

33. Defendants deny each and every allegation contained in paragraph "33".

34. Defendants deny each and every allegation contained in paragraph "34".

35. Defendants deny each and every allegation contained in paragraph "35".

36.    Defendants deny each and every allegation contained in paragraph "36".

37.    Defendants deny each and every allegation contained in paragraph "37".

38.    Defendants deny each and every allegation contained in paragraph "38".

39.    Defendants deny each and every allegation contained in paragraph "39".

40.    Defendants deny each and every allegation contained in paragraph "40".

41.    Defendants aver that the allegations contained in paragraph "41" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "41" contains factual allegations, Defendants deny each and every allegation.

42.    Defendants deny each and every allegation contained in paragraph "42".

43.    Defendants aver that the allegations contained in paragraph "43" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "43" contains factual allegations, Defendants deny each and every allegation.

44.    Defendants aver that the allegations contained in paragraph "44" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "44" contains factual allegations, Defendants deny each and every allegation.

45.    Defendants aver that the allegations contained in paragraph "45" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "45" contains factual allegations, Defendants deny each and every allegation

46.    Defendants aver that the allegations contained in paragraph "46" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "46" contains factual allegations, Defendants deny each and every allegation.

54. Defendants aver that the allegations contained in paragraph "54" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "54" contains factual allegations, Defendants deny each and every allegation.

55. Defendants aver that the allegations contained in paragraph "55" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "55" contains factual allegations, Defendants deny each and every allegation.

56. Defendants aver that the allegations contained in paragraph "56" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "56" contains factual allegations, Defendants deny each and every allegation.

57. Defendants aver that the allegations contained in paragraph "57" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "57" contains factual allegations, Defendants deny each and every allegation.

58. Defendants aver that the allegations contained in paragraph "58" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "58" contains factual allegations, Defendants deny each and every allegation.

59. Defendants aver that the allegations contained in paragraph "59" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "59" contains factual allegations, Defendants deny each and every allegation.

60. Defendants aver that the allegations contained in paragraph "60" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "60" contains factual allegations, Defendants deny each and every allegation.

61.     Defendants aver that the allegations contained in paragraph "61" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "61" contains factual allegations, Defendants deny each and every allegation

62.     Defendants aver that the allegations contained in paragraph "62" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "62" contains factual allegations, Defendants deny each and every allegation.

**IN ANSWER TO THE FIRST CAUSE OF ACTION BY PLAINTIFFS VEERMAN AND BA AGAINST DEFENDANTS DEEP BLUE GROUP, LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (Title VII)**

63.     Defendants deny each and every allegation contained in paragraph "63".

64.     Defendants avers that Plaintiffs purport to bring this first cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and reference is made to Title VII in its entirety and to 42 U.S.C §§2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-3(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. §1981a.

65.     Defendants aver that the allegations contained in paragraph "65" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "65" contains factual allegations, Defendants deny each and every allegation.

66.     Defendants aver that the allegations contained in paragraph "66" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "66" contains factual allegations, Defendants deny each and every allegation.

67.     Defendants aver that the allegations contained in paragraph "67" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "67" contains factual allegations, Defendants deny each and every allegation.

68. Defendants aver that the allegations contained in paragraph "68" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "68" contains factual allegations, Defendants deny each and every allegation.

69. Defendants aver that the allegations contained in paragraph "69" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "69" contains factual allegations, Defendants deny each and every allegation.

70. Defendants aver that the allegations contained in paragraph "70" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "70" contains factual allegations, Defendants deny each and every allegation.

**IN ANSWER TO THE SECOND CAUSE OF ACTION BY PLAINTIFFS VEERMAN AND BA AGAINST DEFENDANTS DEEP BLUE GROUP, LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (Section 1981)**

71. Defendants deny each and every allegation contained in paragraph "71".

72. Defendants avers that Plaintiffs purport to bring this second cause of action pursuant to Section 1981, 42 U.S.C. §1981 et seq. and reference is made to Section 1981 in its entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

73. Defendants aver that the allegations contained in paragraph "73" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "73" contains factual allegations, Defendants deny each and every allegation.

74. Defendants aver that the allegations contained in paragraph "74" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "74" contains factual allegations, Defendants deny each and every allegation.

9

75. Defendants aver that the allegations contained in paragraph "75" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "75" contains factual allegations, Defendants deny each and every allegation.

76. Defendants aver that the allegations contained in paragraph "76" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "76" contains factual allegations, Defendants deny each and every allegation.

77. Defendants aver that the allegations contained in paragraph "77" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "77" contains factual allegations, Defendants deny each and every allegation.

**IN ANSWER TO THE THIRD CAUSE OF ACTION BY PLAINTIFFS VEERMAN AND BA AGAINST DEFENDANTS DEEP BLUE GROUP, LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (NYSHRL)**

78. Defendants deny each and every allegation contained in paragraph "78".

79. Defendants avers that Plaintiffs purport to bring this third cause of action pursuant to the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 292(6), 296, 296(1), 296(1)(a), 296(1)(e), 296(3-a)(c), 296(6), 296(7) and 297(9).

80. Defendants aver that the allegations contained in paragraph "80" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "80" contains factual allegations, Defendants deny each and every allegation.

81. Defendants aver that the allegations contained in paragraph "81" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "81" contains factual allegations, Defendants deny each and every allegation.

82. Defendants aver that the allegations contained in paragraph "82" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "82" contains factual allegations, Defendants deny each and every allegation.

83. Defendants aver that the allegations contained in paragraph "83" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "83" contains factual allegations, Defendants deny each and every allegation.

84. Defendants aver that the allegations contained in paragraph "84" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "84" contains factual allegations, Defendants deny each and every allegation.

**IN ANSWER TO THE FOURTH CAUSE OF ACTION BY PLAINTIFFS VEERMAN AND BA AGAINST DEFENDANTS DEEP BLUE GROUP, LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (NYCHRL)**

85. Defendants deny each and every allegation contained in paragraph "85".

86. Defendants avers that Plaintiffs purport to bring this fourth cause of action pursuant to the NYCHRL, N.Y.C. Admin. Code §8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7) and 8-502.

87. Defendants aver that the allegations contained in paragraph "87" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "87" contains factual allegations, Defendants deny each and every allegation.

88. Defendants aver that the allegations contained in paragraph "88" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "88" contains factual allegations, Defendants deny each and every allegation.

89. Defendants aver that the allegations contained in paragraph "89" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "89" contains factual allegations, Defendants deny each and every allegation.

90. Defendants aver that the allegations contained in paragraph "90" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "90" contains factual allegations, Defendants deny each and every allegation.

91. Defendants aver that the allegations contained in paragraph "91" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "91" contains factual allegations, Defendants deny each and every allegation.

92. Defendants aver that the allegations contained in paragraph "92" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "92" contains factual allegations, Defendants deny each and every allegation.

93. Defendants aver that the allegations contained in paragraph "93" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "93" contains factual allegations, Defendants deny each and every allegation.

**IN ANSWER TO THE FIFTH CAUSE OF ACTION BY PLAINTIFFS VEERMAN AND BA AGAINST DEFENDANTS DEEP BLUE GROUP, LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (Labor Law)**

94. Defendants deny each and every allegation contained in paragraph "94".

95. Defendants avers that Plaintiffs purport to bring this fifth cause of action pursuant to the Labor Law, N.Y. Lab. L. §§190-199, 215, 650-665, and applicable New York State Codes, Rules and Regulations and reference is made to the Labor Law in its entirety and to N.Y. Lab. L. §§

190(2), 190(3), 193, 196-d, 198(1), 198(1-a), 215, 651(5), 651(6), 663(1), 12 N.Y.C.R.R. §137-2.5, 12 N.Y.C.R.R. §137-3.2, 12 N.Y.C.R.R. §142-2.10 and 12 N.Y.C.R.R. §142-2.16.

96.     Defendants aver that the allegations contained in paragraph "96" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "96" contains factual allegations, Defendants deny each and every allegation.

97.     Defendants aver that the allegations contained in paragraph "97" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "97" contains factual allegations, Defendants deny each and every allegation.

98.     Defendants aver that the allegations contained in paragraph "98" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "98" contains factual allegations, Defendants deny each and every allegation.

99.     Defendants aver that the allegations contained in paragraph "99" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "99" contains factual allegations, Defendants deny each and every allegation.

100.    Defendants aver that the allegations contained in paragraph "100" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "100" contains factual allegations, Defendants deny each and every allegation.

101.    Defendants aver that the allegations contained in paragraph "101" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "101" contains factual allegations, Defendants deny each and every allegation.

102.    Defendants aver that the allegations contained in paragraph "102" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "102" contains factual allegations, Defendants deny each and every allegation.

### IN ANSWER TO THE SIXTH CAUSE OF ACTION BY PLAINTIFFS VEERMAN AND BA AGAINST DEFENDANTS DEEP BLUE GROUP, LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (FLSA)

103.    Defendants deny each and every allegation contained in paragraph "103".

104.    Defendants avers that Plaintiffs purport to bring this sixth cause of action pursuant to the FLSA, 29 U.S.C. §201 et seq. and reference is made to the FLSA in its entirety, to all applicable regulations, and to 29 U.S.C. §§203(d), 203(e), 203(m), 206, 207, 215(a)(2), 215(a)(3), 216(b), 255, and 255(a).

105.    Defendants aver that the allegations contained in paragraph "105" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "105" contains factual allegations, Defendants deny each and every allegation.

106.    Defendants aver that the allegations contained in paragraph "106" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "106" contains factual allegations, Defendants deny each and every allegation.

107.    Defendants aver that the allegations contained in paragraph "107" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "107" contains factual allegations, Defendants deny each and every allegation.

108. Defendants aver that the allegations contained in paragraph "108" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "108" contains factual allegations, Defendants deny each and every allegation.

109. Defendants aver that the allegations contained in paragraph "109" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "109" contains factual allegations, Defendants deny each and every allegation.

110. Defendants aver that the allegations contained in paragraph "110" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "110" contains factual allegations, Defendants deny each and every allegation.

111. Defendants aver that the allegations contained in paragraph "111" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "111" contains factual allegations, Defendants deny each and every allegation.

112. Defendants aver that the allegations contained in paragraph "112" of the complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph "112" contains factual allegations, Defendants deny each and every allegation.

## JURY DEMAND

113. Defendants aver that Plaintiffs demand a trial by jury of all causes of action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

114. The complaint fails to state a cause of action against Defendants DEEP BLUE GROUP LLC, OPIA, FREDERICK LESORT AND ANTOINE BLECH (a/k/a Antoine Bleck) upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

115.  The instant action is barred by plaintiff's unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

116.  Defendants contend Plaintiffs claims are barred by the doctrine of laches. Specifically, to the extent harm was suffered Defendants were not promptly notified of the harm.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

117.  Defendants allege that Plaintiffs failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

118.  Defendants allege provisionally and conditionally that if Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct, neglect and fault of Plaintiff and/or parties other than Defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

119.  Plaintiffs are estopped by its conduct from maintaining this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

120.  The complaint, and each claim set forth therein, is barred because at all times relevant Defendants acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendants at the time they acted.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

121.  The Complaint, and each claim set forth therein, is barred because Defendants's conduct is protected by the managerial privilege and/or that all actions taken with respect to Plaintiff was

undertaken and exercised with proper managerial discretion, with good cause, and for proper, lawful reasons.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

122. The Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

123. Defendants allege that Plaintiff is not entitled to recover any punitive damages because: (1) Plaintiffs failed to plead facts sufficient to support the recovery of punitive damages; (2) Defendants committed no act justifying an award of punitive damages; and (3) Defendants did not engage in any discriminatory practice with malice or reckless indifference to the rights of Plaintiffs.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

124. Defendants allege that the provisions of New York law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendants' rights to due process and equal protection under the law pursuant to both the United States and New York Constitutions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

125. Defendants allege that the Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiffs was undertaken by reason of business necessity and/or for lawful business reasons.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

126. Some or all of the claims are barred by the failure to exhaust administrative remedies in a timely manner.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

127. Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to avoid harm otherwise.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

128. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Defendants affirm that they took prompt and effective action to remedy any such acts and therefore have no liability for them.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

129. Upon Plaintiff's allegations of discrimination and/or harassment, Defendants took prompt and appropriate corrective action and exercised reasonable care to prevent and promptly correct any allegedly discriminatory behavior against Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

130. Plaintiffs' claims are barred to the extent that they relate to allegations not asserted in the Charges of Discrimination filed with the Equal Employment Opportunity Commission.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

131. Plaintiffs' claims are barred as they unreasonably failed to timely report the allegations of harassment or to otherwise take advantage of preventive or corrective opportunities provided by Defendants or to otherwise avoid alleged harm.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

132.  To the extent Plaintiffs have alleged to have suffered any emotional distress, it was not caused by any unlawful conduct by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request judgment as follows:

(a) Dismissing plaintiffs' requests for judgment in paragraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), (s), (t), (u), (v), (w), (x), (y), (z), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), (ii).

(b) Dismissing the entire complaint;

(c) Awarding Defendants its costs and disbursements associated with this action, including reasonable attorney's fees and;

(d) Awarding Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 15, 2008

Leonard Zack & Associates

By _/s/ Leonard Zack_

Leonard Zack, Esq.(LZ8144)
*Attorneys for the Defendants*
110 East 55th Street, 14th floor
New York, New York 10022
(212) 754-4050 tel.
(212) 759-8890 fax.

19