Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
BEATRIZ VEERMAN AND KHADIJETOU
("KADIA") BA,

              Plaintiffs,    :

          - against -      :    **1:08-CV-05042-LAB**

DEEP BLUE GROUP LLC, OPIA,   :
FREDERICK LESORT, AND ANTOINE
BLECH (a/k/a Antoine Bleck),   :

          Defendants.    :

- - - - - - - - - - - - - - - - - x

## PROPOSED JURY INSTRUCTIONS

    Plaintiffs and Defendants jointly submit the following proposed joint requests to charge (Section I), Plaintiffs' proposed requests to charge for which no consent of the opposing party has been given (Section II), and Defendants' proposed requests to charge for which no consent of the opposing party has been given (Section III).

    The parties reserve the right to amend or supplement the requests based upon proof adduced at trial and issues as framed by the Court and the parties, or as otherwise appropriate.

Dated:    May 19, 2010
         New York, New York

                   Respectfully submitted,

                   GOLDBERG & FLIEGEL LLP
                   By: /s/ Kenneth A. Goldberg
                   Kenneth A. Goldberg (KG0295)
                   60 East 42nd Street #3421
                   New York, New York 10165
                   Attorneys For Plaintiffs

## **SECTION I**

**PRELIMINARY JURY INSTRUCTION NO. __**   (On Consent)

**Separate Parties and Claims**

You should decide the case as to each plaintiff and each defendant separately.

Unless otherwise stated, the instructions apply to all parties.


Source: <u>Ninth Circuit Model Civil Jury Instructions</u>, 1.5.

**PRELIMINARY JURY INSTRUCTION NO. __** (On Consent)

**Employee Witnesses**

You have heard testimony from several witnesses who were, or who still are, employed by the Defendant restaurant and/or Frederick Lesort and Antoine Blech. The employment of these witnesses, and the testimony you have heard of their relationships with the Defendants, may be considered by you in deciding whether their testimony is in any way influenced by their employment relationship.

Source: New York Pattern Jury Instructions (Civil), 3d. ed. ("PJI"), 1:92

**PRELIMINARY JURY INSTRUCTION NO. __** (On Consent)

**Liability of Business Entity**

When a company is involved, as Defendant restaurant is here, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of the company may bind the entity by his acts and statements made while acting within the scope of his authority at the company, or within the scope of his duties as an employee of the company.

In this case, the Defendant restaurant acts through managerial and supervisory employees. This would include, for example, the Frederick Lesort and Antoine Blech, managers, associate managers, and assistant managers.

Therefore, if you find that Frederick Lesort, Antoine Blech, a manager or supervisor of Defendant restaurant acted in a certain way, you will also find that Defendant restaurant has acted in that way.

Source: Adapted from McNamara, Todd J. and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> (2009) § 1:1111, <u>citing</u> <u>Reed v. Cracker Barrel Old Country Store, Inc.</u>, 171 F.Supp. 2d 741, 744 (M.D. Tenn. 2001).

**PRELIMINARY JURY INSTRUCTION NO. __** (On Consent)

**Damages**

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of a Plaintiff on a claim against a Defendant for sex-based harassment or hostile work environment, or for race, color or national origin-based harassment, hostile work environment or discharge, or for retaliation, or for aiding or abetting unlawful conduct.  The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide.

Source: McNamara, Todd J. and J. Alfred Southerland, Federal Employment Jury Instructions (2009) § 1:2015, citing Standing Orders, Jury Instructions - Title VII Discrimination, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia; 42 U.S.C. § 2000e-5; 42 U.S.C. § 1981; 42 U.S.C. § 1981a; N.Y. Exec. Law § 297; N.Y.C. Admin. Code § 8-502.

**PRELIMINARY JURY INSTRUCTION NO. __** (On Consent)

**Lost Earnings**

If you find for a Plaintiff on a claim against a Defendant sex-based

harassment or hostile work environment, or for race, color or national origin-based

harassment, hostile work environment or discharge, or for retaliation, or for aiding

or abetting unlawful conduct, she is entitled damages from that Defendant for that

claim, including back pay and lost benefits that she would have earned if the

Defendant had not acted unlawfully and prejudgment interest on that amount, as

well as lost future earnings and benefits. Uncertainties about the amount of lost

compensation to be awarded should be resolved in the Plaintiff's favor.


Source: Broadnax v. City of New Haven, 415 F.3d 265, 272 (2d Cir. 2005) (back
and front pay awards may be determined by jury); Dailey v. Generale, 889 F. Supp.
108, 111-12 (S.D.N.Y. 1995) (jury calculations on back pay damages and
prejudgment interest binding on Court); McIntyre v. Manhattan Ford, 256 A.D.2d
269, 682 N.Y.S.2d 167 (1 Dep't 1998); Walsh v. Covenant House, 244 A.D.2d
214, 664 N.Y.S.2d 282 (1 Dep't 1997); Bracker v. Cohen, 204 A.D.2d 115, 612
N.Y.S.2d 113 (1 Dep't 1994); Koyen v. Consolidated Edison Co., 560 F. Supp.
1161, 1169 (S.D.N.Y. 1983); Boodram v. Brooklyn Dev. Ctr., Index No. 5341/98,
2003 N.Y. Misc. LEXIS 1582 (N.Y.City Civ. Ct. 2003) (collecting cases and
recognizing award for future lost earnings and future emotional distress).

**PRELIMINARY JURY INSTRUCTION NO. __** (On Consent)

**Compensatory Damages**

If you find for a Plaintiff against a Defendant on a claim, then you must

determine whether she is entitled to damages in an amount that is fair compensation

for that claim. You may award compensatory damages only for injuries that Plaintiff

proved were caused by Defendant's allegedly wrongful conduct. The damages that

you award must be fair compensation, no more and no less.

You may award compensatory damages for emotional pain and suffering,

inconvenience, and mental anguish if you find that they were caused by the

Defendant's sex-based harassment or hostile work environment, or for race, color or

national origin-based harassment, hostile work environment or discharge, or for

retaliation, or for aiding or abetting unlawful conduct. No evidence of the monetary

value of such intangible things as pain and suffering has been or need be introduced

into evidence. There is no exact standard for fixing the compensation to be

determined for these elements of damage.

Any award you make should be fair in light of the evidence produced at trial.

In determining the amount of damages, you should be guided by dispassionate

common sense. You must use sound discretion in fixing an award of damages,

drawing reasonable inferences from the facts in evidence. You may not award

damages based on sympathy, speculation, or guesswork. On the other hand, the law

does not require that a Plaintiff prove the amount of her losses with mathematical

precision, but only with as much definiteness and accuracy as circumstances permit.

You may not consider the cost to a Plaintiff of hiring an attorney. Those attorneys'

fees are determined by the court, if necessary, and may not be included in your

damages award.

Source: McNamara, Todd J. and J. Alfred Southerland, Federal Employment Jury
Instructions (2009) § 1:2015, citing Standing Orders, Jury Instructions - Title VII
Discrimination, Magistrate Judge John M. Facciola, United States District Court for
the District of Columbia; 42 U.S.C. § 2000e-5; 42 U.S.C. § 1981; 42 U.S.C. §
1981a; N.Y. Exec. Law § 297; N.Y.C. Admin. Code § 8-502.

**PRELIMINARY JURY INSTRUCTION NO. __** (On Consent)

**Punitive Damages**

In addition to actual damages, you award a Plaintiff punitive damages in order to punish the Defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of a Plaintiff and against a Defendant for sex-based harassment or hostile work environment, or for race, color or national origin-based harassment, hostile work environment, discharge, or retaliation, or for aiding or abetting such unlawful conduct, and if you find by the preponderance of the evidence that the defendant's action was motivated by evil motive or intent or that defendant was callously indifferent to the Plaintiff's rights, then, in addition to any other damages to which you find the Plaintiff entitled on that claim, you may, but are not required to, award the Plaintiff an additional amount as punitive damages if you find it is appropriate to punish the Defendant or deter the defendant and others from like conduct in the future. Whether to award the Plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

Source: <u>Draft Model Jury Instructions (Civil) Eighth Circuit</u> §5.22C (2004);  <u>Smith v. Wade</u>, 461 U.S. 30 (1983) (§ 1981 punitive damages); N.Y.C. Admin Code § 8-502(a).

INSTRUCTION NO. ____

JUROR ATTENTIVENESS [1] (on consent)

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

---

[1] (4-78 Modern Federal Jury Instructions-Civil P 71-1).

01476930.DOC /

INSTRUCTION NO. ____

ROLE OF THE COURT [2] (on consent)

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

---

[2] (4-78 Modern Federal Jury Instructions-Civil P 71-2).

01476930.DOC /

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

INSTRUCTION NO. ____

ROLE OF THE JURY[3] (on consent)


As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

---

[3] (4-78 Modern Federal Jury Instructions-Civil P 71-3).


01476930.DOC /

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the (plaintiff/defendant) has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

INSTRUCTION NO. ____

JUROR OATH [4] (on consent)


In determining the facts, you are reminded that you took an oath to render

judgment impartially and fairly, without prejudice or sympathy and without fear,

solely upon the evidence in the case and the applicable law. I know that you will

do this and reach a just and true verdict.

---

[4] (4-78 Modern Federal Jury Instructions-Civil P 71-4).

INSTRUCTION NO. _____

JURY TO DISREGARD COURT'S VIEW [5] (on consent)


I have not expressed nor have I intended to intimate any opinion as to which

witnesses are or are not worthy of belief, what facts are or are not established, or

what inference or inferences should be drawn from the evidence. If any expression

of mine has seemed to indicate an opinion relating to any of these matters, I

instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the

questions of fact submitted to you and of the credibility of the witnesses. Your

authority, however, is not to be exercised arbitrarily; it must be exercised with

sincere judgment, sound discretion, and in accordance with the rules of law which I

give you. In making your determination of the facts in this case, your judgment

must be applied only to that which is properly in evidence. Arguments of counsel

are not in evidence, although you may give consideration to those arguments in

making up your mind on what inferences to draw from the facts which are in

evidence.


From time to time the court has been called upon to pass upon the admissibility of

---

[5] (4-78 Modern Federal Jury Instructions-Civil P 71-5).


01476930.DOC /

certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

INSTRUCTION NO. _____

CONDUCT OF COUNSEL[6] (on consent)

It is the duty of the attorney on each side of a case to object when the other side

offers testimony or other evidence which the attorney believes is not properly

admissible. Counsel also have the right and duty to ask the court to make rulings of

law and to request conferences at the side bar out of the hearing of the jury. All

those questions of law must be decided by me, the court. You should not show any

prejudice against an attorney or his client because the attorney objected to the

admissibility of evidence, or asked for a conference out of the hearing of the jury

or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless

expressly stated by me, indicate any opinion as to the weight or effect of such

evidence. You are the sole judges of the credibility of all witnesses and the weight

and effect of all evidence.

---

[6] (4-78 Modern Federal Jury Instructions-Civil P 71-6).

01476930.DOC /

INSTRUCTION NO. ____

IMPROPER CONSIDERATIONS- MATTERS THE JURY MAY NOT

CONSIDER (on consent)

**Race, Religion, National Origin, Sex or Age[7]**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

---

[7] (4-78 Modern Federal Jury Instructions-Civil P 71-9).

01476930.DOC /

INSTRUCTION NO.

EQUAL PARTIES BEFORE THE LAW [8] (on consent)


You must perform your duties as jurors without bias or prejudice as to any party.

The law does not permit you to be governed by sympathy, prejudice or public

opinion. All parties expect that you will carefully and impartially consider all of

the evidence, follow the law as it is now being given to you, and reach a just

verdict, regardless of the consequences. You should consider and decide this case

as a dispute between parties of equal standing in the community and of equal

worth. The fact that one of the defendants in this case is a Company must not affect

your decision. All persons and entities are equal before the law, and Companies are

entitled to the same fair, impartial and conscientious consideration by you as any

individual is entitled to receive.


---

[8] 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 103.12 (5th ed. 2001) (as modified); Adapted from 3E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions - Civil, § 71.01 (4th ed. 1987).

01476930.DOC /

INSTRUCTION NO.

SYMPATHY[9] (on consent)

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I give it to you, without regard to the consequences of your decision.

No party to this lawsuit is entitled to any sympathy, nor is any party to this lawsuit entitled to any favor or special consideration. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to any lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict. You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.

---

[9] O'Malley, Grenig and Lee, Federal Jury Practice and Instructions §§ 103.11-12 (5th ed. 2000); 4 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil ¶ 71.01, Instruction 71-10.

INSTRUCTION NO.

WHAT IS AND IS NOT EVIDENCE[10] (on consent)

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

---

[10] (4-78 Modern Federal Jury Instructions-Civil P 74-1).

01476930.DOC /

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

INSTRUCTION NO.

DIRECT AND CIRCUMSTANTIAL EVIDENCE[11] (on consent)

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses--something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with

---

[11] (4-78 Modern Federal Jury Instructions-Civil P 74-2).

01476930.DOC /

a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

INSTRUCTION NO.

IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS[12] (on consent)


You have heard evidence that at some earlier time a witness, other than a party to

this action, has made statements in the past that are inconsistent with his or her

testimony during the trial concerning facts that are at issue here. Evidence of a

prior inconsistent statement by someone who is not a party, that is not the plaintiffs

or the defendants, is not to be considered by you as affirmative evidence in

determining liability. Evidence of a prior inconsistent statement was placed before

you for the more limited purpose of helping you decide whether to believe the trial

testimony of the witness who earlier contradicted him/herself. If you find that the

witness made an earlier statement that conflicts with his/her trial testimony, you

may consider that fact in deciding how much of his/her trial testimony, if any, to

believe.


In making this determination, you may consider whether the witness purposely

made a false statement or whether it was an innocent mistake; whether the

inconsistency concerns an important fact or whether it had to do with a small

---

[12] Hon. Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 76.01 [11, Instruction
76-5 (1998); 3 Hon. Edward J. Devitt et al., Federal Jury Practice and Instructions § 73.09 (4th
ed. 1987

01476930.DOC /

detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Where, however, the witness is the Plaintiff or one of the Defendants in this case, and by a prior statement has admitted some fact or facts against his or her interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness.

01476930.DOC /

INSTRUCTION NO.

MITIGATION OF DAMAGES [13] (on consent)


You are instructed that any person who claims damages as a result of an alleged

wrongful act of another has a duty under the law to use reasonable diligence under

the circumstances to "mitigate," or minimize, those damages. The law imposes on

an injured person the duty to take advantage of reasonable opportunities he may

have to prevent the aggravation of his injuries, so as to reduce or minimize the loss

or damage.


If you find the defendant is liable and that the plaintiff has suffered damages, the

plaintiff may not recover for any item of damage he could have avoided through

such reasonable effort. If the plaintiff unreasonably failed to take advantage of an

opportunity to lessen his damages, you should deny recovery for those damages

which he would have avoided had he taken advantage of the opportunity.


Bear in mind that the question whether the plaintiff acted "reasonably" with respect

to the mitigation of damages is one for you to decide, as sole judges of the facts.

Although the law will not allow an injured plaintiff to sit idly by when presented

---

[13] **4-77 Modern Federal Jury Instructions-Civil P 77.01**

01476930.DOC /

with an opportunity to mitigate, this does not imply that the law requires an injured

plaintiff to exert himself unreasonably or incur unreasonable expense in an effort

to mitigate, and it is defendant's burden of proving that the damages reasonably

could have been avoided. In deciding whether to reduce plaintiff's damages due to

some failure to mitigate, therefore, you must weigh all the evidence in light of the

particular circumstances of the case, using sound discretion in deciding whether

the defendant has satisfied his burden of proving that the plaintiff's conduct was

not reasonable.

**SECTION II**

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed-Charge–No Defendants' Consent)

**Opening Instruction**

In this case, the Plaintiffs are Beatriz Veerman and Kadia Ba.

In this case, the Defendants are Deep Blue Group, LLC and Opia – whom together I will refer to as the Defendant company or the Defendant restaurant – and the individuals Frederick Lesort and Antoine Blech.

[Insert joint statement of the case]

Plaintiffs are represented by Kenneth A. Goldberg.  Defendants are represented by Linda Fridegotto.

You will decide whether each Plaintiff has proven her claims under the law by a preponderance of the evidence.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you retire to deliberate at the close of the case, you should give careful attention to the testimony and evidence presented for your consideration. Bear in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all the

testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law. While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not proper. You should not show prejudice against an attorney or their client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by a witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reasons. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly at times.

Source: Adapted from 3 E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury practice and Instructions -- Civil</u>, § 70.01 (4th ed. 1987)

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed-Charge–No Defendants' Consent)

**Burden of Proof**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: <u>Ninth Circuit Model Civil Jury Instructions</u>, 1.3; <u>accord</u> <u>In Re MTBE Products Liability Litigation</u>, 643 F. Supp.2d 446 (S.D.N.Y. 2009), <u>citing</u> <u>Jarrett v. Madifari</u>, 415 N.Y.S.2d 644, 649 (1st Dep't 1979) <u>and</u> <u>Wilson v. Johns-Manville Sales Corp.</u>, 684 F.2d 111, 119 (D.C. Cir. 1982) ("more likely than not" is "a greater than 50% chance"); <u>see also</u> <u>Chambers v. TRM Copy Centers Corp.</u>, 43 F.3d 29, 37 (2d Cir. 1994) (Title VII standard of proof is preponderance of the evidence).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed Charge–No Defendants' Consent)

**Sexual Harassment–Quid Pro Quo (NYCHRL, NYSHRL, Title VII)**

Each Plaintiff claims that she was treated less well than other employees because of her sex by Defendant restaurant, as well as by Defendants Frederick Lesort and Antoine Blech.  Specifically, she claims that because of her sex she was subject to a manager or supervisor's sexual harassment, sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature and that the Defendant restaurant took adverse tangible employment action against her for declining or refusing those advances.

Source:  N.Y.C. Admin. Code § 8-107(1); N.Y.C. Admin. Code § 8-107(13)(a), (b) N.Y. Exec. Law § 296(1); N.Y.C. Admin. Code §§ 8-107(1)(a), (13); Williams v. N.Y. City Hous. Auth., 61 A.D.3d 62, 71-75 (1st Dep't 2009), lv. denied  3 N.Y.3d 702 (2009) (under NYCHRL "the primary issue for a trier of fact in harassment cases, as in other terms and conditions cases, is whether the plaintiff has proven by a preponderance of the evidence that she has been treated less well than other employees because of her gender").

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Sexual Harassment–Quid Pro Quo (NYCHRL, NYSHRL, Title VII)**

In order to succeed on this claim against Defendant restaurant, Plaintiff must

persuade you, by a preponderance of the evidence, the following occurred.

First, that Antoine Blech, Frederick Lesort or other manager or supervisor of

Defendant restaurant subjected her to unwelcome sexual advances that were

sexually motivated because of sex; and

Second, her rejection of the advances affected a tangible aspect of her

employment—in other words, that were it not for her rejection of the advances, she

would not have been discharged.

An advance is unwelcome if it is uninvited and offensive or unwanted.

Plaintiff need not show that her rejection of the advances was the only or

predominant factor that motivated Defendant. In fact, you may decide that other

factors were involved as well in Defendant's decision-making process. In that event,

in order for you to find for Plaintiff, you must find that she has proven that, although

there were other factors, she would not have been discharged without her rejection

of the advances.

Plaintiff is not required to produce direct evidence of unlawful motive. You

may infer knowledge and/or motive as a matter of reason and common sense from

the existence of other facts, for example, explanations that were given that you find

were really pretextual. "Pretextual" means false or, though true, not the real reason

for the action taken.


Source: 42 U.S.C. § 2000e-2; N.Y. Exec. Law § 296(1); N.Y.C. Admin. Code §§
8-107(1)(a), (13); McNamara, Todd J. and J. Alfred Southerland, Federal
Employment Jury Instructions (2009) § 1:821, citing Proposed Civil Pattern Jury
Instructions – Employment Discrimination (Disparate Treatment), Judge Hornby,
United States District Court, District of Maine, §2.1 (2004).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed
Charge–No Defendants' Consent)

**Sexual Harassment–Quid Pro Quo–Individual Liability (NYCHRL, NYSHRL)**

You must then determine whether Defendant Frederick Lesort or Antoine

Blech are each personally liable for the conduct that I just described. You may find

such person personally liable if by a preponderance of the evidence you find that he

participated in the conduct giving rise to the claim that I just described, or attempted

to aid or abet – or did aid or abet– such conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim"); Peck v Sony  Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Sexual Harassment–Hostile Work Environment (NYCHRL)**

You may also find for a Plaintiff against Defendant restaurant if you find, by a

preponderance of the evidence, that Frederick Lesort, Antoine Blech or other

manager or supervisor subjected her because of her gender to sexual advances,

requests for sexual conduct, or other verbal or physical conduct of a sexual nature

that altered the conditions of her employment; that the conduct was unwelcome; that

such conduct created a sexually abusive or hostile work environment; that she

perceived the working environment to be sexually abusive or hostile; and a

reasonable woman in the plaintiff's circumstances would consider the working

environment to be abusive or hostile.

An advance is unwelcome if it is uninvited and offensive or unwanted.


Source:  42 U.S.C. § 2000e-2; N.Y. Exec. Law § 296(1); N.Y.C. Admin. Code §§
8-107(1)(a), (13);  Williams v. N.Y. City Hous. Auth., 61 A.D.3d 62, 71-75 (1st
Dep't 2009), lv. denied 3 N.Y.3d 702 (2009) (rejecting Title VII "severe or
pervasive" standard fo hostile work environment claims under the NYCHRL);
McNamara, Todd J. and J. Alfred Southerland, Federal Employment Jury
Instructions (2009) § 1:810 (harassment), citing Faragher v. City of Boca Raton,
118 S. Ct. 2275 (1998) and Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257
(1998);  id. at § 1:870 (unwelcome conduct defined), citing Moylan v. Maries
County, 792 F.2d 746, 749 (8th Cir. 1986).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Sexual Harassment–Hostile Work Environment–Individual Liability**

**(NYCHRL)**

You must then determine whether Defendant Frederick Lesort or Antoine

Blech are each personally liable for the conduct that I just described. You may find

such person personally liable if by a preponderance of the evidence you find that he

participated in the conduct giving rise to the claim that I just described, or attempted

to aid or abet – or did aid or abet– such conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim"); Peck v Sony  Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed Charge–No Defendants' Consent)

**Sexual Harassment–Severe and Pervasive Hostile Work Environment (Title VII, NYSHRL)**

If you find for a Plaintiff her claim of hostile work environment, you must then determine by a preponderance of the evidence whether such conduct was sufficiently severe or pervasive that it altered the terms or conditions of her employment. You determination should consider the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, or whether it unreasonably interfered with an employee's work performance.

Source:  Ninth Circuit Model Civil Jury Instructions 10.2A (as modified).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Sexual Harassment–Severe and Pervasive Hostile Work**

**Environment–Individual Liability (NYSHRL)**

You must then determine whether Defendant Frederick Lesort or Antoine

Blech are each personally liable for the conduct that I just described. You may find

such person personally liable if by a preponderance of the evidence you find that he

participated in the conduct giving rise to the claim that I just described, or attempted

to aid or abet – or did aid or abet– such conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim"); Peck v Sony Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed Charge–No Defendants' Consent)

**Race, Color, Nat'l Origin Harassment  (NYCHRL)**

Each Plaintiff's claim for race, color and national origin discrimination is that she was treated less well than other employees based on her race, color and/or national origin.

In order to find for Beatriz Veerman on this claim, you must first determine by a preponderance of the evidence, and I direct you to find, that she is black and was born in Brazil. In order to find for Kadia Ba on this claim, you must first determine by a preponderance of the evidence, and I direct you to find, that she is black and was born in Africa.

You must then determine, by a preponderance of the evidence, two things:

First, you must determine that during the time that the Plaintiff was employed by Defendant restaurant, an employee or agent of her employer subjected her to discriminatory conduct based on her race, color and/or national origin that altered the terms or conditions of her employment.

Second, you must then determine, by a preponderance of the evidence, that a manager or supervisor of the Defendant restaurant either engaged in such conduct or knew of the conduct and that the Defendant restaurant acquiesced in the conduct or failed to take appropriate corrective action.

I direct you to find that Frederick Lesort and Antoine Blech were managers and supervisors at the Defendant restaurant during the term of Plaintiff's employment.

Plaintiff need not show that her race, color and/or national origin was the only or predominant factor that motivated a Defendant's discriminatory conduct. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that she has proven that, although there were other factors, her race, color and/or national origin was a motivating factor for the conduct.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken. An employer does not have to discriminate against all members of a class to illegally discriminate against a given member of that class.


Source:  N.Y.C. Admin. Code §§ 8-107(1)(a), (13)(b); Williams v. N.Y. City Hous. Auth., 61 A.D.3d 62, 71-75 (1st Dep't 2009), lv. denied 3 N.Y.3d 702 (2009) (stating NYCHRL has no Title VII "severe or pervasive" standard and stating "the primary issue for a trier of fact in harassment cases, as in other terms and conditions cases, is whether the plaintiff has proven by a preponderance of the evidence that she has been treated less well than other employees because of her" protected characteristic); McNamara, Todd J. and J. Alfred Southerland, Federal Employment

Jury Instructions (2009) § 1:810 (harassment), citing Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998) and Burlington Industries, Inc. v. Ellerth, 118 S. Ct. 2257 (1998); id. at § 1:870 (unwelcome conduct defined), citing Moylan v. Maries County, 792 F.2d 746, 749 (8th Cir. 1986); Goosby v. Johson & Johnson Med., Inc., 228 F.3d 313, 321 (3d Cir. 2000) (an employer does not have to discriminate against all members of a class to illegally discriminate against a given member of that class).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed
Charge–No Defendants' Consent)

**Race, Color, Nat'l Origin Harassment –Individual Liability (NYCHRL)**

You must then determine whether Defendant Frederick Lesort or Antoine

Blech are each personally liable for the conduct that I just described. You may find

such person personally liable if by a preponderance of the evidence you find that he

participated in the conduct giving rise to the claim that I just described, or attempted

to aid or abet – or did aid or abet– such conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim");  Peck v Sony  Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed Charge–No Defendants' Consent)

**Race, Color, Nat'l Origin Harassment–Severe and Pervasive Hostile Work Environment (Title VII, § 1981, NYSHRL)**

If you determine that during the time that Plaintiff was employed by Defendant restaurant, an employee or agent of her employer who exercised managerial or supervisory responsibility at the restaurant subjected her to discriminatory conduct based on race, color or national origin as I just described, you must then determine by a preponderance of the evidence whether such conduct was sufficiently severe or pervasive that it altered the terms or conditions of her employment and created an abusive working environment. Your determination should consider the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, or whether it unreasonably interfered with an employee's work performance.

Source: 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 1981; Exec. Law § 296(1)(a); Harris v. Forklift Systems, Inc., 510 U. S. 17, 21 (1993)("[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated"); Ninth Circuit Model Civil Jury Instructions 10.2A (as modified).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Race, Color, Nat'l Origin Harassment–Individual Liability (NYSHRL)**

If you find severe or pervasive conduct as I just described, you must then

determine whether Defendant Frederick Lesort or Antoine Blech are each personally

liable for the severe or pervasive conduct that I just described. You may find such

person personally liable if by a preponderance of the evidence you find that he

participated in the conduct giving rise to the claim that I just described.

Source: 42 U.S.C. § 1981; N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code §
8-107(1), (6);  Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting
that N.Y. Exec. Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same
standards); Tomka v. Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other
grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and
Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under
N.Y. Exec. Law § 296(6) means a person with may be sued individually if he
"actually participates in the conduct giving rise to a discrimination claim");  Peck v
Sony  Music Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or
abetting liability does not require Patrowich ownership interest in or supervisory
status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed
Charge–No Defendants' Consent)

**Race, Color, Nat'l Origin Harassment–Individual Liability (NYSHRL)**

You may find such person personally liable as well if by a preponderance of

the evidence you find that he attempted to aid or abet – or did aid or abet– such

conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim"); Peck v Sony  Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed Charge–No Defendants' Consent)

**Discharge and Discrimination (Title VII, § 1981, NYSHRL, NYCHRL)**

Plaintiffs Beatriz Veerman and Kadia Ba each accuse Defendant company and Defendants Frederick Lesort and Antoine Blech of unlawful discharge and discrimination on the basis of race, color and national origin.

In order to find for Beatriz Veerman on this claim, you must first determine her race, color and national origin by a preponderance of the evidence, and I direct you to find that she is black and was born in Brazil. In order to find for Kadia Ba on this claim, you must first determine her race, color and national origin by a preponderance of the evidence, and I direct you to find that she is black and was born in Africa.

First, Plaintiffs Beatriz Veerman and Kadia Ba each accuse Defendant company and Defendants Frederick Lesort and Antoine Blech of unlawfully terminating her employment on the basis of race, color or national origin.

Your verdict must be for a Plaintiff and against a Defendant on her claim of unlawful discharge if all the following elements have been proved by the preponderance of the evidence:

First, the Defendant terminated the employment of the Plaintiff; and

Second, Plaintiff's race, color or national origin was a motivating factor in

Defendant's decision.

However, your verdict must be for defendant if any of the above elements has not been proved by the preponderance of the evidence, or if it has been proved by the preponderance of the evidence that defendant would have decided not to terminate plaintiff regardless of her race, color or national origin.

Plaintiffs Beatriz Veerman and Kadia Ba also each accuse Defendant company and Defendants Frederick Lesort and Antoine Blech of unlawful discrimination by denying her desirable work schedules and giving better schedules to those of other waitresses who were not of her race, color or national origin.

Your verdict must be for a Plaintiff and against a Defendant on her claim of unlawful discrimination if all the following elements have been proved by the preponderance of the evidence:

First, the Defendant denied Plaintiff desirable work schedules of the Plaintiff; and

Second, Plaintiff's race, color or national origin was a motivating factor in Defendant's decision.

However, your verdict must be for defendant if any of the above elements has not been proved by the preponderance of the evidence, or if it has been proved by the preponderance of the evidence that defendant would have decided not to discriminate against plaintiff regardless of her race, color or national origin.

An employer is free to discharge an employee for any nondiscriminatory reason even if its business judgment seems objectively unwise. But you may consider the believability of an explanation in determining whether it is a cover-up or pretext for discrimination.

In order to succeed on the claim of unlawful discrimination and discharge on the basis of race, color and national origin, each Plaintiff must persuade you, by a preponderance of the evidence, that were it not for the race, color or national origin discrimination, she would not have been discharged or discriminated against.

The Plaintiff is not required to produce direct evidence of  unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence--for  example, explanations  that you find were really pretextual.  "Pretextual" means false or, though true, not the real reason for the action taken.


Source: Adapted from Draft Pattern Jury Instructions for Cases of Employment Discrimination (Disparate Treatment)for the District Courts Of the United States Court of Appeals for the First Circuit (Hornby, D.J.)(updated 08-08), § 1.1; Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 and Patterson v. County of Oneida, NY, 375 F.3d 206, 226 (2d Cir. 2004)(§ 1981 individual liability); PJI 9.1 (element that "merely requires plaintiff be a member of a protected group, is not included in the pattern charge inasmuch as this typically does not present a question of fact").

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed Charge–No Defendants' Consent)

**Adverse Inference**

Further, when you are determining whether a Defendant discriminated against a Plaintiff by denying her equal treatment in granting work schedules, you may infer from the fact that the Defendant failed to produce work schedules that the work schedules, had they been available, would have been favorable to the Plaintiff in your determination and harmful to the Defendant in your determination.

Source: 1/18/10 Tr. at p. 7 (adverse inference against the Defendants); Zubulake v. UBS Warburg LLC, 2003 U.S. Dist. LEXIS 18771 (S.D.N.Y. 2003) (spoliation of evidence germane to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction); Residential Funding Corp. v. DeGeorge Financial, 306 F.3d 99 (2nd Cir. 2002) (ordinary negligence is sufficient basis for adverse inference instruction).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Discharge and Discrimination–Individual Liability (NYSHRL, NYCHRL)**

If you find discrimination or discharge as I just described, you must then

determine whether Defendant Frederick Lesort or Antoine Blech are each personally

liable for the conduct that I just described. You may find such person personally

liable if by a preponderance of the evidence you find that he participated in the

conduct giving rise to the claim that I just described.You may find such person

personally liable as well if by a preponderance of the evidence you find that he

attempted to aid or abet – or did aid or abet– such conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim"); Peck v Sony  Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed Charge–No Defendants' Consent)

**Retaliation (Title VII, § 1981, NYSHRL, NYCHRL)**

Each Plaintiff accuses Defendant restaurant and Frederick Lesort and Antoine Blech  of unlawfully retaliating against her for engaging in protected activities, namely, for opposing, objecting to or complaining about unlawful discrimination or harassment based on sex.

Each Plaintiff also accuses Defendant restaurant and Frederick Lesort and Antoine Blech  of unlawfully retaliating against her for engaging in protected activities, namely, for opposing, objecting to or complaining about unlawful discrimination or harassment based on based on color, race and/or national origin. In order to prove illegal retaliation, each Plaintiff must persuade you, by a preponderance of the evidence, (i) that while she was employed at Defendant restaurant she opposed, objected to or complained about unlawful discrimination or harassment, (ii) that she was discharged or that she was denied equal shifts, for her complaints, (iii) that Defendant knew about Plaintiff's opposition, objection or complaints, and (iv) that the Defendant would not have  have denied her equal shifts, or not have discharged her, without her opposition, objection or complaints.

A Plaintiff is not required to prove that her complaints had merit in order to prove the retaliation claim.

In this case, each Plaintiff alleges that Defendant denied her equal shifts, and later discharged her, for opposing, objecting to and complaining about unlawful discrimination and harassment.

Plaintiff need not show that retaliation was the only or predominant factor that motivated a Defendant. In fact, you may decide that other factors were involved as well in a Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that she has proven that, although there were other factors, she would not have been discharged or discriminated against without the complaints.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

An adverse employment action by a owner, manager or supervisor is an action of the employer.

Further, you must determine by a preponderance of the evidence whether Frederick Lesort and Antointe Blech each participated in the retaliation by Defendant restaurant.

Source: 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 1981; <u>CBOCS West, Inc. v. Humphries</u>, 553 U.S. 442, ___ 128 S.Ct. 1951, ___ (2008) (§ 1981 encompasses retaliation); N.Y. Exec. Law § 296(7); N.Y.C. Admin. Code § 8-107(7); McNamara, Todd J. and J. Alfred Southerland, <u>Federal Employment Jury Instructions</u> (2009) § 1:721; <u>Whidbee</u>, 223 F.3d 62, 75 (2d Cir. 2000) (§ 1981 individual liability).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Retaliation: NYSHRL, NYCHRL Employer Individual Liability**

If you find retaliation as I just described, you must then determine whether

Defendant Frederick Lesort or Antoine Blech are each personally liable for the

conduct that I just described. You may find such person personally liable if by a

preponderance of the evidence you find that he participated in the conduct giving

rise to the claim that I just described.You may find such person personally liable as

well if by a preponderance of the evidence you find that he attempted to aid or abet

– or did aid or abet– such conduct.

Source: N.Y. Exec. Law §§ 296(1), (6); N.Y. C. Admin. Code § 8-107(1), (6);
Feingold v. New York, 366 F.3d 138, 158-59 (2d Cir. 2004) (noting that N.Y. Exec.
Law § 296(6) and N.Y.C. Admin. Code § 8-107(6) have same standards); Tomka v.
Seiler, 66 F.3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by
Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 754 (1998), and Faragher v. City of
Boca Raton, 524 U.S. 775, 807 (1998) (aiding or abetting under N.Y. Exec. Law §
296(6) means a person with may be sued individually if he "actually participates in
the conduct giving rise to a discrimination claim"); Peck v Sony  Music
Corporation, 221 A.D.2d 157 (1st Dept 1995) (NYSHRL aiding or abetting liability
does not require Patrowich ownership interest in or supervisory status at employer).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed
Charge–No Defendants' Consent)

**Retaliation (N.Y. Lab. Law § 215)**

Plaintiff Kadia Ba accuses Defendants of unlawfully retaliating against her by
discharging her for engaging in protected activities, namely, for opposing, objecting
or  complaining about Defendants' demand that she pay an unpaid customer bill as
in violation of State labor law. I direct you that it would be a violation of State labor
law to require Ms. Ba to pay an unpaid customer bill.  In order to prove illegal
retaliation, the Plaintiff must persuade you, by a preponderance of the evidence, (i)
that while she was employed by Defendant restaurant, she complained about
Defendants' demand that she pay an unpaid customer bill, (ii) that she was
discharged for complaining, and (iii) that Defendant knew about Plaintiff's
opposition, objection or complaint, and (iv) that Defendant would not have
discharged her in the absence of her complaints.

A Plaintiff is not required to prove that her complaints had merit in order to
prove the retaliation claim.

In this case, Plaintiff Ba alleges that Defendants unlawfully discharged her for
opposing, objecting to and complaining about Defendant's unlawful demand that
she pay an unpaid customer bill in violation of State law.

Plaintiff need not show that retaliation was the only or predominant factor

that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that she has proven that, although there were other factors, she would not have been discharged or without the protected activity.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

An adverse employment action by an owner or supervisor is an action of the employer.

Source: N.Y. Lab. Law § 193,  215; McNamara, Todd J. and J. Alfred Southerland, Federal Employment Jury Instructions (2009) § 1:721, citing Burlington Northern & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2409 (2006); see also  Lu v. Jing Fong Restaurant, Inc.,503 F.Supp.2d 706, 712 (S.D.N.Y. 2007); Kreinik v. Showbran Photo, Inc., No. 02CV1172, 2003 WL 22339268, at *29 2003 U.S. Dist. LEXIS 18276, at *9 (S.D.N.Y. Oct. 10, 2003); Jacques v. DiMarzio, Inc., 200 F.Supp.2d 151, 162 (E.D.N.Y. 2002); Lin v. Great Rose Fashion, Inc., No. 08-cv-4778 (E.D.N.Y. 6-2-2009) (Garaufis, J.); Nicolls v. Brookdale University Hospital and Medical Center, No. 03-CV-6233 (E.D.N.Y. 2004) (Weinstein, J.) at 8; Yu G. Ke. v. Saigon Grill, Inc., 595 F. Supp.2d 240 (S.D.N.Y. 2008) (Dolinger, M.J.) at 50 (under both federal and New York wage law, personal liability may be imposed on "employers"); Warden v. E.R. Squibb & Sons, Inc., 840 F.Supp 203 (E.D.N.Y. 1993) (Dearie, J.).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiffs' Proposed Charge–No Defendants' Consent)

**Misappropriation of Gratuties (N.Y. Lab. Law § 196-d)**

Each Plaintiff accuses Defendants of unlawfully retaining gratuities or tips in violation of state law. In order to prove unlawful retention of tips, Plaintiff must persuade you, by a preponderance of the evidence, that Defendants unlawfully retained gratuities or tips in violation of state law. The statute states in pertinent part: "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." This law makes it unlawful for a restaurant to take away from a restaurant employee, such as a waitress, such as a waitress, and to give the tip moneys to a manager.

Source: N.Y. Lab. Law §§ 196-d, 198; <u>Ayres v. 127 Restaurant Corp.</u>,12 F. Supp.2d 305 (S.D.N.Y. 1998) (Chin, J.).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed
Charge–No Defendants' Consent)

**Misappropriation of Gratuities – Damages and Liquidated Damages (N.Y. Lab.
Law § 196-d)**

If you determine that a Defendant has unlawfully retained a Plaintiff's

gratuities or tips in violation of state law, you will then be asked to determine two

things. First, you will be asked to determine amount that was unlawfully retained.

Second, you will be asked to determine whether the Defendant's act of retaining the

tips was "willful" – that is, whether the act itself was done knowingly, irrespective

of whether it was done in bad faith or malice.

Source: N.Y. Lab. Law §§ 196-d, 198; Maggione v. Bero Const. Corp., 106
Misc.2d 384 (1980) ("willfulness" under § 198 is a question of fact); Ayres v. 127
Restaurant Corp., 12 F. Supp.2d 305 (S.D.N.Y. 1998) (Chin, J.).

**PRELIMINARY JURY INSTRUCTION NO. __** (Plaintiff's' Proposed Charge–No Defendants' Consent)

**Emotional Distress Damages**

There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damage. There is also no requirement that a claim of emotional distress be supported by evidence from a medical or mental health professional who treated the plaintiff.

Source: <u>New York City Transit Auth. v. State Div. of Human Rights</u>, 78 N.Y.2d 207, 216, 577 N.E.2d 40, 573 N.Y.S.2d 49, 54 (1991), on remand, 181 A.D.2d 891, 581 N.Y.S.2d 426 (2d Dep't 1992); <u>Schulman v. Group Health Inc.</u>, 39 A.D.3d 223, 225, 833 N.Y.S.2d 62, 64 (1st Dep't 2007); <u>Sogg v. American Airlines, Inc.</u>, 193 A.D.2d 153, 163, 603 N.Y.S.2d 21, 27 (1st Dep't 1993), <u>appeal denied</u>, 83 N.Y.2d 754, 634; <u>McIntyre v. Manhattan Ford</u>, 256 A.D.2d 269, 682 N.Y.S.2d 167 (1st Dep't 1998); <u>Walsh v. Covenant House</u>, 244 A.D.2d 214, 664 N.Y.S.2d 282 (1st Dep't 1997); <u>Bracker v. Cohen</u>, 204 A.D.2d 115, 612 N.Y.S.2d 113 (1st Dep't 1994); <u>Boodram v. Brooklyn Dev. Ctr.</u>, Index No. 5341/98, 2003 N.Y. Misc. LEXIS 1582 (N.Y. City Civ. Ct. 2003) (collecting cases and recognizing award for future lost earnings and future emotional distress).

**SECTION III**

INSTRUCTION NO.

BURDEN OF PROOF[1]


Plaintiffs have the burden of proof in this action to prove each element of their claims by a preponderance of the evidence.


To establish something by a "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, the preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the belief that what is sought to be proven by Plaintiffs is more likely true than not true.


If you find that the credible evidence on an issue is evenly divided between the parties that it is equally probable that both parties are right --- you must decide the issue against the Plaintiffs and in favor of the Defendants. That is because where a party has the burden of proof, it must prove more than simple equality of evidence

---

[1] 3C Kevin F.  O'Malley et al., Federal Jury Practice and Instructions § 104.01 (5th ed. 2001) (as modified); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-23 (1993); Mentor Sav. Bank FSB v. Vinson, 477 U.S. 57, 65-69 (1986); Henry v. Dep't of Transp., 69 F. App'x 478, 480 (2d Cir. June 24, 2003); 3 Hon. Edward J. Devitt et al., Federal Jury Practice and Instructions (Civil) § 72.01 (4th ed. 1987); 4 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions 1 73.01, Instruction 73-2 (1999).

- it must prove the element at issue by a preponderance of the evidence. Thus, if you find that the evidence is equal on an issue on which Plaintiffs have the burden of proof, then you must find for Defendants on that issue, because equality of evidence is not sufficient. On the other hand, the party need prove no more than a preponderance. So long as you find that what Plaintiffs claim has more convincing force and is more likely true than not true -then that element will have been proven by a preponderance of evidence. If you are unable to understand Plaintiffs' evidence, then you must find that they failed to meet their burden of proof.

Plaintiffs bears the burden on all of their claims in this case and bear the burden of proving all the elements of their claims by a preponderance of the evidence. If you find that Plaintiffs have not proven any one of the elements of their claim by a preponderance of the evidence, you must find for Defendants as to that claim.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

INSTRUCTION NO.

ANTI DISCRIMINATION STATUTES- NO SPECIAL TREATMENTS[2]

The anti-discrimination statute upon which Plaintiffs base their claims in this case is not an affirmative action program. It does not require that persons be accorded preferential treatment because of their gender. Plaintiffs were not entitled to special consideration because they were women.

---

[2] Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983); Lewis v. Hill, No. 97 Civ. 3212, 2005 U.S. Dist. LEXIS 1747, at *21 (S.D.N.Y. Feb. 1, 2005); Brundage v. Nat'l Broad. Co., No. 90 Civ. 1730, 1993 U.S. Dist. LEXIS 9901 at *33 (S.D.N.Y. July 20, 1993); DiCola v. Swissre Holding, Inc., No. 90 Civ. 3211, 1992 U.S. Dist. LEXIS 11535 at *20 (S.D.N.Y. June 30, 1992), aff'd, 996 F.2d 30 (2d Cir. 1993), Pirone v. Home Ins. Co., 559 F. Supp. 306, 311 (S.D.N.Y. 1983), aff'd without op., 742 F.2d 1430 (2d Cir. 1983); Logan v. St. Luke's Hosp. Ctr., 428 F. Supp. 127, 130 (S.D.N.Y. 1977).

INSTRUCTION NO.

TITLE VII AND/OR 42 U.S.C. § 1981


Plaintiffs claims of race discrimination is brought under a federal law known as Title VII of the Civil Rights Act of 1964, as amended, often called Title VII; and also under a federal law known as Section 1981 of the Civil Rights Act of 1991, also known as Section 1981.

Title VII makes it an unlawful employment practice for an employer:

1)  to discriminate against any individual with respect to the terms, conditions or privileges of employment because of such individual's race; or

2)  To limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee because of such individual's race.

Section 1981 provides in pertinent part as follows:

a)  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by

white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

For the purposes of Section 1981, the term make and enforce contracts includes the making, performance, modification and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of the employment relationship.

INSTRUCTION NO.

TITLE VII AND/OR 42 U.S.C. § 1981- DISCRIMINATION BASED ON RACE

In order for Plaintiffs to establish their claim for race discrimination under Title VII and/or Section 1981, they must prove the following by a preponderance of the evidence:

1)      The Defendants terminated Plaintiffs;

2)      The Plaintiffs' race was a motivating factor for the Defendants' actions.

If you find that the Plaintiffs failed to prove either or both of these propositions by a preponderance of the evidence then you must find against them on their discrimination claim and in favor of the Defendants. If on the other hand you find that the Plaintiffs have proved both propositions by a preponderance of the evidence, then you must find in their favor and against the Defendant. [3]

---

[3] Elmore v. Capstan, Inc. 58 F.3d 525, 529 (10th Cir. 1995). See also Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981), citing McDonnel Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973).

01478818.DOC /

INSTRUCTION NO.

MOTIVATING FACTOR DEFINED

Plaintiffs contend that they were terminated because of their race. Defendants deny that Plaintiffs were terminated and that even if you find that they were terminated, it was not due to their race.

Plaintiffs are not required to prove that their race was the sole or exclusive motivating factors for the Defendants' decisions. The Plaintiffs must prove, however, that their race was a motivating factor. That is,

    1) But for Plaintiff's race, the Defendant would not have terminated plaintiffs; Or

    2) Plaintiffs' race was the factor that made a difference in the Defendants' decision to terminate them.

In determining whether plaintiffs' race was a "motivating factor" in the Defendants' decision to terminate, you may consider any statements made or act done or admitted by the Defendants and all other facts and circumstances in

evidence indicating state of mind. An improper motive, if it exists, is seldom directly admitted and may or may not be inferred from the existence of other facts.[4]

---

[4] Stover v. Martinez, 382 F.3d 1064. 1076 (10th Cir. 2004); See also Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981), citing McDonnel Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973

INSTRUCTION NO.

PRETEXT

Defendants have introduced evidence that the reasons for the alleged adverse action plaintiffs complain of are non-discriminatory reasons. Whether these reasons are good or bad, unless you find that the adverse action were motivated at least in part by discrimination, you must find for defendants.

When you consider this evidence, the question is not whether the defendant showed poor or erroneous judgment. An employer is entitled to make an employment decision for a good reason, a bad reason or for no reason at all, so long as the decision is not motivated by unlawful discrimination.

It is the plaintiffs' burden to persuade you, by a preponderance of the evidence that the defendant took the adverse action against plaintiff at least in part because of their race. If you do not believe the defendants' explanations for their action, then you may infer, but need not infer, that the plaintiffs have satisfied their burden of proof that the defendants intentionally discriminated against them because of their race.[5]

---

[5] (4-78 Modern Federal Jury Instructions-Civil P 87-18).

01478818.DOC /

INSTRUCTION NO.

CONSTRUCTIVE DISCHARGE

Plaintiff Kadia Ba is claiming that she was constructively discharged.

To prove her claims of constructive discharge, Plaintiff Ba must show that the Defendants, by its illegal discriminatory acts made working conditions so difficult that a reasonable person in the Plaintiff's position would feel compelled to resign. [6]

---

[6] Pa. State Police v. Suders, 542 U.S. 129, 124 S. Ct. 2342, 2350 (2004)

INSTRUCTION NO.

## HOSTILE ENVIRONMENT SEXUAL HARASSMENT[7]

Plaintiffs have alleged that they were subjected to sexual harassment that created a hostile work environment and interfered with their ability to do her job, in violation of federal law.

It is each Plaintiff's burden to persuade you, by a preponderance of the credible evidence, that she was subjected to hostile environment sexual harassment because of her sex. In order to meet her burden of proof, Plaintiff must persuade you by a preponderance of the credible evidence of each of the following:

1.     She was the subject of unwelcome inappropriate sexual conduct; and

2.     The unwelcome conduct was directed towards her because of her sex; and

3.     The unwelcome conduct was so severe or pervasive as to alter the conditions of her employment; and

---

[7] 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions §§ 171.23, 171.60 (5th ed. 2001) (as modified); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Harris v. Forklift Sys., 510 U.S. 17 (1993); Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57 (1986); Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 768 (2d Cir. 1998); Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998); Torres v. Pisano, 116 F.3d 625, 630-32 (2d Cir.), cert. denied, 522 U.S. 997 (1997); Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir. 1995); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993); Kotcher V. Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59, 62 (2d Cir. 1992); Dortz v. City of New York, 904 F. Supp. 127, 148 (S.D.N.Y. 1995); Eng v. Beth Israel Med. Ctr., No. 93 Civ. 3605, 995 U.S. Dist. LEXIS 11155, at * 17-18 (S.D.N.Y. Aug. 4, 1995) (citingAlie v. NYNEX Corp., 158 F.R.D. 239, 243-44 (E.D.N.Y. 1994)). See also Van Zant v. KLMRoyal Dutch Airlines, 80 F.3d 708, 714-716 (2d Cir. 1996); Cohen v. Litt, 906 F. Supp. 957, 963 n.1 (S.D.N.Y. 1995).

4.      The conduct was severe or pervasive enough that a reasonable person would find the environment to be hostile or abusive; and

5.      The employer, Deep Blue Group, may be held liable, under standards I will describe to you in a moment, for the acts of sexual harassment in the workplace to which Plaintiff was allegedly subjected.


Each Plaintiff has the burden of proving each and every element of her claim by a preponderance of the evidence. If you find that any of the above elements has not been proven by a preponderance of the evidence, your verdict must be for Defendants and you need not proceed further in considering this claim. I will now give you further instructions and explanations concerning each of these elements.

INSTRUCTION NO.

SEXUAL HARASSMENT- SEVERE AND PERVASIVE[8]

In order to meet her burden of proof on her claim that she was subjected to hostile work environment, Plaintiff must demonstrate by a preponderance of the credible evidence that the conduct was sufficiently severe or pervasive to alter the condition employment and create an abusive work environment.

In determining whether the conduct is severe or pervasive, you must consider the totality of the circumstances. Some of the factors that you may consider in determining whether Plaintiffs have met her burden of proving that the conduct was severe or pervasive are:

1.      the nature of the unwelcome sexual acts or words;

2.      the frequency of the offensive conduct;

3,      the severity of the offensive conduct;

4.      the context in which the offensive conduct occurred;

---

[8] 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 171.4 2001) (as modified); Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Harris ti Sys., 510 U.S. 17 (1993); Meritor Sav. Bank FSB v. Vinson, 477 U.S. 57, 67 (1986); Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59 (2d Cir. 1992); Alfano v. Costello 365, 374 (2d Cir. 2002); Leibovitz v. New York City Transit Auth., 252 F.3d 179 (2d Krasner v. HSHNordbankAG, No. 08 Civ. 8499 (EEL), 2010 WL 86845, at *6 (S.I 7, 2010); Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni, 585 F. Supp. 2d (S.D.N.Y. 2008).

5.      whether the conduct was physically threatening or humiliating, or merely offensive utterances;

6.      whether the conduct unreasonably interfered with Plaintiff's work performance; and

7.      the effect on Plaintiff's psychological wellbeing;


It is Plaintiffs' burden of proof to demonstrate that the conduct was severe or pervasive enough to create an environment that Plaintiff herself perceived to be hostile or abusive, and that a reasonable person would perceive to be hostile or abusive. Conduct that only amounts to ordinary socializing in the workplace, such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related jokes, and occasional teasing, does not constitute an abusive or hostile work environment. Similarly, conduct that is merely unpleasant, immature, nasty or annoying is not sufficiently severe or pervasive to constitute sexual harassment. While certain conduct may be unprofessional and/or unnecessary and/or annoying and/or not work related, that is not sufficient.


Only extreme conduct amounting to a material change in the terms and conditions of employment can establish a claim for hostile environment sex harassment. The incidents of harassment must ordinarily be repeated and continuous.

01478818.DOC /

Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness required to establish a hostile work environment.

In determining whether conduct was hostile, you should consider the following:

• Whether the conduct was verbal, physical, or both;

• Whether the conduct occurred one time or repeatedly;

• Whether the conduct was plainly offensive;

• Whether the alleged harasser was a co-worker or supervisor;

• Whether others joined in the harassment; and

• Whether the harassment was directed at one or more than one person.

If you find that the gender-based conduct was not severe or not pervasive, then Plaintiff has failed to meet her burden of proof, you will go no further, and you must find for the Defendants on the claim of hostile environment sexual harassment.

INSTRUCTION NO.

UNWELCOMENESS OF CONDUCT[9]

In order to prevail on her claim of sexual harassment, Plaintiff must prove by a preponderance of the credible evidence that the conduct Plaintiff complains about was unwelcome. You must determine whether Plaintiff by her own conduct indicated that the complained-of behavior was unwelcome.

In sexual harassment cases, evidence of a Plaintiff's sexually provocative speech at work or dress or other behavior at work is relevant in determining whether the conduct was unwelcome. If you find that Plaintiff has failed to prove by a preponderance of the credible evidence that the conduct was unwelcome, then you must find in favor of Defendants.

---

[9] Mentor Sav. Bank FSB v. Vinson, 477 U.S. 57 (1986); EE. 0. C, v. Rotary Corp., 297 F. Supp. 2d 643, 662 (N_D.N.Y. 2003); Chamblee v. Harris & Harris, Inc., 154 F. Supp. 2d 670, 680 (S.D.N.Y. July 18, 2001); Lucas v. South Nassau Cmtys. Hosp., 54 F. Supp.2d 141, 148 (E.D.N.Y. 1998); Mauro v. Orville, 259 A.D.2d 89, 697 N.Y.S.2d 704 (3d Dep't 1999); Trotta v. Mobil Oil Corp., 788 F. Supp. 1336, 1348-49 (S.D.N.Y. 1992).

INSTRUCTION NO.

HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

OBJECTIVE AND SUBJECTIVE STANDARDS[10]

In determining whether a hostile work environment existed, the environment must be both objectively and subjectively abusive. That is, you may find that a hostile work environment existed only if the evidence convinces you that a reasonable person in a similar environment under similar conditions would find the environment to be offensive - the objective standard -and that Plaintiff was actually offended by the conduct - the subjective standard.

Viewing the evidence from the perspective of a reasonable person means that you cannot view the evidence from the perspective of an overly sensitive person. Rather, you must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological wellbeing of a reasonable person.

---

[10] 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 171.45 (5th ed. 2001) (as modified); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998); Harris v. Forklift Sys., 510 U.S. 17 (1993); Petrosino v. Bell Atl., 385 F.3d 210 (2d Cir. 2004); Terry v. Ashcroft, 336 F.3d 128 (2d Cir. 2003); Brown v. Henderson, 257 F.3d 246 (2d Cir. 2001); Leibovitz v. New York City Transit Auth., 252 F.3d 179 (2d Cir. 2001); Fitzgerald v. Henderson, 251 F.3d 345 (2d Cir. 2001), cert. denied, 536 U.S. 922 (2002).

In making the determination of whether a reasonable person would find the behavior to be offensive, you may use your common sense and consider the social context and workplace culture in which the behavior occurred. In so doing, you should distinguish between simple joking, teasing or roughhousing, which does not constitute actionable behavior, and conduct that a reasonable person in the position held by Plaintiff would find severely hostile or abusive, and you may consider the reactions of co-workers who experienced the same workplace.

In addition, if you find that Plaintiff did not subjectively experience the conduct alleged to constitute sexual harassment as offensive at the time such conduct occurred (in other words, that Plaintiff was not in actuality offended by any conduct you find did occur), then Plaintiff cannot prevail on her claims.

INSTRUCTION NO. _____

DAMAGES - REASONABLE - NOT SPECULATIVE[11]

Damages must be reasonable. If you should find that Plaintiff is entitled to a verdict, you may award her only such damages as will reasonably compensate her for such injury and damage as you find she has proven, by a preponderance of the evidence in the case, that she sustained as a proximate, that is direct, result of the Defendants' conduct.

You may not speculate on damages, and you may not award speculative damages or damages that were not caused directly by Defendants' conduct. The amount of your verdict must be based upon the evidence presented. You are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future. If Plaintiff fails to prove by a preponderance of the credible evidence the amount of damages she claims, you may not simply guess as to the amount of damages.

---

[11] Tse v. UBS Fin. Servs., Inc., 568 F. Supp. 2d 274, 304-05 (S.D.N.Y. 2008); Hine v. Mineta, 238 F. Supp. 2d 497, 501 (E.D.N.Y. 2003); Fink v. City of New York,   129 F. Supp.2d 511, 536 (E.D.N.Y. 2001); Proulx v. Citibank, N.A., 681 F. Supp. 199, 203 (S.D.N.Y.), aff'd without op., 862 F.2d 304 (2d Cir. 1988).

INSTRUCTION NO.

RETALIATION[12]

Plaintiff claims that Defendants terminated their employment in retaliation for their complaints about alleged sexual harassment and unlawful discrimination based on color, race and/or national origin in violation of federal law.

Deep Blue Group and the other Defendants deny that they retaliated against Plaintiffs in any way.

Defendants assert that Plaintiff Ba walked out of her job at Opia over a disputed check. Defendants assert that Plaintiff Veerman did not return to work after a suspension for missing her shift and insubordination.

To prevail on their claims of retaliatory discharge, Plaintiffs must prove by a preponderance of the credible evidence that Defendants intentionally retaliated against her for making a good faith complaint about sexual harassment and/or unlawful discrimination.

---

[12] 3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions §§ 171.25, 171.26, 171.75 (5th ed. 2001) (as modified); McMenemy v. City of Rochester, 241 F.3d 279 (2d Cir. 2001); Gordon v. New York City Bd. Of Educ., 232 F.3d 111 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995); Sundaram v. Brookhaven Nat. Labs., 424 F. Supp. 2d 545, 583 (E.D.N.Y. 2006).

Plaintiff must also present facts to establish a connection between her complaint and her termination. The connection that Plaintiffs must show is one of cause and effect, that is, Plaintiffs must convince you that they were treated unfairly and were terminated as a direct result of their complaint. [13]

Plaintiffs' own subjective belief that they were retaliated against is not sufficient to meet their burden of proof. It is not enough for Plaintiffs to show their subjective belief, feelings, suspicions or speculation that the legitimate nonretaliatory reasons stated by the Defendants for why their employment ended are not genuine. [14]

Your sole task is to determine whether the real reason that Plaintiffs are no longer employed by Defendants was retaliation for complaining about sexual harassment and unlawful discrimination.

---

[13] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); Tunny v. Kamen, 109 F. App'x 473, 474 (2d Cir. 2004), cert. denied, 546 U.S. 872 (2005); Smith v. UAW--GMLegal Servs. Plan, 48 F. App'x 338, 339 (2d Cir. 2002); Thomas v. Bergdorf Goodman, Inc., No. 03 Civ. 3066, 2004 WL 2979960, at *10 (S.D.N.Y. Dec. 22, 2004); Neishlos v. City of New York, No. 00 Civ. 914, 2003 WL 22480043, at *9 (S.D.N.Y. Nov. 3, 2003); Moran v. Fashion Inst. of Tech., No. 00 Civ. 1275, 2002 U.S. Dist. LEXIS 19387, at *23 (S.D.N.Y. Oct. 7, 2002).

[14] Holt v. KMI-Continental, Inc., 95 F.3d 123 (2d Cir. 1996), cert. denied, 520 U.S. 1228 (1997); Kanhoye v. Altana, Inc., No. 05-CV-4308 (ENV), 2009 WL 4363445, at *7 (E.D.N.Y. Dec. 3, 2009); Ortiz-Moss v. New York City Dept of Transp., 623 F. Supp. 2d 379, 398 (S.D.N.Y. 2008).

The burden is always on the Plaintiffs affirmatively and ultimately to prove by a preponderance of the credible evidence that the Defendants retaliated against them because they complained about sexual harassment and unlawful discrimination.

Therefore, it is not enough to determine that Plaintiffs complained about treatment by Defendants; you must also determine that Plaintiffs' complaint was a determining factor in the ending their employment. If Plaintiffs fail to meet their burden on any of these points, you must find for the Defendants.