UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/10
```

------------------------------------------------------------X
BEATRIZ VEERMAN et al.,

                              **Plaintiffs,**                08 Civ. 5042-LAB

        -against-                             **ORDER ON MOTIONS**
                                                              **IN LIMINE**

DEEP BLUE GROUP L.L.C. et al.,

                              **Defendants.**
------------------------------------------------------------X

      In preparation for trial, the parties filed motions in limine seeking to exclude certain evidence. Defendants seek to exclude testimony concerning dating and allegedly consensual sexual contact at Opia, the restaurant where Plaintiffs worked, between the managers and staff. Plaintiffs seek to exclude testimony from a long-time customer of Opia, John Liegey. Although Plaintiffs have brought claims under several different theories, the disputed evidence primarily concerns their claims arising from alleged sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. The briefing shows Plaintiffs are primarily pursuing a "hostile work environment" theory.

      The evidence Defendants seek to exclude includes dating and sexual conduct in a variety of circumstances and involving a number of different staff members. At this point

the specifics of much of the testimony are unclear, and some of the conduct may have been welcomed by staff members while other may not have been. Plaintiffs say they witnessed some of the conduct personally, and heard about other conduct. Defendants argue the evidence is irrelevant or unduly prejudicial.

The "hostile work environment" is assessed based on the totality of the circumstances. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Instances of harassment not directed at a plaintiff are relevant to show the overall work environment, and if a plaintiff is "emotionally traumatized as a result of her workplace being permeated by sexual discrimination," she can recover. *Leibovitz v. N.Y.C. Transit Authority*, 252 F.3d 179, 185 (2d Cir. 2001). However, harassment directed at others can contribute to the establishment of a hostile work environment whether or not harassment is directed at the plaintiff. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000).

While a Title VII claim cannot be based solely on incidents a plaintiff has heard about, *Leibovitz*, 252 F.3d at 182, evidence of other incidents can be relevant to show the type of environment a plaintiff was subjected to. *See Patane v. Clark*, 508 F.3d 106, 114 (2d Cir. 2007) (recognizing that the presence of pornography in a workplace, even if a plaintiff does not view it, "can alter the 'status' of women therein and is relevant to assessing the objective hostility of the environment"); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) ("Evidence of the harassment of women other than [plaintiff], if part of a pervasive or continuing pattern of conduct, was surely relevant to show the

existence of a hostile environment. . . .") If Plaintiffs can show they were affected by Defendants' behavior in the restaurant during the relevant time period, evidence of such behavior would relevant. The evidence is not admissible to show Defendants behaved similarly on other occasions, Fed. R. Evid. 404(b), nor is evidence of behavior that had no effect on Plaintiffs relevant.

Defendants argue that evidence of their sexual contact with staff is only relevant if Plaintiffs can show it was non-consensual or unwelcome to the other staff. Plaintiffs proffer evidence some of the incidents were unwelcome. However, the applicable test is not whether the other staff members consented to or welcomed Defendants' advances, but whether Defendants' behavior, or behavior they encouraged, was objectively offensive and created a hostile work environment for Plaintiffs. *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58 (2d Cir. 2004) ("A work environment will be considered hostile if a reasonable person would have found it to be so and if the plaintiff subjectively so perceived it.") (citation omitted). A persistent and sexually-charged atmosphere, even if some of the incidents were welcomed by other employees, can provide support for a Title VII hostile work environment claim. *Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir. 2004) (relying on a variety of incidents).

Part of Plaintiffs' proffered testimony consists of incidents other employees reported to them. Defendants have also raised hearsay objections to this and, with a minimal exception, the Court agrees. The proffered testimony is hearsay not within any

3

recognized exception, and is thus inadmissible if offered to prove the incidents actually occurred. However, because Plaintiffs must show they were affected by the environment in which they worked, reports of sexual incidents might be admissible to show the effect those incidents had on Plaintiffs. The reports would only be relevant, however, if the events actually occurred. Plaintiffs must therefore offer admissible non-hearsay evidence to show the incidents in question happened. To the extent they are able to do so, Plaintiffs can also testify they were told about the incidents. This testimony must not be used to provide new information or fill in details, however. Except to this limited extent, Plaintiffs' testimony about what other staff members told them is excluded.

Defendants have proffered the testimony of John Liegey, a long-time regular customer, and Plaintiffs seek to exclude this evidence. Plaintiffs believe Liegey will testify that:

1. He dated Ms. Veerman and they had an intimate relationship.

2. Ms. Ba wanted to date him and tried to date him.

3. Plaintiffs didn't complain to him about Defendants.

4. He didn't witness "unlawful conduct."

5. Veerman said she wanted to sue the restaurant to get money.

Liegey's affidavit touches on a few other issues, but these are the heart of it.

The Court agrees with Plaintiffs that this evidence is irrelevant and therefore must be excluded. A plaintiff's consensual conduct in other contexts is not relevant to show

she was not subject to a hostile work environment. *Wolak v. Spucci*, 217 F.3d 157, 161–62 (2d Cir. 2000). Whether Ms. Veerman or Ms. Ba welcomed a dating or intimate relationship with Mr. Liegey has no bearing on whether they were willing to date or have sexual contact with any men Defendants might send their way, or whether Defendants' conduct in other respects created a hostile work environment.

While Mr. Liegey was a long-time customer who was present at the restaurant several days a week, and frequently saw Plaintiffs and other staff there, his not having observed the alleged behavior is not probative of whether it happened. There is no showing that Defendants were likely to have harassed Plaintiffs or otherwise misbehaved in front of him, or that Plaintiffs would probably have complained to him if they were mistreated. To the contrary, Mr. Liegey's affidavit says the one time Ms. Veerman mentioned having trouble with Defendants and considered suing them, Mr. Liegey discouraged her. This implies Ms. Veerman realized Mr. Liegey may not have welcomed her complaints about them.

Ms. Veerman's remarks to Mr. Liegey about needing money and her plans to sue Defendants are unremarkable. While the affidavit is couched in terms that hint at mendacity and extortion, there is nothing in what Ms. Veerman reportedly said which unambiguously supports this. Almost everyone wants or needs money, and the fact that Ms. Veerman did is irrelevant. Likewise, there is no need for testimony to establish Ms. Veerman planned to sue the people she thought injured her and to obtain monetary

damages, because the lawsuit itself makes this utterly plain. Ms. Veerman's statement that the lawsuit would cause Defendants bad publicity is likewise irrelevant. Because the testimony Plaintiffs identify is irrelevant, it is excluded. Fed. R. Evid. 402.

Defendants' motion in limine is therefore **GRANTED IN PART**. Plaintiffs may only offer evidence of what other staff told them if they offer evidence sufficient to support a finding the reported incidents actually occurred. The details of the incidents must be established through other evidence, and not by what Plaintiffs were told. In all other respects, Defendants' motion is **DENIED**.

Plaintiff's motion in limine to exclude certain testimony by Mr. Liegey is **GRANTED**.

*Larry A. Burns*

HON. LARRY ALAN BURNS
United States District Judge

Dated: