THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

BEATRIZ VEERMAN AND KHADIJETOU
("KADIA") BA,
                Plaintiffs,

                Index No. 08 CV 5042

-   against –

                Hon. Larry A. Burns

DEEP BLUE GROUP LLC, OPIA,
FREDERICK LESORT AND ANTOINE
BLECH (a/k/a Antoine Bleck)

                Defendants.
-------------------------------------------------------------------x

## CERTIFICATION OF LINDA FRIDEGOTTO IN OPPOSITION TO PLAINTIFF'S POST TRIAL MOTION

LINDA FRIDEGOTTO, an attorney duly admitted to practice before the Southern District of New York, affirms under penalty of perjury as follows:

1.     I am an associate with the firm of Havkins Rosenfeld Ritzert & Varriale, LLP, (hereinafter HRRV) attorneys for Defendants Deep Blue Group, LLC, Opia, Frederick Lesort and Antoine Blech (collectively, "Defendants"). I am familiar with the facts discussed herein and this Certification is made on personal knowledge, except where otherwise indicated.

2.     I submit this affirmation in opposition to plaintiffs' post trial-motion for (i) attorneys' fees for time spent by Kenneth Goldberg and Jonathan Margolis of Goldberg & Fliegel (collectively, "G&F") in the above captioned matter; (ii) costs incurred by plaintiffs in this matter; (iii) pre-judgment interest; and (iv) such other relief as the Court may deem just and proper.

3.      Attached as Exhibit A is a true and correct copy of the Verdict reached by the Jury upon the trial of this action, dated June 16, 2010.

4.      Attached as Exhibit B are true and correct copies of pages excerpted from the transcript of trial held before the Hon. Larry Burns, on June 11, 2010 through June 16, 2010.

5.      Attached as Exhibit C are true and correct copies of pages printed from Goldberg & Fliegel's website, located at http://www.goldbergfliegel.com.

6.      Attached as Exhibit D is a true and correct copy of an affidavit by defendant Frederick Lesort, managing member of defendant Deep Blue Group, LLC, sworn to on August 2, 2010.

7.      Attached as Exhibit E are true and correct copies of excerpts of the U.S. Equal Employment Opportunity Commissions' file on the plaintiffs' charges.

8.      Attached as Exhibit F are true and correct copies of correspondence exchanged between Linda Fridegotto, Esq. and Kenneth Goldberg, Esq. regarding settlement and mediation.

9.      Attached as Exhibit G are true and correct copies of correspondence exchanged between Linda Fridegotto, Esq. and Kenneth Goldberg, Esq. referred to in G&F's contemporaneous time records and charged as 0.25 hours at the cost of $100.

10.     Plaintiffs' counsel has submitted a motion for fees of at least $216,325 on this matter (inclusive of travel time) and costs of $3,563.53, for a total of $219,888.53. In

addition, plaintiffs have requested a case specific upward adjustment of the counsel's hourly rate, so as total amount requested $241,521.03, inclusive of costs. The amount of fees sought represents the fees incurred by G&F in litigating the case from the filing of charges of discrimination with the U.S. Equal Employment Opportunity Commission through the drafting of post trial motions. Plaintiffs have further requested (i) that the amount awarded in fees and costs be awarded against all Defendants jointly and severally; and (ii) leave to submit further applications for attorneys fees incurred in connection with replying to any of defendants' post trial motions.

11. HRRV has represented defendants since January 2010. Defendants were previously represented by the firm of Proskauer Rose, LLP at the EEOC stage and by Leonard Zack & Associates from the inception of the case through January 2010. I was previously associated with Leonard Zack & Associates and therefore helped represent the defendants from approximately August 2008 through the end of my employment at Leonard Zack & Associates in September 2009. This Certification is made upon personal knowledge except where duly noted.

12. I have reviewed the certification of Kenneth Goldberg, Esq., submitted in support of G&F's application for attorneys' fees and would like to clarify certain statements contained therein.

13. Mr. Goldberg states that defendants "vigorously defended plaintiffs' claim, filing position statements with EEOC." (Goldberg Cert. at ¶17).

14. A review of the EEOC file, submitted to defendants in discovery indicates that defendants filed a position statement with the EEOC on or about January 31, 2008.

The position statement was supplemented on February 12, 2008 with an affidavit by Mr. John Liegey. Plaintiffs' reply to the position statement was due on March 7, 2008. Plaintiffs requested the issuance of a right to sue letter on February 15, 2008. (See Exh. E). Plaintiffs therefore never responded to the position statement.

15. Mr. Goldberg states that defendants' motion to dismiss was stricken from the docket. (Goldberg Cert. at ¶20). Part of the basis for defendants' motion to dismiss was that plaintiffs' Complaint (Docket 1) failed to identify plaintiffs as members of a minority, a requirement to sustain a claim for discrimination, harassment and retaliation on the basis of race, color and national origin. After a conference with Hon. Pauley, plaintiffs were ordered to amend their complaint. Plaintiffs filed an amended complaint on December 5, 2008. (Docket 17)

16. Mr. Goldberg states that plaintiffs sought a resolution of this matter but settlement could not be reached. (Goldberg Cert. at ¶ 17). G&F conveniently omits that the reason for the failure of settlement dialogue was the preposterous value that plaintiffs ascribed to the instant case.

17. On or about December 2007, at the EEOC stage defendants, through Proskauer Rose, their counsel at the time, offered plaintiffs $50,000 to resolve the instant case prior to its being put into suit. (See Exh. D). At the time that the offer was made, the plaintiffs' economic damages, were their lost wages for the calendar year of 2007. Testimony was given and evidence proffered at trial that Ba claimed $8,272 in lost wages for 2007 while Veerman claimed $19,243. The cumulative amount of lost wages at that time was therefore $27,515. (Goldberg Cert. Exh. G) The offer of $50,000 made by

defendants and rejected by plaintiffs was, at the time, vastly superior to their combined lost wages. Had a reasonable demand been offered in response, defendants were prepared to increase the offer. Of course, despite counsel's experience and expertise its economic damages were miscalculated and required correction. Yet counsel seek fees for correcting its own mistake.

18. On or about May 10, 2010 I had a telephone conversation with Mr. Goldberg regarding various issues. During that call, we discussed the possibility of mediation and settlement. I told Mr. Goldberg that defendants would consider mediation but that they would only do so if plaintiffs' settlement demands were reasonable. Mr. Goldberg informed me that his clients' demand was $700,000. A week later, on May 18, a few weeks before the scheduled date for trial, Mr. Goldberg emailed me to indicate that plaintiffs had approached the mediation unit at the Southern District of New York to inquire about mediating the case and had obtained information regarding the mediator's availability. (See Exh. F)

19. I replied that while defendants would be willing to consider mediation, they would not do so if the plaintiffs' demand stayed at $700,000 and asked that a more reasonable settlement number be put forth, citing the belief that plaintiffs would not be able to maintain a prima facie case on all of their claims. (See Exh. F)

20. While the jury was deliberating, I personally approached G&F and reiterated that defendants were still prepared to offer $50,000. I further indicated that I believed defendants increase the offer to cover plaintiffs if plaintiffs reduced the demand.

I received no response to the offer. On June 15, 2010 the jury returned with a cumulative verdict of $52,000. (See Exh. A)

21. I also dispute Mr. Goldberg's contention that the instant case was complex and challenging. There was relatively little motion practice. Defendants' initial motion to dismiss was resolved at a conference before Judge Pauley and by the filing of an amended complaint. While there was documentary discovery, there were only four (4) depositions of the individual plaintiffs and defendants.

22. Any complexity which resulted from the overlapping statutory bases for the claims, did not arise until the preparation of the verdict sheets, which incidentally the Court deemed too confusing. Similarly, the jury instructions prepared by the parties were considered to be too voluminous and were condensed by the Court.

23. Plaintiffs' counsel asserts that they achieved excellent results for their clients. Yet their clients expressed open dismay- if not disgust- at the verdict. Moreover, plaintiffs recovered $52,000, an amount 50% less than the jurisdictional minimum had this been a diversity case. Plaintiffs recovered less than 8% of the amount they believed the case should be settled for- an amount they never budged from. Simply put, no rational client would pay a lawyer nearly $250,000 to recover $52,000 especially when they could have recovered that amount without accruing any legal fees.

24. For the following reasons, and for the reasons set forth in defendants' accompanying memorandum of law, plaintiffs' request for attorney fees should be denied in its entirety or at the very least, substantially reduced.

Dated: New York, New York
       August 13, 2010

                        HAVKINS ROSENFELD RITZERT & VARRIALE, LLP

By: *[signature]*

Linda Fridegotto (LF4290)
1065 Avenue of the Americas, Suite 800
New York, New York 10018
(212) 488-1598
HRRV File No.: 11170-101
*Attorneys for Defendants Deep Blue Group, LLC, Frederick Lesort and Antoine Blech*