# EXHIBIT H

ECC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

PERSON FILING CHARGE

**Beatriz Veerman**

DEEP BLUE GROUP LLC / OPIA
Director Of Personnel
130 E. 57th Street
New York, NY 10022

THIS PERSON (check one or both)
[X] Claims To Be Aggrieved
[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE-NO.
**520-2007-04167**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act    [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **17-OCT-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **17-OCT-07** to. **Michael Bertty, ADR Coordinator, at (212) 336-3646**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Michael Bertty,
ADR Coordinator
*EEOC Representative*

Telephone **(212) 336-3646**

New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION
[X] RACE  [X] COLOR  [X] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 25, 2007 | Spencer H. Lewis, Jr., Director | *[signature]* |


PLAINTIFF'S EXHIBIT 23


EXHIBIT 25
7-3-09

P0043

osure with EEOC
n 131 (5/01)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

ction 1601.15 of EEOC's regulations provides that persons or organizations charged with employment crimination may submit a statement of position or evidence regarding the issues covered by this charge.

:OC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; id 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and rsonnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the large. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), (a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for )w long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record tention periods – generally, three years for basic payroll records and one year for personnel records. uestions about retention periods and the types of records to be retained should be resolved by referring to the gulations.

ection 1602.14 **Preservation of records made or kept.** .... Where a charge ... has been filed, or an action rought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the 3spondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the harge or action. The term *personnel records relevant to the charge*, for example, would include personnel or mployment records relating to the aggrieved person and to all other aggrieved employees holding positions imilar to that held or sought by the aggrieved person and application forms or test papers completed by an insuccessful applicant and by all other candidates or the same position as that for which the aggrieved person ipplied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of he statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

P0044



**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
FAX (212) 336-3625
1-800-669-4000

Respondent: DEEP BLUE GROUP LLC / OPIA
EEOC Charge No.: 520-2007-04167
FEPA Charge No.:

September 25, 2007

Beatriz Veerman

Dear Ms. Veerman:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

- [X]  Title VII of the Civil Rights Act of 1964 (Title VII)
- [ ]  The Age Discrimination in Employment Act (ADEA)
- [ ]  The Americans with Disabilities Act (ADA)
- [ ]  The Equal Pay Act (EPA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[X]  Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.
New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Michael Bertty
ADR Coordinator
(212) 336-3646

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

cc: Kenneth A. Goldberg, Esq.
GOLDBERG & FLIEGEL LLP
60 East 42nd Street, Suite 3421
New York, NY 10165

P0045

# CHARGE OF DISCRIMINATION

AGENCY

☐ FEPA
☒ EEOC

_____ and EEOC
State or Local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)
Beatriz Veerman

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one, list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (INCLUDE AREA CODE) |
|---|---|---|
| Deep Blue Group, LLC/Opia | More than 15 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 10 East 57th Street, New York, New York 10022 | | New York |

CAUSE OF DISCRIMINATION BASED ON (Check Appropriate Box(es)):
☒ RACE  ☒ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (SPECIFY)

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST 2007
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is necessary, attach extra sheet(s)):

SEE ATTACHED AFFIDAVIT

[Stamp: RECEIVED AUG 1 7 2007 EEOC NYDO ENFORCEMENT]

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

[Signature]

Date — Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
[Signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month and year)

8/13/07  [Signature] Kenneth A. Goldberg

My Commission Expires:
KENNETH A. GOLDBERG
Notary Public, State of New York
No: 02GO5061677
Qualified in New York County
Commission Expires June 10, 1999
July 27, 2010

P0046

## AFFIDAVIT OF BEATRIZ VEERMAN

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Beatriz Veerman, being duly sworn, deposes and says:

1. I am an adult female. I make this affidavit in support of my charge of unlawful discrimination and unlawful harassment based on sex, race, color, national origin, unlawful employment practices, and unlawful retaliation, against Deep Blue Group, LLC/Opia (the "Company"). I have additional claims against the Company in addition to the above claims.

2. The particulars of my charge are set forth below.

3. I was employed by the Company as a waitress from March 2005 through May 14, 2007, when I was unlawfully discharged. I was fully qualified for my position and performed well. The owners of the Company are Frederick Lesort and Antoine Bleck. Opia is a restaurant/lounge. For more information, EEOC is referred to www.opiarestaurant.com.

4. The Company unlawfully discriminated against me regarding compensation, terms, conditions and privileges of employment, harassed me, sexually harassed me, and unlawfully discharged my employment, because of my sex, race, color, national origin, and unlawfully retaliated against me. The Company's proffered reason for its conduct was a pretext for unlawful discrimination and retaliation.

5. During my employment, I was repeatedly harassed and discriminated against based on my sex, race, color and national origin. The conduct included, among other items, unlawful touching, unlawful sexual advances, unlawful statements, and harassing and discriminatory statements, all of which were unwelcome, offensive and against my will and over my objections and complaints.

P0047

6. The discrimination and harassment was severe and pervasive, adversely affected the terms, conditions and privileges of my employment with the Company, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

7. In addition, tolerance of the unlawful discrimination and harassment described herein was a term and condition of my employment, and I suffered adverse tangible employment actions because I refused to acquiesce to that conduct and protested such conduct.

8. Accordingly, I have also been the victim of "quid pro quo" harassment.

9. I opposed, objected to and complained about the conduct. However, the Company failed to take appropriate remedial action and failed to put an end to the unlawful conduct and it continued throughout my employment. The Company unlawfully retaliated against me and discharged me for objecting to, opposing and complaining about unlawful discrimination and harassment. The Company knew or should have known of the unlawful discrimination, harassment and retaliation towards me. Upon information and belief, the Company condoned such unlawful conduct. The Company failed to exercise reasonable care to prevent and correct the discrimination, harassment and retaliation towards me.

10. Set forth below are examples of the Company's unlawful conduct.

11. During my employment, I was repeatedly sexually harassed by Mr. Lesort. Examples of Mr. Lesort's unlawful conduct are set forth below.

12. Mr. Lesort repeatedly touched me in a sexual manner. He touched my private parts. For example, he kissed me and touched my breasts. He repeatedly approached me at the restaurant and touched my back and shoulders in a sexual manner.

P0048

13. Mr. Lesort repeatedly made sexual statements to me, repeatedly made sexual advances to me, and repeatedly pursued me in a sexual manner. For example, he repeatedly asked me out both in person and on the telephone. He repeatedly asked me to have a relationship with him. For example, he repeatedly stared at me at the restaurant as if he were "checking me out" sexually. For example, he repeatedly made comments about my private parts. He repeatedly made sexual comments to me, such as "Beatriz, do you work out? I can tell you do by looking at your legs." He approached me at the restaurant and said to me in a sexual manner "are you married" and "I want to make sure you are not yet married."

14. Mr. Lesort's conduct was unwelcome and offensive and I opposed, objected to and complained about same.

15. In April 2007, Mr. Lesort asked me for a date. I refused his advances and was fired in May 2007.

16. I also complained to other employees about Mr. Lesort's conduct. For example, I complained to Khadijetou Ba, who had worked for the Company as a waitress. For example, I complained to Julie Smith, who had worked for the Company as a bartender.

17. Ms. Ba complained to me about unlawful sexual harassment by Mr. Bleck towards her.

18. I witnessed Mr. Bleck sexually harass Ms. Ba at the restaurant. He repeatedly approached Ms. Ba at the restaurant and touched her in a sexual manner and made sexual statements to and sexual advances toward Ms. Ba. He repeatedly touched her shoulders, arms and buttocks in a sexual manner. He repeatedly stared at her at the restaurant as if he were "checking her out" in a sexual manner. I refer EEOC to Ms. Ba's EEOC Charge for more

3

P0049

details regarding Ms. Ba's allegations and claims against the Company.

19. Jimena Pereyra, General Manager, told me that Mr. Bleck liked Ms. Ba and I understood that he was referring to "like" in a sexual manner. Thadez, a former manager, told Ms. Ba and I that Mr. Lesort liked Ms. Veerman's legs and Mr. Bleck had a "crush" on Ms. Ba.

20. Not only did the owners of the Company sexually harass me and Ms. Ba, but they also allowed their male friends/customers to sexually harass me and Ms. Ba and engage in acts of assault and battery against us, and the owners of the Company even demanded that we give our phone numbers to those male friends/customers.

21. The Company also discriminated against me and Ms. Ba based on our race, color and national origin by, among other items, making discriminatory statements, denying us desirable work schedules, and giving better schedules to waitresses outside our classes. The Company even told me and Ms. Ba that we are "too dark" to work certain shifts.

22. The Company allowed managers to discriminate against, harass and engage in acts of assault and battery, against me and Ms. Ba. For example, Jimena Pereyra, General Manager, struck me on the head. Daniel, the Bar Manager, threw a glass at Ms. Ba.

23. I also have claims against the Company for violations of applicable wage and hour laws, including the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("Labor Law"). For example, the Company unlawfully appropriated tip monies and deducted monies from my wages, in violation of Sections 193 and 196-d of the Labor Law.

24. These are just a few examples of the Company's ongoing and repeated unlawful conduct in the workplace.

4

P0050

25. The Company engaged in a continuing violation.

26. The conduct was unwelcome and offensive and occurred against my will and over my objections and complaints.

27. The Company unlawfully discharged my employment.

28. The Company knew or should have known that the owners of the Company had engaged in the unlawful conduct described herein, and the Company should have taken adverse action against them.

29. Upon information and belief, the Company did not take any adverse action against the owners of the Company in response to my complaint or the complaints of Ms. Ba.

30. The Company unlawfully discriminated against me, harassed me, and retaliated against me because of my sex, race, color and national origin.

31. The Company's proffered reason for its conduct was a pretext for unlawful discrimination and unlawful retaliation.

32. The above discrimination, harassment and retaliation violates applicable law and is continuing.

33. As a direct result of the above discrimination, harassment, and retaliation, I have suffered and continue to suffer substantial damages.

34. The Company's conduct, as alleged herein, was perpetrated with malice or reckless indifference to my rights to be free from discrimination, harassment and retaliation.

35. I request that I be awarded all available relief under applicable law.

36. I have not previously filed a charge/complaint with any state or local civil rights agency based on the same discriminatory actions discussed above.

*Beatriz Veerman*

Sworn to before me
this 13th day of August 2007

*Kenneth A. Goldberg*
Notary Public

KENNETH A. GOLDBERG
Notary Public, State of New York
No: 02GO5061677
Qualified in New York County
Commission Expires ~~June 10, 1998~~
July 27, 2010

6

A 161-B (10/96)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Ms. Beatriz Veerman | From: |
|---|---|
| | Equal Employment Opportunity Commission |
| | New York District Office |
| | 33 Whitehall Street, 5th Floor |
| | New York, New York 10004-2112 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| : No. | EEOC Representative | Telephone No. |
|---|---|---|
| 107-04167 | Peter A. Holland, Sr. Investigator | 212-336-3781 |

*(See also the additional information attached to this form.)*

**ICE TO THE PERSON AGGRIEVED:**

**VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[   ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[   ]  The EEOC will continue to process this charge.

**e Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed il 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies your case:**

[   ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**jual Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for y violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  03/07/08
Spencer H. Lewis, Jr., District Director    *(Date Mailed)*

iclosure(s)

:: Respondent(s): Deep Blue Group, LLC/Opia

Kenneth A. Goldberg [counsel to charging party]

P0005