Kenneth A. Goldberg, Esq.
Goldberg & Fliegel LLP
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

BEATRIZ VEERMAN AND KHADIJETOU     :
("KADIA") BA,
                                 :        **1:08-CV-05042-LAB**

         Plaintiffs,         :

       - against -       :
                                 :
DEEP BLUE GROUP LLC, OPIA, FREDERICK  :
LESORT, AND ANTOINE BLECH (a/k/a Antoine :
Bleck),
                                 :

        Defendants.     :
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION PURSUANT TO FED. R. CIV. P. 50

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Defendants' Specific Grounds For Their Pre-Verdict Motion For JMOL.. . . . . . 3

      B.    Defendants' Specific Grounds For Their Renewed Motion for JMOL Are Different From Defendants' Specific Grounds For Their Pre-Verdict Motion For JMOL. . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.     DEFENDANTS' RENEWED MOTION FOR JMOL SHOULD BE DENIED BECAUSE IT IS NOT BASED ON THE SPECIFIC GROUNDS OF THE PRE-VERDICT MOTION FOR JMOL
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.    THE RIGOROUS STANDARD FOR JUDGMENT AS A MATTER OF LAW. . . . . . 8

      A.    A Rule 50 Motion To Overturn a Jury Verdict Faces a High Bar. . . . . . . . . . . . 8

      B.    A New Trial, Not Judgment, Is Favored Relief Under Rule 50. . . . . . . . . . . . . . 9

III.   DEFENDANTS' RENEWED MOTION FOR JMOL AS TO MS. BA'S LABOR LAW CLAIM IS BASED UPON SPECIFIC GROUNDS NOT PREVIOUSLY RAISED, IS LEGALLY BASELESS AND CONTRARY TO THE COURT'S JURY CHARGE . . . . 9

      A.    Defendants Did Not Raise Their Argument In Their  Pre-Verdict Motion For JMOL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      B.    Defendants' Motion As To Plaintiff Ba's Prima Facie Case Is Legally Baseless
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      C.    Defendants Are Wrong As To The Elements Of A Labor Law Retaliation Claim
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      D.    Defendants Agreed To The Jury Charge For Ba's Labor Law Retaliation Claim
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      E.    The Jury Had A Sufficient Evidentiary Basis Under Rule 50 To Find for Ms. Ba On Her Labor Law Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV.   THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JMOL AS TO PUNITIVE DAMAGES AWARDED TO BA UNDER THE LABOR LAW. . . . . . . . . 12

      A.    Defendants' Motion Violates Fed. R. Civ. P. 7. . . . . . . . . . . . . . . . . . . . . . . 12

      B.    Defendants' Renewed Motion Lacks Specificity And Its Grounds Were Not

<u>Raised In Defendants' Pre-Verdict Motion For JMOL</u>. . . . . . . . . . . . . . . . . . 13

C.    <u>The Jury Had a Sufficient Evidentiary Basis Under Rule 50 For Its Award of Punitive Damages</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

D.    <u>The Award Of Punitive Labor Law Damages Is Not A Manifest Injustice</u>. . . . . . 15

V.    THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JMOL
AS TO THE JURY'S PUNITIVE DAMAGES AWARD FOR
SEXUAL HARASSMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

A.    <u>Defendants Did Not Raise Their Arguments In Their Pre-Verdict Motion For JMOL.</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

B.    <u>The Jury Had a Sufficient Evidentiary Basis Under Rule 50 For Its Award of Punitive Damages.</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

C.    <u>Defendants Raise No Valid Argument That The Award Of Punitive Damages Is A Manifest Injustice.</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VI.   THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JMOL
AS TO COMPENSATORY DAMAGES AWARDED TO MS. VEERMAN. . . . . . . . 23

A.    <u>Defendants' Motion Violates Local Rule 7.1(a)</u>. . . . . . . . . . . . . . . . . . . . . . . . 24

B.    <u>Defendants Did Not Raise Their Argument In Their  Pre-Verdict Motion For JMOL.</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

C.    <u>Defendants' Motion As To The Award of Compensatory Damages to Ms. Veerman Is Baseless.</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

## Cases

AIG Global Sec. Lending v. Banc of America Secs. LLC, 646 F. Supp.2d 385 (S.D.N.Y. 2009) (Koeltl, J.), aff'd 2010 WL 2836684 (2d Cir. July 20, 2010) (summary order). . . . . . . . . . . . . . 6

AIG Global Sec. Lending v. Banc of America Secs., LLC, 2010 WL 2836684 (2d Cir. July 20, 2010) (summary order) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11, 14, 15

Baskin v. Hawley, 807 F.2d 1120 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bennett v. Progressive Corp., 225 F. Supp. 2d 190 (N.D.N.Y. 2002). . . . . . . . . . . . . . . . . 20

BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996). . . . . . . . . . . . . . . . . . . . . . 5, 22

Cush-Crawford v. Adchem Corp., 271 F.3d 352 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . 23

Davis v. Rodriguez, 364 F.3d 424 (2d. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . 7, 14, 20, 24

Epifani v. Johnson, 65 A.D.3d 224 (2d Dept. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Exxon Shipping v. Baker, 128 S.Ct. 2605 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fairbrother v. Morrison, 412 F.3d 39 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Farias v. Instructional Systems, Inc., 259 F.3d 91 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . 20

Galdieri-Ambrosini v. Nat. Realty & Development, 136 F. 3d 276 (2d Cir. 1998). . . . . . 7, 13, 20

Gray v. Evercore Restructuring, LLC, 544 F.3d 320 (1st Cir. 2008) . . . . . . . . . . . . . . . . . . 13

Greenbaum v. Handelsbanken, 67 F.Supp.2d 228 (S.D.N.Y. 1999) (Sotomayor, Circuit Judge) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Harris vs. Forklift Systems, Inc., 510 U.S. 17 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Hudacs v. Frito-Lay, 90 N.Y.2d 342 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Iannone v. Frederic R. Harris, Inc., 941 F.Supp 403 (S.D.N.Y. 1996) (Francis, M.J.). . . . . . . 22

Jin v. Metropolitan Life Ins. Co., 295 F.3d 335 (2d Cir.2002). . . . . . . . . . . . . . . . . . . . . . 21

Kirsch v. Fleet St., Ltd., 148 F.3d 149 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

Kolstad v. American Dental Association, 527 U.S. 526 (1999). . . . . . . . . . . . . . . . . . . . 20, 21

Kosmynka v. Polaris Indus., Inc., 462 F.3d 74 (2d Cir.2006). . . . . . . . . . . . . . 8, 12, 15, 22, 25

Lambert v. Genesee Hosp., 10 F. 3d 46 (2d Cir. 1993), cert. denied, 511 U.S. 1052 (1994). . . . . 6

Lavin-McEleney v. Marist Coll., 239 F.3d 476 (2d Cir.2001). . . . . . . . . . . . . . . . . . . . . . . 8

Lavoie v. Pacific Press & Shear Co., 975 F.2d 48 (2d Cir.1992). . . . . . . . . . . . . . . . . . . . . . . 11

Manzo v. Sovereign Motor Cars, Ltd., No. 08-CV-1229 (JG) (SMG), 2010 WL 1930237 (E.D.N.Y. May 11, 2010) (Gleeson, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

McCardle v. Haddad, 131 F.3d 43 (2d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14, 20, 24

McCavitt v. Swiss Reinsurance America Corp., 237 F. 3d 166 (2d Cir. 2001). . . . . . . . . . . . . 11

Mercer v. New York Trap Rock Corporation, 91 F. Supp. 434 (S.D.N.Y. 1950) (Byers, J.). . . . 9

Meriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Murphy v American Home Prods. Corp., 58 N.Y.2d 293 (1983). . . . . . . . . . . . . . . . . . . . . . . . 11

Nicholls v. Brookdale University Hospital Medical Center, No. 03CV6233, 2004 WL 1533831 (E.D.N.Y. July 9, 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Samuels v. Air Transport Local 504, 992 F.2d 12 (2d Cir. 1993). . . . . . . . . . . . . . . . . . . . . 6, 24

Seever v. Carrols Corp., 528 F.Supp.2d 159 (W.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . 11

Sir Speedy, Inc. v. L&P Graphics, Inc., 957 F.2d 1033 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . 8

Sojak v. Hudson Waterways Corp., 590 F.2d 53 (2d Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . 7

Solis-Vicuna v. Notias, 71 A.D.2d 868, 898 N.Y.S.2d 45 (2d Dept. 2010). . . . . . . . . . 14, 16, 17

State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003). . . . . . . . . . . . . . . . . . . . . . 22

Thomas v. iStar Financial, Inc., 508 F.Supp.2d 252 (S.D.N.Y. 2007) (Marrero, J.). . . . . . . . . 22

Ting Yao Lin v. Hayahsi Ya II, Inc., 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009) (Peck, M.J.), adopted 2009 WL 513371 (S.D.N.Y. Feb. 26, 2009) (Scheindlin, J.). . . . . . . . . . . . . . . . . . . . . 18

Unitherm Food v. Swifteckrich, 546 U.S. 394 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Virgilio v. City of New York, 407 F. 3d 105 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Statutes**

N.Y. Lab.  Law § 193. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

N.Y. Lab.  Law § 198-a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

N.Y. Lab.  Law § 215. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 12, 18, 19

N.Y. Local Law No. 85 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

N.Y.C. Admin. Code § 8-101 <u>et seq.</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**<u>Rules</u>**

12 N.Y.C.R.R. § 137-2.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. 50. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 9, 12, 24

Fed. R. Civ. P. 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

Fed. R. Civ. P. 7(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Local Rules of the United States District Courts for the Southern and Eastern Districts of New York</u>, R. 7.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**<u>Other Authorities</u>**

36 N.Y. Jur. 2d § 181. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## PRELIMINARY STATEMENT[1]

Plaintiffs Beatriz Veerman ("Ms. Veerman") and Khadijetou Ba ("Ms. Ba") submit this Memorandum of Law in opposition to Defendants' post-trial motion for judgment as a matter of law ("JMOL"). On July 23, 2010, Defendants filed a post-trial motion challenging the jury's verdicts for Plaintiffs. (Docket Nos. 68, 69, 70). On August 9, 2010, Defendants filed a Notice of Withdrawal purporting to "withdraw all the portions of the motion seeking a new trial or remittitur of damages pursuant to Rule 59" and to "withdraw any part of its motion that can only be granted by giving Plaintiffs the option of agreeing to a lowered amount of damages or instead opting for a new trial." (Goldberg Cert., Exh. L). On August 9, 2010, Defendants filed a slightly revised memorandum of law, referred to herein as "Def. Rev. Br." (Docket No. 84). As "revised," Defendants' motion seeks: (1) "Judgment setting aside plaintiff Ba's Labor Law retaliation claim as against the weight of the evidence" [sic]; (2) "Judgment setting aside plaintiff Ba's Labor Law punitive damages award"; and (3) "Judgment setting aside plaintiff Ba and Veerman's punitive damages awards for sexual harassment". (Def. Rev. Br. 1).

Defendants' revised post-trial motion is as frivolous as that part of their motion that Defendants withdrew. First, Defendants' specific grounds for their post-trial motion for JMOL were <u>not</u> raised in, and <u>differ</u> from, Defendants' specific grounds for their pre-verdict motion for JMOL. This mandates denial of Defendants' motion. Second, Defendants' specific grounds for their post-trial motion for JMOL are baseless even if Defendants had based their pre-verdict JMOL motion on the same specific grounds (which they did not). Third, notwithstanding the clear impropriety of Defendants' post-trial motion for JMOL, there has been no manifest injustice. Accordingly, Defendants' motion should be denied in full.

---

[1] Citations to "Goldberg Cert." are to the Certification of Kenneth A. Goldberg in opposition to Defendants' motion. Citations to "Tr." are to pages from the trial transcript in this matter, copies of which are attached as Exhibit A to the Goldberg Cert. Citations to "Exh. __" are to the appropriate Exhibit attached to the Goldberg Cert. Citations to "Pl. Trial Exh. __" are to the appropriate Plaintiff's Trial Exhibit attached to the Goldberg Cert. Citations to "Docket No." are to the Court's Docket Report of this action, a copy of which is attached to the Goldberg Cert.

## STATEMENT OF FACTS

On June 11, 2010, the parties began a jury trial in this Court on, inter alia, Plaintiffs' claims of sexual harassment under the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 290 et seq., and New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. ,and Plaintiff Ba's claim of unlawful retaliation under Section 215 of the New York Labor Law (referred to herein as Ms. Ba's "Labor Law" claim).  Plaintiffs' claims arose in connection with their employment as waitresses at an upscale mid-town restaurant, Opia, and were asserted against Opia, Deep Blue Group LLC ("Deep Blue Group") and owner-managers Frederick Lesort ("Lesort") and Antoine Blech, a/k/a Antoine Bleck ("Blech").  The parties presented evidence on June 11, 14 and 15, 2010.

On June 15, 2010, the case was submitted to the jury for deliberation.  (Tr. 690-694). Significantly, Defendants did not object to the jury charges that the Court read to the jury.  (Tr. 549:25-550:12; Tr. 697:14; Goldberg Cert., Exh. D [Court Instructions]).  On June 16, 2010, the jury returned its verdicts, including verdicts finding that: (1) Lesort had unlawfully sexually harassed/retaliated against Veerman; (2) Blech had unlawfully sexually harassed/retaliated against Ba; (3) Defendants unlawfully retaliated against Ba in violation of the Labor Law; (4) Veerman was entitled to $10,000 in compensatory damages, and $10,000 in punitive damages against Lesort on her sexual harassment/retaliation claims; (5) Ba was entitled to $5,000 in punitive damages against Blech on her sexual harassment/retaliation claims; and (6) Ba was entitled to $3,000 in lost earnings and $24,000 in punitive damages against Deep Blue Group on her Labor Law retaliation claim.  The jury awarded an aggregate of $20,000 to Veerman and an aggregate of $32,000 to Ba.  (Tr. 737-42; Goldberg Cert., Exh. B [Verdict Sheets]).[2]

---

[2]Subsequent to trial and on July 23, 2010, Plaintiffs moved, inter alia, for entry of judgment against Defendant Deep Blue Group for violations of Title VII, NYSHRL and NYCHRL on Plaintiffs' claims of sexual harassment/retaliation. If Plaintiffs motion were granted Defendant Deep Blue Group would be joint and several liability for, among other items, the lost earnings and compensatory damages awarded by the jury to Plaintiffs for sexual harassment/retaliation and statutory attorneys' fees.  (Docket Nos. 78, 79, 80).

**A.**   **Defendants' Specific Grounds For Their Pre-Verdict Motion For JMOL**

On June 14, 2010 and before the case was submitted to the jury, Defendants made a general, non-specific "motion for a directed motion [sic]". (Tr. 508:8). Based on the in-Court colloquy on the record, Defendants' pre-verdict motion was interpreted as one for judgment as a matter of law under Fed. R. Civ. P. 50(a). (Tr. 508:7-12). On June 15, 2010 and before the case was submitted to the jury, Defendants argued their motion for JMOL. Defendants' motion was entirely based upon oral argument and colloquy and Defendants did not file any memorandum of law or other written submission in support of their JMOL motion.

At most, Defendants' JMOL motion was limited to the following grounds:

1. Defendants made a non-specific JMOL motion as to the "sufficiency of the evidence" (Tr. 511:9) of Plaintiffs' claims of race-based discrimination, harassment and retaliation, based on the colloquy of the Court and the parties' respective counsel (Tr. 511:9-529:4).

2. Defendants made a JMOL motion as to "the issue of punitives." (Tr. 529:7). The colloquy shows that Defendants' motion was limited to specific grounds of the sufficiency of Plaintiffs' proof of (i) lost earnings (Tr. 529:9-23); (ii) Defendants' financial ability to pay punitive damages (Tr. 529:24-532:5); and (iii) the persistence of Defendants' sexually harassing conduct. (Tr. 532:6-15).

3. Defendants made a non-specific JMOL motion as to "emotional damages as well, the emotional distress." (Tr. 532:16-23).

4. Defendants made a non-specific JMOL motion as to "retaliation." (Tr. 533:1-2).

5. Defendants made a JMOL motion as to the sufficiency of Plaintiffs' proof of lost earnings damages on the specific grounds that there were no tax returns in Plaintiffs' case-in-chief. (Tr. 533:5-14).

6. Defendants made a JMOL motion as to the sufficiency of Plaintiffs' proof as to whether "they are maitre d's as opposed to managers" in connection with Plaintiffs' unlawful misappropriation of tips claims. (Tr. 533: 17- 534:14).

7. Defendants stated that "there are claims on the basis of retaliation on the basis of sex [and] there is also a constructive discharge claim for the issue of Ms. Ba." (Tr. 536:16-537:14).

The Court considered Defendants' motion for JMOL and then denied that motion in the entirety, except as to Plaintiffs' claims of race-based retaliation and harassment. (Tr. 535-539). The Court based its decisions on the sufficiency of the evidence, without objection by Defendants.

(Tr. 536:15-539:3).  The trial record reflects that Defendants did not object to the Court's interpretation of their motion.

On June 16, 2010, and subsequent to submission of the case to the jury but before the jury returned its verdicts, Defendants made a lengthy argument challenging the availability of punitive damages under Section 215 of the Labor Law.  (Tr. 727:17-733:24).  Defendants' frivolous argument was properly rejected by the Court.  (Tr. 733:18-734:13).

**B.     Defendants' Specific Grounds For Their Renewed Motion for JMOL Are Different From Defendants' Specific Grounds For Their Pre-Verdict Motion For JMOL**

On July 23, 2010, Defendants filed a notice of a post-trial motion for JMOL under Fed. R. Civ. P 50 and for a new trial and/or remittitur under Fed. R. Civ. P. 59, and a memorandum of law.  (Docket Nos.68, 69, 70).  On August 9, 2010, Defendants filed a "Notice of Withdrawal of Portion of Defendants' Post Trial Motion" ("Withdrawal Notice") (Goldberg Cert., Exh. L) together with a slightly revised memorandum of law in support ("Defendants' Revised Brief").  (Docket No. 84).  The Withdrawal Notice states that Defendants (1) "withdraw all the portions of the motion seeking a new trial or remittitur of damages pursuant to Rule 59" and (2)  "withdraw any part of its motion that can only be granted by giving Plaintiffs the option of agreeing to a lowered amount of damages or instead opting for a new trial".  (Goldberg Cert., Exh. L).  However, Defendants admit that their Rule 50-only "revised" brief (Docket No. 84) is basically "unchanged in substance" from their originally-submitted combined Rule 50/59 brief (Docket No. 70).  (Goldberg Cert., Exh. N).

According to Defendants' "Preliminary Statement" to their Revised Brief, filed on August 9, 2010, Defendants now seek the following relief in their post-trial motion:

1.      "Judgment setting aside plaintiff Ba's Labor Law retaliation claim as against the weight of the evidence";

2.      "Judgment setting aside plaintiff Ba's Labor Law punitive damage award"; and

3.      "Judgment setting aside plaintiff Ba and Veerman's punitive damages awards for sexual harassment".

(Def. Rev. Br. 1).

4

In the body of Defendants' Revised Brief, Defendants assert numerous challenges to the jury's verdicts and a laundry list of arguments underlying those challenges, none of which were raised in Defendants' pre-verdict motion for JMOL:

1.      Defendants argue that Ms. Ba allegedly failed to establish a prima facie case under the Labor Law (Def. Rev. Br. 4, Point 3.a) and her Labor Law claim "fails as a matter of law and must be dismissed" (Def. Rev. Br. 7);

2.      Defendants argue that jury's award of punitive damages in connection with Ms. Ba's Labor Law claim "should be reduced to $3,000 or dismissed" (Def. Rev. Br. 7) or vacated (Def. Rev. Br. 7, n. 1; Def. Rev. Br. 11) because:

  (a)     the punitive damages awarded are allegedly excessive on Constitutional grounds under <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996) (Def. Rev. Br. 7, Point 3.b);

  (b)     Defendants' conduct was allegedly "motivated only in an interest to avoid the loss of money by the restaurant, which is an acceptable business reason" (Def. Rev. Br. 8);

  (c)     "the only evidence that the conduct involved repeated actions [of Defendants] was [allegedly] proffered by [Ms.] Ba" (Def. Rev. Br. 8);

  (d)     Ms. Ba was awarded $3,000 in back pay damages for unlawful Labor Law retaliation (Def. Rev. Br. 8-9);

  (e)     the ratio of punitive damages to actual harm allegedly "necessitates a substantial reduction of the punitive damage award" under a Federal maritime law case (Def. Rev. Br. 9);

  (f)     the jury did not award Ms. Ba "compensatory damages to compensate her for emotional pain and suffering, inconvenience and mental anguish" (Def. Rev. Br. 10); and

  (g)     "Southern District and New York courts have [allegedly] generally adopted a garden variety mental anguish standard to awards in retaliation claims [which] means that Ba's award of punitive damages is unsupported by law" (Def. Rev. Br. 10).

3.      Defendants argue that the jury's award of punitive damages under the NYCHRL in connection with Lesort and Blech's sexual harassment:

  (a)     is allegedly excessive on Constitutional grounds under <u>Gore</u> (Def. Rev. Br. 16, Point 4.b);

  (b)     allegedly "does not meet the requisite standard of malice or willful intent" with respect to Lesort (Def. Rev. Br. 17);

  (c)     allegedly lacks an valid basis because no compensatory damages were also awarded (Def. Br. 16-17);

(d)     is allegedly disparate as to the actual harm suffered by Plaintiffs (Def. Rev. Br. 18-21, Point 4.c);

(e)     allegedly deviates materially from reasonable compensation awarded in similar cases in alleged violation of C.P.L.R. § 5501(c) (Def. Rev. Br. 22-24, Point 4.e);

(f)     is allegedly unsupported by evidence of "willful, reckless, or reprehensible conduct" (Def. Rev. Br. 16); and

4.     Defendants argue that the award of compensatory damages to Ms. Veerman under the NYSHRL and NYCHRL should be vacated.  (Def. Rev. Br. 20-21, 24).

Defendants did not raise any of these specific grounds in their pre-verdict motion for JMOL, as shown by the record.  (See Statement of Facts, Subsection "A" above).

## ARGUMENT

## POINT ONE

## DEFENDANTS' RENEWED MOTION FOR JMOL SHOULD BE DENIED BECAUSE IT IS NOT BASED ON THE SPECIFIC GROUNDS OF THE PRE-VERDICT MOTION FOR JMOL

The caselaw regarding Rule 50 motions for JMOL is clear and expressly prohibits a movant from a renewing a motion for JMOL post-trial on grounds not specifically raised in its pre-verdict JMOL motion.  McCardle v. Haddad, 131 F. 3d 43, 51 (2d Cir. 1997) ("a posttrial motion for JMOL can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury").  The movant must provide the "specific reasons" that underlie its motion. Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993) ("specific reason" must be stated ) (citation omitted); Fed. R. Civ. P. 50(a) (requiring motion to specify "the law and facts that entitle the movant to judgment") (emphasis supplied);  see also, e.g., AIG Global Sec. Lending v. Banc of America Secs., LLC, 646 F. Supp.2d 385, 408 (S.D.N.Y. 2009) (Koeltl, J.), aff'd 2010 WL 2836684 (2d Cir. July 20, 2010) (summary order) (post-trial motion for JMOL not preserved when based on specific grounds that were not specified when JMOL motion made at trial under Rule 50(a)).

The specificity requirement is "obligatory."  Lambert v. Genesee Hosp., 10 F. 3d 46, 54

(2d Cir. 1993), <u>cert. denied</u>, 511 U.S. 1052 (1994) (citing Fed. R. Civ. P. 50 Advisory Committee Notes (1991) and stating that "the specificity requirement is obligatory"). Its purpose is to give the non-movant the opportunity "to correct any overlooked deficiencies in the proof" by submitting additional proof to the jury, and to prevent the losing party from using Rule 50(b) as a trap after it is too late to cure such deficiencies.  <u>Davis v. Rodriguez</u>, 364 F.3d 424, 432 (2d. Cir. 2004) ("in no event should the court enter judgment against a party who has not been apprised of the <u>materiality of the dispositive fact</u> and been afforded an opportunity to present any available evidence bearing on that fact") (internal quotation marks and ellipses omitted, emphasis supplied); <u>Meriwether v. Coughlin</u>, 879 F.2d 1037, 1044 (2d Cir. 1989) (specificity requirement "prevents a party who loses at trial from using a j.n.o.v. motion as a 'trap' after it is too late for the winner of the verdict to cure any alleged deficiencies of proof").  Specificity is determined by the motion "of itself or in the context of the ensuing colloquy." <u>Galdieri-Ambrosini v. Nat. Realty & Development</u>, 136 F. 3d 276, 286-87 (2d Cir. 1998).

### B.     The Court May Grant an Improper Rule 50(b) Motion But Only In Presence of Manifest Injustice – And Only For a New Trial

Although the Court cannot under Rule 50 direct entry of judgment as a matter of law when a post-verdict JMOL was not made or was made on new grounds or on grounds not specified in the pre-verdict motion, the Court could in such circumstances order a new trial. However, the Court cannot do so unless the Court finds that a new trial is required to prevent "manifest injustice," an extremely rigorous standard that is clearly not met here.  <u>Baskin v. Hawley</u>, 807 F.2d 1120, 1130 (2d Cir. 1986), <u>quoting</u> <u>Sojak v. Hudson Waterways Corp.</u>, 590 F.2d 53, 54-55 (2d Cir. 1978).  Where, as here, the movant assented to the jury instructions, there is no "manifest injustice." <u>See, e.g.</u>, <u>AIG Global Sec. Lending v. Banc of America Secs.</u>, 2010 WL 2836684 at *3 (2d Cir. July 20, 2010) (summary order) ("[n]or are we persuaded that a potential for injustice exists that would compel us to vacate the jury's verdict despite BAS's failure to address the issue in its pre-verdict motion, especially given that BAS requested that the district court reprise Plaintiffs' theories of the case in the court's jury instructions").

Here, as detailed in the above Statement of Facts, Defendants' renewed post-trial motion for JMOL is based on specific grounds that Defendants <u>failed</u> to raise when they originally made their pre-verdict motion for JMOL. Defendants' failure to raise such grounds in their pre-verdict motion for JMOL bars Defendants from asserting such grounds post-trial and mandates denial of Defendants' motion. Furthermore, here Defendants have failed to raise a "manifest injustice" argument, and in any event the record shows no "manifest injustice."

Significantly, Plaintiffs' counsel requested that Defendants withdraw their renewed Rule 50 motion and even cited caselaw to Defendants' counsel, yet Defendants' counsel refused to withdraw any aspect of Defendants' improper motion for JMOL. (Goldberg Cert. ¶ 16).

## POINT TWO

## THE RIGOROUS STANDARD FOR JUDGMENT AS A MATTER OF LAW

### A.      A Rule 50 Motion To Overturn a Jury Verdict Faces a High Bar

A movant seeking to set aside a jury verdict faces a "high bar." <u>Lavin-McEleney v. Marist Coll.</u>, 239 F.3d 476, 479 (2d Cir.2001). Under Rule 50, a jury verdict should be set aside only where there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture," or where there is "such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [jurors] could not arrive at a verdict against him." <u>Kosmynka v. Polaris Indus., Inc.</u>, 462 F.3d 74, 79 (2d Cir.2006) (citation and internal quotation marks omitted). A Rule 50 motion cannot be granted "if, drawing all reasonable inferences in favor of the nonmoving party and making all credibility assessments in his favor, there is sufficient evidence to permit a rational juror to find in his favor." <u>Sir Speedy, Inc. v. L&P Graphics, Inc.</u>, 957 F.2d 1033, 1039 (2d Cir. 1992) (citation omitted). In considering a Rule 50 motion, the Court "must give deference to all credibility determinations made by the jury and to all reasonable inferences from the evidence that the jury might have drawn in favor of the nonmoving party," and "may not itself weigh the credibility of the witnesses or otherwise consider the weight of the evidence." <u>Vasbinder v. Ambach</u>, 926 F.2d 1333,

1339-40 (2d Cir. 1991) (citations omitted) (alterations in original).

**B.**     **A New Trial, Not Judgment, Is Favored Relief Under Rule 50**

In those cases where, <u>unlike here</u>, a properly renewed motion for JMOL entitles the movant to either judgment or a new trial under Rule 50(b)(1) or (2), the Court is encouraged to submit the case the jury rather than grant judgment as a matter of law outright.  <u>Unitherm Food v. Swifteckrich</u>, 546 U.S. 394, 405 (2006) ("while a district court is permitted to enter judgment as a matter of law when it concludes that the evidence is legally insufficient, it is not required to do so. <u>To the contrary,</u> the district courts are, if anything, encouraged to submit the case to the jury, rather than granting such motions") (emphasis supplied); <u>see, e.g.,</u> <u>Mercer v. New York Trap Rock Corporation</u>, 91 F. Supp. 434, 438 (S.D.N.Y. 1950) (Byers, J.) ("it seems that the ends of justice will be served if a new trial is ordered so that every resource available to either party can be resorted to for the purpose of bringing to light all available testimony which could establish with reasonable certainty all that actually took place at the time and place in question").

**POINT THREE**

**DEFENDANTS' RENEWED MOTION FOR JMOL AS TO MS. BA'S LABOR LAW
CLAIM IS BASED UPON SPECIFIC GROUNDS NOT PREVIOUSLY RAISED, IS
LEGALLY BASELESS AND CONTRARY TO THE COURT'S JURY CHARGE**

In Defendants' renewed motion for JMOL, Defendants assert that Ms. Ba failed to establish a prima facie claim of retaliation under Section 215 of the Labor Law.  (Def. Rev. Br. 1; Def. Rev. Br. 4, Point 3.a).  Defendants' argument is baseless.

**A.**     **Defendants Did Not Raise Their Argument In Their  Pre-Verdict Motion For JMOL**

Defendants' arguments as to the Labor Law, in their post-trial motion for JMOL, were not raised and <u>differ</u> from Defendants' arguments in their pre-verdict motion for JMOL. This mandates denial of Defendants' motion under applicable law.  As shown by the trial transcript, Defendants never argued in their pre-verdict motion for JMOL that (1) Ms. Ba failed to make a prima facie case for retaliation under the Labor Law (Def. Rev. Br. 1; Def. Rev. Br. 4, Point 3.a) or (2) Ms. Ba did not present evidence that she specifically complained that Defendants' practices

9

violated particular provisions of the Labor Law.  (Def. Rev. Br. 7-8).  As matter of law, Defendants' post-trial motion for JMOL is not a proper renewal of a pre-verdict motion for JMOL and should be denied.  See, e.g., AIG, 2010 WL 2836684  at *3 (where post-trial JMOL motion that addresses validity of legal theories of liability and pre-verdict JMOL addressed sufficiency of evidence supporting legal theories of liability, post-trial JMOL motion was not a proper renewal of the pre-verdict JMOL motion).  Further, there was no manifest injustice, because Defendants did not object to the jury instructions regarding Ms. Ba's Labor Law claim. Id.; (Tr. 549:25-550:12; Tr. 697:14).

**B.     Defendants' Motion As To Plaintiff Ba's Prima Facie Case Is Legally Baseless**

Moreover, Defendants' stated grounds for their post-trial motion for JMOL under the Labor Law are baseless even if Defendants had based their pre-verdict JMOL motion on the same grounds (which they did not).  First, once a case has been fully tried on the merits, it is irrelevant whether a prima facie case has been made and, thus, a challenge to the prima facie case is not a basis for a motion for a post-trial JMOL.  Fairbrother v. Morrison, 412 F.3d 39, 55 n.8 (2d Cir. 2005) (the presence or absence of a prima facie case is not relevant for purposes of a motion for JMOL).  Accordingly, Defendants' argument that "Plaintiff Ba Did not [sic] Establish a Prima Facie Case" under the Labor Law (and specifically, Section 215 of the Labor Law) is legally frivolous and should be denied.  (See Def. Rev. Br. 4, Point 3.a; see also Def. Rev. Br. 1). Second, Defendants' motion goes to the weight of the evidence.  (Def. Rev. Br. 1 (seeking "Judgment setting aside plaintiff Ba's Labor Law retaliation claim as against the weight of the evidence")).  This is not the proper standard for assessing a Rule 50 motion. Kirsch v. Fleet St., Ltd., 148 F.3d 149, 161 (2d Cir. 1998) ("[i]n assessing a [Rule 50] motion, the court is not allowed to [ . . . ] consider the weight of the evidence")).  Defendants' motion should be denied.

**C.     Defendants Are Wrong As To The Elements Of A Labor Law Retaliation Claim**

Furthermore, Defendants' argument regarding the elements of a "prima facie" case under the Labor Law (and specifically, Section 215 of the Labor Law) is also wrong.  See Fairbrother,

10

412 F.3d 39, 55 n.8 (considering a JMOL motion challenging a prima facie to be a motion that challenges components of a claim). Defendants boldly assert that the elements of a prima facie case under Section 215 of the Labor Law include a requirement that the employee specifically inform her supervisor that Defendants' practices violated <u>particular provisions</u> of the Labor Law. (Def. Rev. Br. 6-7). Defendants are wrong: Section 215 of the Labor Law merely requires that the employee complain about a specific <u>violation</u> of the Labor Law, and Defendants' highly restrictive reading of the statute has been rejected by New York courts. <u>Epifani v. Johnson</u>, 65 A.D.3d 224, 236 (2d Dept. 2009), <u>citing</u> <u>Murphy v American Home Prods. Corp.</u>, 58 N.Y.2d 293, 302 n.1 (1983). This Court is bound by <u>Epifani</u> and Defendants' citations to District Court opinions – including <u>Nicholls v. Brookdale University Hospital Medical Center</u>, No. 03CV6233, 2004 WL 1533831 at *5 (E.D.N.Y. July 9, 2004) (which <u>Epifani</u> expressly rejected) and <u>Seever v. Carrols Corp.</u>, 528 F.Supp.2d 159 (W.D.N.Y. 2007) (which relies on <u>Nicholls</u>) – are improper. <u>See</u> <u>McCavitt v. Swiss Reinsurance America Corp.</u>, 237 F. 3d 166, 168 (2d Cir. 2001) (rejecting District Court interpretations of New York State law and stating that a District Court is bound to apply New York State law as interpreted by New York's intermediate appellate courts unless it finds persuasive evidence New York Court of Appeals would have reached a different conclusion).

**D.    Defendants Agreed To The Jury Charge For Ba's Labor Law Retaliation Claim**

Defendants' argument is further frivolous because Defendants agreed to the Jury Charge given by the Court to the jury regarding Ms. Ba's claim of unlawful retaliation in violation of Labor Law § 215. (Tr. 549:25-550:12; Tr. 697:14); <u>Lavoie v. Pacific Press & Shear Co.</u>, 975 F.2d 48, 55 (2d Cir.1992) ("[f]ailure to object to a jury instruction or the form of an interrogatory prior to the jury retiring results in a waiver of that objection"). Further, there has been no manifest injustice. <u>AIG</u>, 2010 WL 2836684 at *3 (no injustice where movant failed to object to jury instructions). Accordingly, the Court should deny Defendants' renewed JMOL as to the jury's verdict on Ms. Ba's claim of unlawful retaliation under the Labor Law.

11

**E.    The Jury Had A Sufficient Evidentiary Basis Under Rule 50 To Find for Ms. Ba On Her Labor Law Claim**

Here, Ms. Ba complained to Defendants about their unlawful demand that she personally pay an unpaid customer bill, Ms. Ba refused to pay that bill, and Defendants unlawfully discharged her in retaliation for her protected activity.  Ms. Ba established the elements of a claim under Section 215 of the Labor Law because, among other items, she complained about a specific violation by Defendants of the Labor Law (including Labor Law § 193(2) prohibiting employer from requiring employees to reimburse employer for cash shortfalls).  (Tr. 139-145; see also Tr. 153-155, 177-179, 220-221; Goldberg Cert., Exhs. F, J [Pl. Trial Exhs. 18, 30 and 27 at ¶ 41]).[3] This is sufficient evidentiary basis for the jury's findings.  Accordingly, the Court should deny Defendants' baseless motion.  Fed. R. Civ. P. 50(a); Kosmynka, 462 F.3d 74, 79 (setting out standard for assessing a JMOL motion).

**POINT FOUR**

**THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JMOL AS TO PUNITIVE DAMAGES AWARDED TO BA UNDER THE LABOR LAW**

The Court should deny Defendants' motion for JMOL as to the award of punitive damages to Ms. Ba on her Labor Law retaliation claim.

**A.    Defendants' Motion Violates Fed. R. Civ. P. 7**

Defendants boldly assert that Ms. Ba's "punitive award was [ . . . ] unsupported in law" (Def. Rev. Br. 1) and that "the jury's award as to [Labor Law] damages in unsupported in law." (Def. Rev. Br. 7 n.1).  Defendants' argument is frivolous, as Defendants have failed to provide any legal basis under Rule 50 for their challenge to the award of punitive damages.   Notably, Defendants' "revised" memorandum of law is replete with Constitutional and state law challenges to the amount of damages awarded based on alleged excessiveness, including lengthy discussions of the alleged disparity between the punitive damages award and actual harm, and assertions,

---

[3]Defendants fail to note that Defendants stipulated into evidence Plaintiffs' Complaint, which specifically states that Ms. Ba complained, as well as Defendants' unlawful chargeback policy.  (Tr. 115; Goldberg Cert., Exhs. F, J [Pl. Trial Exhs. 18, 30 and 27 at ¶ 41]).

among others, that (1) the jury's award is "against the weight of the evidence", (2) "fails to meet the <u>Gore</u> standard" and "should be reduced to $3,000", and (3) "the only evidence that the conduct involved repeated actions [of Defendants] was proffered by [Ms.] Ba."  (Def. Br. 1; Def. Rev. Br. 7 ff.).   All of such arguments fall within the scope of Rule 59 or address remittitur, and have been <u>withdrawn</u> by Defendants' Notice of Withdrawal withdrawing that part of Defendants' motion seeking remittitur.  (Goldberg Cert., Exh. L); <u>see also</u> <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 161 (2d Cir. 1998) ("[i]n assessing a [Rule 50] motion, the court is not allowed to [ . . . ] consider the weight of the evidence")).

Defendants do not provide any valid legal or factual support for their argument that the award of punitive damages under the Labor Law is unsupported in law under Rule 50.  As a result, Defendants' motion violates the particularity requirements of Fed. R. Civ. P. 7(b)(1)(B) and should be denied on that ground.  <u>See, e.g.</u>, <u>Gray v. Evercore Restructuring, LLC</u>, 544 F.3d 320, 327 (1st Cir. 2008) (movant's conclusory comment that requests other relief in the alternative fails to satisfy Rule 7 requirements ).

**B.**     **<u>Defendants' Renewed Motion Lacks Specificity And Its Grounds Were Not Raised In Defendants' Pre-Verdict Motion For JMOL</u>**

Even if Defendants' motion is construed to include a challenge to the legally sufficient evidentiary basis for the jury's award of punitive damages under the Labor Law, Defendants' motion is improper because Defendants' did not raise, in their pre-verdict motion for JMOL, the specific grounds upon which Defendants now rely in their renewed post-trial motion for JMOL. In fact, the colloquy during Defendants' pre-verdict motion for JMOL as to punitive damages shows that the specific grounds for that motion was limited to the sufficiency of Plaintiffs' proof of (i) lost earnings (Tr. 529:9-23); (ii) Defendants' financial ability to pay punitive damages (Tr. 529:24-532:5); and (iii) the persistence of Defendants' sexually harassing conduct.  (Tr. 532:6-15).  <u>Galdieri-Ambrosini</u>, 136 F. 3d 276, 286-87 (specific grounds of JMOL motion determined by reference to court colloquy).  Because Defendants' post-trial JMOL is not based upon the specific grounds raised by Defendants in their pre-verdict motion for JMOL,

Defendants' motion is improper and should be denied.  <u>See, e.g.</u>, <u>Davis</u>, 364 F.3d 424, 432 ("in

no event should the court enter judgment against a party who has not been apprised of the

<u>materiality of the dispositive fact</u> and been afforded an opportunity to present any available

evidence bearing on that fact") (internal quotation marks and ellipses omitted, emphasis supplied);

<u>McCardle v. Haddad</u>, 131 F. 3d 43, 51 (2d Cir. 1997) ("a posttrial motion for JMOL can properly

be made only if, and to the extent that, such a motion specifying the same grounds was made prior

to the submission of the case to the jury").  Further, there was no manifest injustice, because (1)

Defendants assented to the jury charge presented by the Court to the jury on the Labor Law claim

(Tr. 549:25-550:12, 697:14; Goldberg Cert., Exh. D [Court Instruction 18]; <u>AIG</u>, 2010 WL

2836684 at *3), and (2) as noted below, there was legally sufficient evidentiary basis for the jury's

award of punitive damages.

## C.      The Jury Had a Sufficient Evidentiary Basis Under Rule 50 For Its Award of Punitive Damages

In any event, the jury's award of punitive damages as against Defendant Deep Blue Group

on Ms. Ba's Labor Law § 215 claim has sufficient evidentiary basis under Rule 50.  Accordingly,

Defendants' post-trial motion for JMOL as to punitive damages under the Labor Law is baseless.

As recently stated by the New York Appellate Division, Second Department:

> Even absent proof of a mens rea of intent, punitive damages may be
> assessed where a defendant's actions evince a high degree of moral
> culpability or demonstrate a wanton or reckless disregard for the rights of
> the plaintiff. Whether to award punitive damages in a particular case is
> primarily a question within the sound discretion of the jury, and an award
> of punitive damages should not be lightly disturbed on appeal.

<u>Solis-Vicuna v. Notias</u>, 71 A.D.2d 868, 898 N.Y.S.2d 45, 49 (2d Dept. 2010) (citations omitted);

(<u>see also</u> Goldberg Cert., Exh. D [Court Instruction 18]).

The jury's award of punitive damages to Ms. Ba on her Labor Law § 215 claim has

sufficient evidentiary basis under Rule 50.

First, Ms. Ba testified in support of her Labor Law § 215 claim, including among other

items, regarding Defendant Deep Blue Group's unlawful chargeback practices and the fact that

two other employees were also charged back for unpaid customer bills.  (Tr. 139:25-147:25; see also Goldberg Cert., Exh. J [Pl. Trial Exh. 27 at ¶ 41]; Tr. 153-155, 177-179, 220-221).

Second, Defendants' own witness – Maria Jimena Pereyra – prepared a memorandum admitting that Defendant Deep Blue Group had a policy of requiring employees to personally pay for unpaid customer bills, which memorandum stated:  "All our employees are aware that if a client leaves the premises and doesn't sign the credit card slip, it's their responsibility if they claim charges. This can be verified with any of our current employees that have been working for a long time [ . . . ]").  (Goldberg Cert., Exh. F [Pl. Trial Exh. 18]; Tr. 483-484; see also Tr. 481-487, 498-500, 592, 594:23-594:25).  This written policy expressly violates the New York State Labor Law.

Third, Mr. Blech admitted that Ms. Pereyra's memorandum (Goldberg Cert., Exh. F [Pl. Trial Exh. 18]) stated Defendant Deep Blue Group's policy and he testified that Defendants acted in accordance with that policy as against Ms. Ba – i.e., in demanding that she personally pay an unpaid customer bill.  (Tr. 274-275, 294-295).

Fourth, Mr. Lesort admitted that Defendants "have sometime[s] threatened employees to want to collect."  (Tr. 455-456; see also Tr. 459-460).

This evidence provides more than a sufficient evidentiary basis for the award of punitive damages to Ms. Ba on her Labor Law claim of retaliation.  Accordingly, Defendants' motion should be denied.  Kosmynka, 462 F.3d 74, 79 (setting out standard for assessing JMOL motion).

**D.      The Award Of Punitive Labor Law Damages Is Not A Manifest Injustice**

Defendants do not raise any "manifest injustice" argument in their post-trial motion for JMOL. Even if they had, there was no manifest injustice resulting from the jury's proper award of punitive damages to Ms. Ba under the Labor Law.

First, Defendants did not object to the jury instructions regarding punitive damages.  This precludes a finding of "manifest injustice."  (Tr. 549:25-550:12; Goldberg Cert., Exh. D [Court Instruction 18]); AIG, 2010 WL 2836684 at *3 (no injustice where movant failed to object to jury

15

instructions).

Second, Defendants' assertion that purely economic harm is not a valid basis for punitive damages on Due Process grounds completely mis-states the law and facts and is frivolous.  (Def. Rev. Br. 7-8); <u>Solis-Vicuna</u>, 71 A.D.2d 868, 898 N.Y.S.2d 45, 49.

Third, Defendants argue that Defendant Deep Blue Group's unlawful policy of charging waitresses for unpaid customer bills was not malicious, and therefore does not support punitive damages.  (Def. Rev. Br. 9).  Defendants' argument is frivolous. <u>Solis-Vicuna</u>, 71 A.D.2d 868, 898 N.Y.S.2d 45, 49 (reckless disregard as well as malice is a basis for punitive damages).  In any event, the jury was not asked to award punitive damages in connection with Defendant Deep Blue Group's violation of Section 193 of the Labor Law (prohibiting employer from charging back employee for unpaid customer bills).  Rather, the jury was asked to award punitive damages in connection with Defendant Deep Blue Group's unlawful retaliation against Ms. Ba for her protected activity in violation of Section 215.  (Goldberg Cert., Exh. B [Verdict Sheets]).  Further, Defendant Deep Blue Group's conduct demonstrated a wanton or reckless disregard for the rights of Plaintiff Ba.  <u>Solis-Vicuna</u>, 71 A.D.2d 868, 898 N.Y.S.2d 45, 49 (reckless disregard as a basis for punitive damages).

Fourth, even if the jury considered Defendant Deep Blue Group's violation of Section 193 (prohibiting employer from charging back employee for unpaid customer bill), the evidence at trial established that Defendant Deep Blue Group had a policy of requiring an employee to pay unpaid customer bills – a policy that violates Section 193 of the Labor Law. As noted above, Defendants' own witness – Maria Jimena Pereyra – prepared a memorandum admitting that Defendant Deep Blue Group had a policy of requiring employees to personally pay for unpaid customer bills, which memorandum stated:  "All our employees are aware that if a client leaves the premises and doesn't sign the credit card slip, it's their responsibility if they claim charges. This can be verified with any of our current employees that have been working for a long time [ . . . ]").  (Goldberg Cert., Exh. F [Pl. Trial Exh. 18]; Tr. 483-484; <u>see also</u> Tr. 481-487, 498-500, 592, 594:23-

16

594:25).  Mr. Blech admitted that Ms. Pereyra's memorandum (Goldberg Cert., Exh. F [Pl. Trial Exh. 18]) stated Defendant Deep Blue Group's policy and he testified that Defendants acted in accordance with that policy as against Ms. Ba – i.e., in demanding that she personally pay an unpaid customer bill.  (Tr. 274-275, 294-295).  Mr. Lesort admitted that Defendants "have sometime[s] threatened employees to want to collect." (Tr. 455-456; see also Tr. 459-460).

Defendant Deep Blue Group's policy is a clear violation of Labor Law § 193(2), which states "[n]o employer shall [ . . . ] require an employee to make any payment by separate transaction unless such charge or payment is permitted as deduction from wages" in compliance with government requirements or as expressly authorized in writing by the employee and for the benefit of the employee in accordance under the provisions § 193(1). N.Y. Lab. Law § 193; see also 12 N.Y.C.R.R. § 137-2.5 ("Deductions from Wages") ("examples of prohibited deductions are: [ ] (2) deductions for cash shortages or losses"); Hudacs v. Frito-Lay, 90 N.Y.2d 342, 348 (1997) (deductions of cash shortfall amounts from wages of waiters unlawful).

Defendant Deep Blue Group, as a New York employer, is deemed to be on notice of Section 193 of the Labor Law, which prohibits such unlawful chargebacks and the Labor Law provides for imprisonment and up to $20,000 in criminal fines for Labor Law § 193 violations. N.Y. Lab. Law § 198-a.  In their motion, Defendants somehow deny that their unlawful chargeback requirement – which was conclusively established at trial and about which Ms. Ba complained – is unlawful under the Labor Law.  (See, e.g., Def. Rev. Br. 8 (Defendant Deep Blue Group's "treatment of Ms. Ba" was "motivated only in an interest to avoid the loss of money by the restaurant, an acceptable business reason").  The jury heard all the evidence and Defendants do not cite any trial evidence that could conceivably lead any juror to find that Defendant Deep Blue Group's demand that Ms. Ba personally pay an unpaid customer bill was somehow motivated by any "valid business reason" or even by any lawful purpose.  Defendant Deep Blue Group's conduct – as established at trial through documents and witness testimony – demonstrated a wanton or reckless disregard for the rights of Ms. Ba.  Solis-Vicuna v. Notias, 71

17

A.D.2d 868, 898 N.Y.S.2d 45, 49 (reckless disregard as a basis for punitive damages).

Fifth, Defendants' reliance on Exxon Shipping v. Baker, 128 S.Ct. 2605 (2008) for their argument that a ratio of punitive damages to compensatory damages greater than 1:1 is excessive and "necessitates a substantial reduction in the punitive damages award" (Def. Rev. Br. 9) is frivolous because Defendants have withdrawn their request for remittitur. (Goldberg Cert., Exh. L).[4]

Sixth, Defendants assert that punitive damages are improper because the jury did not award Ms. Ba "compensatory damages to compensate her for emotional pain and suffering, inconvenience and mental anguish". (Def. Br. 10). This is frivolous. First, the very case on which Defendants' base their argument awards punitive damages without an award of emotional distress damages. (Def. Br. 10, citing Ting Yao Lin v. Hayahsi Ya II, Inc., 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009) (Peck, M.J.), adopted 2009 WL 513371 (S.D.N.Y. Feb. 26, 2009) (Scheindlin, J.)). Second, it is blackletter New York law that an award of nominal damages is sufficient basis for an award of punitive damages. 36 N.Y. Jur. 2d § 181; see also, e.g., Virgilio v. City of New York, 407 F. 3d 105, 117 (2d Cir. 2005) ("some compensatory injury" is a predicate for an award of punitive damages under New York law). In this case, the jury awarded $3,000 in back pay damages to Ms. Ba in compensation for her lost earnings. (Goldberg Cert., Exh. B [Verdict Sheets]). Third, an award of punitive damages in the absence of emotional distress damages is authorized by statute. N.Y. Lab. Law § 215(2) ("[t]he court shall have jurisdiction to [ . . . ] order all appropriate relief" for a violation of § 215(1)).

Seventh, Defendants' reliance on Ting Yao Lin, 2009 WL 289653 (Def. Rev. Br. 10) is

---

[4]In any event, Exxon is easily distinguishable on its facts: "That case, addressing the question of whether a $4.5 billion punitive damage award complied with judicially created federal maritime law, held that a ratio of 1:1 is the fair upper limit in maritime tort cases 'of reckless action, profitless to the tortfeasor, resulting in substantial recovery for substantial injury.' 128 S. Ct. at 2632. That combination of facts is not present here." Manzo v. Sovereign Motor Cars, Ltd., No. 08-CV-1229 (JG) (SMG), 2010 WL 1930237 at n.7 (E.D.N.Y. May 11, 2010) (Gleeson, J.) (rejecting Exxon as basis for reviewing punitive damages in a sexual harassment case).

inappropriate  because Defendants have withdrawn their request for remittitur.  (Goldberg Cert., Exh. L).  Further, that case underlined supports an award of punitive damages, in direct contravention of Defendants' frivolous arguments in their brief – and in direct contravention of their arguments at trial that Labor Law § 215 does not provide for punitive damages at all.  (Tr. 727:17-733:24)**.**  In this case, a jury–after hearing all the evidence–correctly found Deep Blue Group liable for punitive damages.

In sum, Defendants' arguments against the award of punitive damages to Ms. Ba for Deep Blue Group's violation of Labor Law § 215 are frivolous because they are improperly renewed, fail in light of the legally sufficient evidence considered by the jury, are beyond the scope of Defendants' motion because they address remittitur, and because there is no manifest injustice. The Court should not disturb the jury's award of punitive damages.

## POINT FIVE

## THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JMOL AS TO THE JURY'S PUNITIVE DAMAGES AWARD FOR SEXUAL HARASSMENT

The Court should deny Defendants' motion for JMOL as to the jury's award of punitive damages for sexual harassment.  Defendants argue that "The Punitive Awards for Sexual Harassment Awarded to Veerman and Ba Are Unsupported by Law" (Def. Br. 1; Def. Br. 11, Point 4).   Defendants' arguments are, again, frivolous and unsupported by fact or law.

**A.**     **Defendants Did Not Raise Their Arguments In Their Pre-Verdict Motion For JMOL**

Defendants argue that the jury's award of punitive damages as against Lesort and Blech for sexual harassment should be nullified essentially because: (1) the amount awarded is allegedly excessive on Constitutional grounds (Def. Rev. Br. 16, Point 4.c) because there are no compensatory damages (Def. Rev. Br. 16-17) and because the amount awarded is disparate as to the actual harm suffered by Plaintiffs (Def. Rev. Br. 18-21, Point 4.c); (2) the amount awarded deviates materially from reasonable compensation awarded in similar cases in alleged violation of C.P.L.R. § 5501(c) (Def. Rev. Br. 22, Point 4.e); and (3) the award is unsupported by evidence of

19

actual malice by Blech and Lesort (Def. Rev. Br. 16).

As a preliminary matter, Defendants' motion should be denied because Defendants did not raise any of these specific grounds in their pre-verdict motion for JMOL. Rather, the in-Court colloquy on the record pertaining to Defendants' pre-verdict motion for JMOL as to punitive damages shows that the specific grounds for that motion were limited to the sufficiency of Plaintiffs' proof of (i) lost earnings damages (Tr. 529:9-23); (ii) Defendants' financial ability to pay punitive damages (Tr. 529:24-532:5); and (iii) the persistence of Defendants' sexually harassing conduct. (Tr. 532:6-15); Galdieri-Ambrosini, 136 F. 3d 276, 286-87 (specific grounds of JMOL motion determined by reference to court colloquy). Because Defendants' post-trial motion for JMOL as to punitive damages is based on none of the three specific grounds on which Defendants based their pre-verdict motion for JMOL as to punitive damages, Defendants' motion is improper and should be denied. See, e.g., Davis, 364 F.3d 424, 432 ("in no event should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact") (internal quotation marks and ellipses omitted, emphasis supplied); McCardle, 131 F. 3d 43, 51("a posttrial motion for JMOL can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury").

## B.     The Jury Had a Sufficient Evidentiary Basis Under Rule 50 For Its Award of Punitive Damages

Second, Defendants' motion is frivolous on the law. In this case, the trial record is replete with evidence of Defendants's egregious conduct that evidences malicious intent and reckless indifference to the protected rights of Plaintiffs. Kolstad v. American Dental Association, 527 U.S. 526, 529-536 (1999) (bases of sexual harassment punitive damages include malice, as shown by egregious conduct, and reckless indifference to the protected rights of an aggrieved party); Farias v. Instructional Systems, Inc., 259 F.3d 91, 101-02 (2d Cir. 2001) (applying Kolstad to award of punitive damages under the NYCHRL); Bennett v. Progressive Corp., 225 F. Supp. 2d 190, 203 (N.D.N.Y. 2002) (addressing a hostile work environment case and stating: "'[r]equiring

20

an employee to engage in unwanted sex acts is one of the most pernicious and oppressive forms of sexual harassment that can occur in the workplace.' <u>Jin v. Metropolitan Life Ins. Co.</u>, 295 F.3d 335, 344-45 (2d Cir.2002) (<u>citing Harris vs. Forklift Systems, Inc.</u>, 510 U.S. 17, 22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), and noting that the Court called such conduct 'appalling' and 'especially egregious'").[5]  The Court's jury instructions, to which Defendants' did not object, accorded with the Supreme Court's standard as articulated in <u>Kolstad</u>.  (Tr. 549:25-550:12; Goldberg Cert., Exh. D [Court Instruction 18]).

In this case, the Court properly and flatly rejected Defendants' pre-verdict motion for JMOL (Tr. 532:6-12, 535:7-9)  and the jury's award of punitive damages is supported by sufficient evidentiary basis that Defendants acted in the face of a perceived risk that their actions violated law and that Defendants' conduct was "egregious conduct" evidencing malice, including:

(1)     Testimony of Ms. Ba regarding incidents of sexual harassment (Tr. 123-133, 149-155, 168-176) her complaints (Tr. 127-128, 130-132, 204), and Ms. Veerman's supporting testimony (Tr. 329, 369-371);

(2)     Testimony of Mr. Blech regarding his interractions with Ms. Ba, which supported her claims of sexual harassment (Tr. 263, 265-6, 272-3, 278, 289-92);

(3)     Testimony of Ms. Veerman regarding incidents of sexual harassment (Tr. 311–325, 353-362, 368-369, 395-398, 419-420) and complaints (Tr. 311-320, 320-323, 358-359, 430-431), and Ms. Ba's supporting testimony (Tr. 149-152, 222), and other incidents of sexual harassment that Ms. Veerman identified (Tr. 327-330, 380, 431-432, 435-437);

(4)     Testimony of Mr. Lesort regarding his interractions with Ms. Veerman, which supported her claims of sexual harassment (Tr. 443-449, 460-461, 473), and other sexual interractions that Mr. Lesort had with other female employees (Tr. 445-446, 461-462, 471-474);

(5)     Plaintiffs' EEOC charges, which were stipulated into evidence (Tr. 115) and which are replete with instances of sexual harassment  (Goldberg Cert., Exhs. H, I [Pl. Trial Exhs. 23 and 24]);

(6)     Plaintiffs' Complaint, which was stipulated into evidence (Tr. 115), which is

---

[5]Defendants mis-state the law by arguing that the "requisite standard" is "malice or willful evil intent"  (Def. Rev. Br. 17) .  As discussed above, the Supreme Court has stated that malice (as evidenced by "egregious conduct") is only one of two bases for the award of punitive damages in cases of harassment; the other basis is "reckless indifference" to the protected rights of an aggrieved individual. <u>Kolstad</u>, 527 U.S. 526, 529-30 (1999).

replete with instances of sexual harassment (Goldberg Cert., Exh. J [Pl. Trial Exh. 27 at ¶¶ 16-25, 28-31, 33-38, 41, 42, 47-56, 58-60]);

(7)     Affidavits of Adesua Okosun, Danielle Duboise and Julie Smith, which were stipulated into evidence (Tr. 115) and set forth instances of sexual harassment (Goldberg Cert., Exh. G [Pl. Trial Exhs. 20, 21, 22]); and

(8)     Defendants' written employer policy against sexual harassment (Goldberg Cert., Exh. E [Pl. Trial Exh. 7 at OPIA 156]), which was stipulated into evidence (Tr. 115), showing that Defendants know that sexual harassment is illegal.[6]

Further, sufficient evidentiary basis as to Defendant Lesort is set out by Defendants themselves in Defendants' Revised Brief.  (Def. Rev. Br. 17).

Because there is more than sufficient evidentiary basis for the award of punitive damages, Defendants' motion should be flatly denied.  Kosmynka, 462 F.3d 74, 79 (setting out standard for assessing JMOL motion).

**C.      Defendants Raise No Valid Argument That The Award Of Punitive Damages Is A Manifest Injustice**

Defendants do not raise a "manifest injustice" argument and there is none to be validly made.

Defendants argue that "Plaintiffs Veerman and Ba's Punitive Damages Awards do not Meet the Reprehensibility Gore Standard [ . . . . ]"  (Def. Br. 16-8, Point 4.c) and cite Gore, 517 U.S. 559, 574-75; State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003); Thomas v. iStar Financial, Inc., 508 F.Supp.2d 252 (S.D.N.Y. 2007) (Marrero, J.); and Iannone v. Frederic R. Harris, Inc., 941 F.Supp 403 (S.D.N.Y. 1996) (Francis, M.J.).   However, Defendants' argument (and the cases Defendants rely upon) apply only to an "excessiveness of damages" argument, which is beyond the scope of Defendants' Rule 50 motion and contrary to Defendants' Notice of Withdrawal withdrawing that part of Defendants' motion seeking remittitur.  (Goldberg Cert., Exh. L).  As noted above, the correct punitive damages standard is set forth in Kolstad and Defendants' motion should be denied.

---

[6]See, e.g., Parrish v. Sollecito, 280 F. Supp. 2d 145, 153 (S.D.N.Y. 2003) (Marrero, J.) (non-compliance with employer sexual harassment policy sufficient to support jury award of punitive damages).

22

Defendants argue that the punitive damages awards are disparate to the actual harm suffered by Plaintiffs.  (Def. Br. 18-21, Point 4.d).  This  is frivolous and contrary to the relevant caselaw.  Cush-Crawford v. Adchem Corp., 271 F.3d 352, 359 (2d Cir. 2001) (actual or nominal damages are not a prerequisite for an award of punitive damages under Title VII); N.Y. Local Law No. 85 (2005) (the "Restoration Act") § 1 (Court required to view Title VII provisions "as a floor below which the [NYCHRL] cannot fall").

Defendants also argue that the punitive damages award are "excessive" under N.Y. C.P.L.R. § 5501(c).  (Def. Br. 22-24, Point 4.e).  Defendants' argument is frivolous because § 5501(c) is inapplicable to an assessment of punitive damages.  Greenbaum v. Handelsbanken, 67 F.Supp.2d 228, 266 (S.D.N.Y. 1999) (Sotomayor, Circuit Judge, sitting by designation) ("Section 5501(c) does not, however, apply to punitive damage awards" but to awards for reasonable compensation).  Defendants' argument also is frivolous because it addresses the alleged excessiveness of the punitive damages, which is beyond the scope of Defendants' Rule 50 motion and contrary to their Notice of Withdrawal withdrawing that part of Defendants' motion seeking remittitur.  (Goldberg Cert., Exh. L).

Defendants argument also is frivolous because Defendants did not object to the jury instructions regarding punitive damages.  (Tr. 549:25-550:12; Goldberg Cert., Exh. D [Court Instruction 18]); AIG 2010 WL 2836684 at *3.  Defendants' motion should be denied.

## POINT SIX

### THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JMOL AS TO COMPENSATORY DAMAGES AWARDED TO MS. VEERMAN

The Court should deny Defendants' motion for JMOL as to the award of compensatory damages to Ms. Veerman. Defendants argue that "[P]laintiff Veerman failed to meet the requisite standards for an award of compensatory damages under the NYSHRL and NYCHRL and therefore that award should be vacated."  (Def. Rev. Br. 1; Def. Rev. Br. 20-21; Def. Rev. Br. 24).  Defendants' motion is completely baseless.

23

## A.      Defendants' Motion Violates Local Rule 7.1(a)

First, Defendants violate Local Rule 7.1(a), which requires Defendants' memorandum of law to be "divided, under appropriate headings, into as many parts as there are points to be determined."  Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, R. 7.1 (emphasis supplied). Willful failure to comply with 7.1 is "sufficient cause for the denial of" Defendants' motion.  Id.  (emphasis supplied). Here, the Table of Contents and Point Headings of Defendants' Revised Brief, as well as the numbered list of grounds for Defendants' motion identified at Def. Br. 1, completely fail to identify Defendants' argument, which Defendants hide in the body of Defendants' Revised Brief.  This is grounds for denial of Defendants' motion and Defendants' motion should be denied.

## B.      Defendants Did Not Raise Their Argument In Their  Pre-Verdict Motion For JMOL

Defendants' motion should be denied because Defendants did not raise these specific grounds in their pre-verdict motion for JMOL.  Defendants made only a general, non-specific statement as to "emotional damages as well, the emotional distress." (Tr. 532:16-18).  Defendants fail to identify the specific grounds for seeking judgment as a matter of law, including the specific "law and facts" required by the text of Rule 50(a).  See, e.g., Davis, 364 F.3d 424, 432 ("in no event should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact") (internal quotation marks and ellipses omitted, emphasis supplied);  McCardle, 131 F. 3d 43, 51 ("a posttrial motion for JMOL can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury"); Samuels, 992 F.2d 12, 15 (movant must provide the "specific reason" that underlies its motion) (citation omitted); Fed. R. Civ. P. 50(a) (requiring motion to specify "the law and facts that entitle the movant to judgment") (emphasis supplied).  Defendants' motion should be denied.

**C.    Defendants' Motion As To The Award of Compensatory Damages to Ms. Veerman Is Baseless**

Defendants' grounds are also legally frivolous.  (Def. Rev. Br. 20-21).  Defendants did not object to the jury charge to compensatory damages.  ((Tr. 549:25-550:12; Goldberg Cert., Exh. D [Court Instruction 18]).  Further, the jury had a sufficient evidentiary basis for its award of compensatory damages to Ms. Veerman as shown by, among other items, her trial testimony. (Tr. 340-342, 367, 421-423).  Defendants' themselves cite this legally sufficient evidence in support of the award of compensatory damages to Ms. Veerman. (Def. Rev. Br. 20).

This is legally sufficient evidence of compensatory damages.  (Goldberg Exh. D [Court Instruction 18]).  Defendants' motion should be denied.  Kosmynka, 462 F.3d 74, 79 (setting out standard for assessing JMOL motion).

## CONCLUSION

The Court should deny Defendants' motion for judgment as a matter of law in its entirety. Plaintiffs request an award of attorneys' fees and costs incurred in responding to the motion.

Dated: New York, New York
        August 19, 2010

                                        GOLDBERG & FLIEGEL LLP

                        By:    /s/ Kenneth A. Goldberg
                               Kenneth A. Goldberg (KG 0295)
                               60 East 42nd Street
                               New York, New York 10165
                               (212) 983-1077
                               Attorneys for Plaintiffs

25