Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| BEATRIZ VEERMAN AND KHADIJETOU ("KADIA") BA, | : | |
| | : | **1:08-CV-05042-LAB** |
| Plaintiffs, | : | |
| - against - | : | |
| | : | |
| DEEP BLUE GROUP LLC, OPIA, FREDERICK LESORT, AND ANTOINE BLECH (a/k/a Antoine Bleck), | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO CORRECT THE JUDGMENT IN ACCORDANCE WITH FED. R. CIV. P. 60**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................... ii

PRELIMINARY STATEMENT....................................................... 1

BACKGROUND................................................................... 1

THE COURT SHOULD GRANT PLAINTIFFS' MOTION AND CONFORM
THE JUDGMENT WITH THE RECORD. ........................................... 3

A.   The Court Should Correct The Judgment So That Plaintiffs Are Granted The Relief To
     Which They Are Entitled. ................................................. 4

B.   The Court Should Make Its Corrections Sua Sponte and Without Notice.......... 5

CONCLUSION.................................................................... 5

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 54(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Local Rule of the United States District Courts for the Southern and Eastern Districts of New York  77.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Other Authorities**

12 Moore's Fed. Prac. 3d § 60.11[1][b].. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## PRELIMINARY STATEMENT[1]

Plaintiffs, by their counsel Goldberg & Fliegel LLP, respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Correct the Judgment in Accordance with Fed. R. Civ. P. 60 (Rule "60").

In accordance with Rule 60, Plaintiffs respectfully move the Court to correct clerical mistakes or mistakes arising from oversight or omission in the Judgment entered on July 27, 2010 (the "Judgment").  Alternatively,  Plaintiffs respectfully request that the Court exercise its authority under Rule 60(a) and make these corrections sua sponte, in the absence of a formal motion and without notice to the parties.

The corrections requested by Plaintiffs cannot be disputed because they reflect the trial record in this case, the jury's verdicts, and the Court's intent.  Plaintiffs respectfully request that such corrections be made as soon as possible without notice because the nature of the clerical mistakes or mistakes arising from oversight or omission adversely affects the ability of Plaintiffs to enforce the Judgment and collect the full amounts awarded as damages by the jury.

## BACKGROUND

The trial in this matter concluded on June 16, 2010, with jury verdicts (i) in favor Plaintiff Khadijetou Ba ("Ms. Ba") as against each Defendant on Ms. Ba's claim of unlawful retaliation under N.Y. Labor Law § 215, awarding Ms. Ba lost earnings of $3,000 and awarding Ms. Ba punitive damages of $24,000 against Defendants Deep Blue Group LLC and Opia, (ii) in favor of Ms. Ba against Defendant Antoine Blech a/k/a/ Antoine Bleck ("Blech") on Ms. Ba's claims of unlawful sexual harassment/retaliation, and awarding Ms. Ba punitive damages of $5,000 against Blech, and (iii) in favor of Plaintiff Beatriz Veerman ("Ms. Veerman") against Defendant Frederick Lesort ("Lesort") on Ms. Veerman's claims of unlawful sexual harassment/retaliation,

---

[1]Citations to "Goldberg Cert." are to the Certification of Kenneth A. Goldberg in support of this motion.  Citations to "Tr." are to pages from the trial transcript in this matter, copies of which are attached as Exhibit A to the Goldberg Cert.  Citations to "Exh. __" are to the appropriate Exhibit attached to the Goldberg Cert.

and awarding Ms. Veerman $10,000 in compensatory damages and $10,000 in punitive damages against Lesort.  The verdicts were recorded on verdict sheets and also read into the record.  (Tr. 737-741 and Goldberg Cert., Exh. B [Verdict Sheets]).  Plaintiffs received notice of the entry of Judgment on the evening of July 27, 2010.  (Goldberg Cert. ¶ 6).

The Judgment does not reflect the jury's verdicts and award of damages.

First, the Judgment fails to reflect the jury's verdict in favor of Ms. Ba as against Blech on Ms. Ba's claims of unlawful sexual harassment/retaliation. Specifically, the first and third paragraphs of the Judgment erroneously state in part, "on the claims that plaintiffs were subject to unlawful sexual harassment or were retaliated against for opposing sexual harassment, the jury finds for defendants [ . . . ] Antoine Blech [ . . . . ]"  (Goldberg Cert., Exh. C [Judgment]) (emphasis supplied).  However, the Verdict Sheets and the trial record expressly reflect that "[w]ith respect to Ms. Ba as against Mr. Blech [on Ms. Ba's sexual harassment/retaliation claim], the jury finds for Ms. Ba." (Tr. 738:23-24 and Goldberg Cert., Exh. B [Verdict Sheets]) (emphasis supplied).  Thus, the Judgement must be corrected.

Second, the Judgment does not correctly reflect the Verdict Sheets (as read into the record) as to the identity of the Defendant against whom the jury imposed liability on Ms. Veerman's claims of unlawful sexual harassment/retaliation.  Specifically, the first and third paragraphs of the Judgment state in part, "the jury having found for plaintiff Veerman for compensatory damages of $10,000 and punitive damages of $10,000 against defendants Opia and Deep Blue" Group on Ms. Veerman's claims of unlawful sexual harassment/retaliation. (Goldberg Cert., Exh. C [Judgment]) (emphasis supplied).  However, the Verdict Sheets and the trial record reflect that it the jury found Mr. Lesort liable for $10,000 in compensatory damages and $10,000 in punitive damages on Ms. Veerman's claims of unlawful sexual harassment/retaliation.  (Tr. 738 and Goldberg Cert., Exh. B [Verdict Sheets]).  Thus, the

Judgment must be corrected.[2]

Third, the second paragraph of the Judgment correctly states, in part, "the jury finds Ba is entitled to punitive damages of $5,000 against Blech only", but the third paragraph of the Judgment erroneously omits reference to such punitive damages entirely.  (Goldberg Cert., Exh. C [Judgment]).  The Judgment also fails to reflect that the jury awarded punitive damages to Ms. Ba as against Blech on Ms. Ba's claims of unlawful sexual harassment/retaliation.  (Tr. 739:8 and Goldberg Cert., Exh. B [Verdict Sheets]).  This warrants correction.

Fourth, the Judgment does not identify the Defendants against whom the jury imposed liability for $3,000 in damages on Ms. Ba's claims of retaliation under the Labor Law. Specifically, the second paragraph of the Judgment reads, in pertinent part: "the jury finds in favor of Kadia Ba against all three defendants" on Ms. Ba's claim of retaliation "for opposing or objecting to defendants' demand that she pay an unpaid customer bill".  (Compare Goldberg Cert., Exh. C [Judgment]  with Goldberg Cert., Exh. B [Verdict Sheets] and Tr. 737-741).  This warrants correction.

All of the above items are either clerical mistakes or other mistakes arising from oversight or omissions in the text of the Judgment under Rule 60. Such mistakes can and should be immediately corrected for purposes of the Court issuing a Judgment that accurately reflects the contents of the Verdict Sheets and the trial record of June 16, 2010.

### THE COURT SHOULD GRANT PLAINTIFFS' MOTION AND CONFORM THE JUDGMENT WITH THE RECORD

Rule 60 allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  In this case, the Court should correct the mistakes and omissions found in the Judgment, which mistakes and omissions are identified and summarized in this motion.

---

[2]Plaintiffs have previously filed a motion to enter judgment against Defendant Deep Blue Group/Opia under Title VII, the NYSHRL and the NYCHRL and for other relief. That motion is currently outstanding and unrelated to Plaintiffs' instant motion, which simply seeks to conform the Judgment to the verdicts as returned by the jury.

3

**A.** **The Court Should Correct The Judgment So That Plaintiffs Are Granted The Relief To Which They Are Entitled**

The Court should grant Plaintiffs' motion and order the Judgment be corrected so that each Plaintiff is granted the relief to which she is entitled as set forth in the record of this case. Fed. R. Civ. P. 54(c) (every "final judgment should grant the relief to which each party is entitled"). Plaintiffs request that the corrected judgment reflect the jury's verdicts and awards of damages. (Tr. 737-741 and Goldberg Cert., Exh. B [Verdict Sheets]).

Although Plaintiffs are constrained by the Court's Local Rules from providing the Court with a proposed form of corrected judgment,[3] Plaintiffs request that the Court include in the corrected judgment the following:

1.   Judgment in favor of Ms. Veerman as against Frederick Lesort on Ms. Veerman's claims of sexual harassment/retaliation, awarding Ms. Veerman compensatory damages of $10,000 as against Frederick Lesort and awarding Ms. Veerman punitive damages of $10,000 as against Frederick Lesort;

2.   Judgment in favor of Ms. Ba as against Antoine Blech a/k/a/ Antoine Bleck on Ms. Ba's claims of sexual harassment/retaliation, awarding Ms. Ba punitive damages of $5,000 as against Antoine Blech a/k/a/ Antoine Bleck;

3.   Judgment in favor Ms. Ba as against Deep Blue Group LLC, Opia, Frederick Lesort and Antoine Blech a/k/a/ Antoine Bleck on Ms. Ba's claim of unlawful retaliation under the N.Y. Labor Law § 215, awarding Ms. Ba lost earnings damages of $3,000 as against Deep Blue Group LLC, Opia, Frederick Lesort and Antoine Blech a/k/a/ Antoine Bleck jointly and severally[4] and awarding Ms. Ba punitive damages of $24,000 as against Deep Blue Group LLC and Opia.

(Tr. 737-74 and Goldberg Cert., Exh. B [Verdict Sheets]). The Court should correct the Judgment.

---

[3] See Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Loc. R. 77.1 (proposed "judgments shall [ . . . ] not be presented directly to the judge").

[4] See 12 Moore's Fed. Prac. 3d (2010) § 60.11[1][b], pp. 60-33 to 60-34 ("If a judgment should, as an undisputed matter of law and fact, reflect that defendants are jointly liable for the entire amount of the judgment, and the verdict fails to reflect that only because the court's jury instructions were ambiguous on point, the court may correct the verdict in the judgment under Rule 60(a)") (citation omitted).

4

**B.**     **The Court Should Make Its Corrections Sua Sponte and Without Notice**

The Court may make the corrections to the Judgment <u>sua sponte</u> and without notice.  Fed. R. Civ. P. 60(a).  The corrections requested by Plaintiffs cannot be disputed because they reflect the trial record in this case, the jury's verdicts, and the Court's intent.  Plaintiffs respectfully request that such corrections be made as soon as possible without notice because the nature of the clerical mistakes adversely affects the ability of the Plaintiffs to enforce the Judgment and collect the full amounts awarded as damages by the jury.  Plaintiffs filed two post-trial motions that should also be reflected in a judgment in this matter.  However, for the reasons set forth herein, the Court should not delay correcting the mistakes and omissions raised by this Rule 60 motion.

<u>CONCLUSION</u>

The Court should grant Plaintiffs' motion in its entirety and correct the Judgment. Alternatively, the Court should correct the Judgment <u>sua sponte</u> and without notice.  Plaintiffs request an award of attorneys' fees and costs incurred in connection with the making of this request.  Plaintiffs request that they be afforded the opportunity to reply to any submission on this matter filed by Defendants.

Dated: New York, New York
      August 20, 2010

GOLDBERG & FLIEGEL LLP

By:    <u>/s/ Kenneth A. Goldberg</u>
        Kenneth A. Goldberg (KG 0295)
        60 East 42nd Street
        New York, New York 10165
        (212) 983-1077
        Attorneys for Plaintiffs