UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
BEATRIZ VEERMAN et ano.,

                            Plaintiffs,         08 Civ. 5042 (WHP)
                                                    (LAB)

      -against-                                            <u>ORDER</u>

DEEP BLUE GROUP L.L.C. et al.,

                            Defendants.
---------------------------------------------------------------X

      On June 16, 2010, the jury awarded Plaintiffs a total of $52,000. The parties have filed multiple post-trial motions. Plaintiffs moved to correct the judgment (Docket number 92); for entry of judgment (Docket number 78); and for an award of attorney's fees, costs, and pre-judgment interest (Docket number 73). Plaintiffs also filed a motion pursuant to Fed. R. Civ. P. 60 asking the Court to extend liability to Defendant Deep Blue Group. Defendants moved pursuant to Fed. R. Civ. P. 50 and 59 for an order rejecting certain claims and reducing certain awards, but then withdrew that motion. They also filed a Rule 50 motion arguing certain awards should be set aside (Docket number 68). Defendants also opposed the motion for attorney's fees. The motions are supported by voluminous declarations, citations to the record, and briefing. The Court will afford Plaintiffs an opportunity to file a reply brief to Defendants' opposition to their motion for

attorney's fees, but finds the remaining motions suitable for decision without oral argument.

**Motion to Correct Judgment (Docket No. 92)**

Plaintiffs point out the judgment, as entered in the docket, does not reflect the verdict.  Accordingly, they have moved to correct the judgment pursuant to Fed. R. Civ. P. 60.  Defendants do not oppose this motion.  Rule 60 permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and this is the case here.

The judgment entered after trial contains several errors.  Specifically, the first paragraph should enter judgment in favor of plaintiff Veerman (not both Plaintiffs) against defendant Lesort (not Defendants Opia and Deep Blue) for $10,000 in compensatory damages and $10,000 in punitive damages. Next, a $5,000 punitive damages award in favor of plaintiff Ba against defendant Blech is correctly noted in the second paragraph, but the third paragraph fails to reflect this award, and therefore requires correction.  Finally, the $3,000 in lost wages awarded to plaintiff Ba should state that the judgment is against all three Defendants who are "jointly and severally liable."

This motion is **GRANTED**.  Plaintiffs' counsel shall submit a revised proposed judgment with copy to Defendants' counsel.  The clerk shall forward this proposed judgment to chambers for approval, pursuant to Fed. R. Civ. P. 58(b)(2)(B).

**Plaintiffs' Motion for Entry of Judgment (Docket No. 78)**

This motion points out inconsistencies in the verdict, and the jury's apparent failure to make certain findings as instructed. It doesn't seek an additional award of damages, but only asks that Opia also be held jointly and severally liable to pay an additional $15,000 of the award. Apparently Plaintiffs filed this motion so they could collect damages on their harassment claims under Title VII of the Civil Rights Act of 1964, under which only employers (not individuals) may be held liable.

Under the instructions, the jury was directed that if it found either of Opia's principals violated Plaintiffs' rights, Opia should be held liable as well. Although the jury found each of the Defendants liable under some theory, it didn't find Opia liable as instructed. The motion is brought under Fed. R. Civ. P. 49(b), which deals with general verdict forms that also include questions of fact for the jury. Defendants correctly point out the motion is not properly brought under Rule 49, and also that Plaintiffs waived relief under Rule 49(b)(3) and (4) by failing to object before the jury was excused.

Plaintiffs could have brought a motion under a different rule to obtain the relief they seek, and likely would have been successful because of the jury's error in failing to follow the Court's instructions. But there is no need to do so at this point, because Defendants Lesort and Blech are individually liable for these damages, as discussed below.

This motion is therefore **DENIED WITHOUT PREJUDICE**.

**Defendants' Motion to Amend the Judgment (Docket No. 68)**

Defendants move pursuant to Fed. R. Civ. P. 50(b) and 59 to vacate certain awards as unsupported by law or evidence, and awards of punitive damages as excessive. Plaintiffs point out a Rule 50(b) motion, a renewed motion for judgment as a matter of law, can only properly be advanced on bases included in an earlier motion for judgment as a matter of law. *See Kirsch v. Fleet Street Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998) (holding that a motion for judgment as a matter of law "may be renewed only on grounds that were specifically articulated before submission of the case to the jury") (citations omitted). The Court has reviewed the transcript, and agrees that, to the extent Defendants now argue the evidence was insufficient to support a verdict for Plaintiffs, they have waived this argument.

Defendants did, however, preserve their argument that punitive damages weren't authorized at all. Likewise, their request to reduce the punitive damages awards is a Rule 59(e) motion, which could not have been brought earlier.

**Claim: Refusal to Pay Customer Bill**

Defendants argue Plaintiff Ba didn't establish a prima facie case for an award of punitive damages for her claim that she was discharged for refusing to pay a customer's check. They principally argue that Ba presented no evidence that she complained of being asked to pay the customer bill, as is required under New York Labor Law. While the evidence presented at trial was in conflict, the jury could reasonably have found she

made clear she refused to pay and was fired as a result. Ba testified a party of customers left without signing a credit card. Months later, she was presented with a formal written notice from Opia's management saying it was their policy that she pay the $569 bill herself and that if she didn't pay, she was fired. She testified she didn't want to pay both because she didn't have the money and because she didn't think it was legal for them to ask her to pay. She later testified she offered to pay half the bill, but the management insisted on the entire $569 by the end of the night or she would be fired.

While Ba didn't testify about a formal refusal to pay, the jury could reasonably have inferred she did so, because she testified she was fired at that time. From her remark about offering to pay half the bill, and about objecting to the request because she thought it was illegal, they could reasonably have inferred she complained about paying the entire bill as demanded. Defendants have cited other evidence contradicting Ba's testimony and suggesting she wasn't fired, but the jury wasn't required to believe this evidence or give it any particular weight.

New York Labor Law § 215 provides for remedies for employer retaliation when an employee complains about a violation under the law, or because the employee has otherwise exercised rights protected under the same law. Here, assuming the jury believed Ba and drew reasonable inferences from her testimony, they could have concluded she was refused to pay the bill, and that she was fired for doing so.

Defendants have not shown this refusal needed to be communicated in any particular fashion, or that Ba was required to cite the law when doing so. *See Epfani v. Johnson*, 882 N.Y.S.2d 234, 244 (N.Y. app. Div. 2009). Although Defendants cite federal cases interpreting § 215 in a stricter fashion, the Court applies New York's own courts' interpretation of its law. *See McCavitt v. Swiss Reinsur. Am. Corp.*, 237 F.3d 166, 168 (2d Cir. 2001). While it is clear Ba was required to complain about a specific violation of New York's Labor Law, she wasn't required to complain formally or to tell her employer which section of the law she thought was being violated. *Epfani*, 882 N.Y.S.2d at 244. Labor Law § 193 forbids employers to make unauthorized deductions from wages, or to require repayments by separate transactions. *Id*. at 244–245. The jury therefore could reasonably have concluded Ba complained about a violation of § 193 and was fired for it.

Citing *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996), Defendants alternatively argue the award of punitive damages was either unwarranted at all, or else excessive. The jury awarded Ba $3,000 in lost wages for this claim, and $24,000 in punitive damages against Opia, an 8:1 ratio which Defendants characterize as "astounding" and "shocking." This award easily meets the *Gore* standard, however, and the ratio is permissible under Supreme Court precedent.

Defendants' explanation is that Opia's generally unenforced policy exists to force wait staff to be careful and not lose the restaurant money through their carelessness. In

6

this case, they point out Ba admitted the credit card slip was unsigned, which they think justified charging her the $569 the restaurant lost.  At trial, however, Ba testified seeing other waitresses being told to pay half the loss, which is why she offered to do so to keep her job.  Even though Defendants' evidence contradicted this, the jury was not required to believe that evidence over Ba's testimony.  Furthermore, from the wording of the warning given to Ba, the jury could reasonably have inferred that Opia did have a policy of requiring wait staff to pay when customers failed to do so.

      Defendants' argument that they were motivated by reasonable business motives is unavailing. While the goal of containing costs and reducing losses is a reasonable one, it does not justify illegal wage deductions.  Furthermore, there is no showing the punishment imposed by Opia's policy is commensurate to its loss.  According to Ba's testimony, Opia's policy and practice was to charge its staff either the full amount or half the amount the customers failed to pay, under threat of job loss.  There was no evidence of any effort to settle on other penalties or even on smaller deductions.  Such deductions, though still illegal, would at least have been more measured.  Instead, the jury accepted Ba's testimony that Opia demanded she go beyond reimbursing Opia for its loss and pay the full face value of the bill, on pain of losing her job.  In other words, Opia was going beyond recoupment of the cost of the food and drink to require payment of lost retail profits.  The jury could reasonably have determined that Opia was habitually taking illegal profits and an eightfold award was required to deter the repetition.  While the harm

was "purely economic" in this case, *see Gore*, 517 U.S. at 576, there was evidence of affirmative misconduct committed repeatedly and deliberately, as a matter of policy against employees who could ill afford to protest. *See id*. at 576–77, 579. Violations of § 193 are punishable by up to $20,000 in fines for each offense, as well as imprisonment. N.Y. Labor Law § 198-a. The punitive damages award is commensurate with the possible fine. *See Gore*, 517 U.S. at 575–76.

*Gore* and its progeny limit punitive damages to the extent necessary to comport with due process. The Supreme Court has "decline[d] to impose a bright-line ratio which a punitive damages award cannot exceed." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). The Supreme Court has, however, made clear that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution . . . ." *Id*. While the amount of damages on this one occasion was small, there was evidence to support a fairly high degree of culpability. The Court need not make its own determination of Defendants' culpability; it is enough that the jury was instructed on the calculation of punitive damages and settled on a permissible amount.

**Claims: Sexual Harassment of Both Plaintiffs**

The jury awarded Plaintiff Veerman actual damages of $10,000 on her sexual harassment claim, plus $10,000 punitive damages against Defendant Lesort only. It awarded Ba nothing in actual damages, but $5,000 in punitive damages against Defendant

Blech. As discussed above, because of jury error only the individual Defendants were held liable. But that makes no difference here, because individuals, and particularly individuals who are owners and decision makers as were Blech and Lesort, can be held liable under other laws. Under provisions cited by Defendants themselves, Blech and Lesort can be held liable under the New York City Human Rights Law.

Defendants rely on the jury's finding for Opia on the harassment claims to argue that Blech's and Lesort's liability for punitive damages must be based solely on their own state of mind. They cite authority for the standard of malice as being a "positive element of conscious wrongdoing." *See Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir. 2001). They also analyze the awards under the *Gore* standard.

Defendants then cite evidence in an effort to show that the jury couldn't reasonably have found Blech or Lesort committed harassing acts with malice. But as with their other evidence-based arguments, these fail. The jury is not required to accept Blech's or Lesort's version of facts, and could reasonably have believed Ba's and Veerman's testimony that they were the recipients of repeated sexual comments, sexual and romantic touching, kissing, requests for dates or favors, and the like. The jury was not required to accept Blech's and Lesort's evidence denying or tending to minimize the impact of these practices. And to the extent they accepted Blech's and Lesort's testimony, they were not required to weigh or construe facts as Defendants' counsel urged them to. In short, there

was adequate evidence for the jury to find both individual Defendants acted maliciously so as to justify an award of punitive damages.

The Plaintiffs' testimony clearly support findings they found the advances unwelcome and offensive, and that they conveyed this to the individual Defendants as well as to others in management positions.

New York law requires the establishment of a compensatory injury before punitive damages can be awarded. *Virgilio v. City of N.Y.*, 407 F.3d 105, 117 (2d Cir. 2005). The jury found for Ba against Blech, and therefore necessarily found she had suffered an injury. But under New York law, an award of either compensatory or nominal damages is a prerequisite for an award of punitive damages. *Bryce v. Wilde*, 333 N.Y.S.2d 614, 616 (N.Y.A.D., 1972).

Defendants didn't request an instruction that punitive damages could only be awarded if compensatory damages were also awarded for the same claim. The verdict form, to which neither party objected, allowed the jury to award punitive damages even if no other damages were awarded. No instruction was requested or given concerning nominal damages and the verdict form didn't provide for them. Defendants have therefore waived any objection to the award of punitive damages to Ba in the absence of compensatory or nominal damages on this particular claim. *Queenie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601, 606 (S.D.N.Y. 2002) (holding that defendants had waived argument that punitive damages under state law could only be awarded if compensatory damages

were also awarded, where defendants did not object to submission of questions to jury, or to jury charge) (citing Fed. R. Civ. P. 51).

It is worth remembering that if Plaintiffs' motion to hold Opia liable as a matter of law had been granted, Defendants would be entitled to recover punitive damages under Title VII in the absence of even nominal damages. *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 299 (E.D.N.Y. 2000). But there is no reason to reopen that issue, or for Plaintiffs to seek other means of holding Opia liable at this point.

Beyond this, the award of $5,000 to Ba is in the normal range for punitive awards for employment discrimination and retaliation claims. *See Ting Yao Lin v. Hayashi Ya II, Inc.*, 2009 WL 289653, *8 (S.D.N.Y., Jan. 30, 2009) (approving punitive damages awards for $5,000 to plaintiffs who were "upset" or "in low spirits" after being wrongly terminated).

The award of $10,000 punitive damages to Veerman equals the $10,000 compensatory award on this claim, and is reasonable and permissible.

This motion is therefore **DENIED**.

**Motion for Attorney's Fees, Costs, and Prejudgment Interest (Docket No. 73)**

Plaintiffs have requested an opportunity to respond to Defendants' opposition to this motion, and their request is **GRANTED**. Within 14 calendar days from the date this order is issued, Plaintiffs shall file their reply brief. After it is filed, the Court will set a

hearing if appropriate. Otherwise, the motion will be taken under submission on the papers.

DATED: November 3, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge