Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| BEATRIZ VEERMAN AND KHADIJETOU ("KADIA") BA, | : | 1:08-CV-05042-LAB |
| | : | |
| Plaintiffs, | : | **SUPPLEMENTAL CERTIFICATION OF PLAINTIFFS' COUNSEL KENNETH A. GOLDBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND PRE-JUDGMENT INTEREST** |
| - against - | : | |
| | : | |
| DEEP BLUE GROUP LLC, OPIA, FREDERICK LESORT, AND ANTOINE BLECH (a/k/a Antoine Bleck), | : | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, KENNETH A. GOLDBERG, of full age, hereby certify and say:

1. I am a member of Goldberg & Fliegel LLP ("G&F") and counsel for Plaintiffs in the above-captioned matter. I make this Supplemental Certification in support of Plaintiffs' post-trial motion for: (i) attorneys' fees for time spent by me and Jonathan O. Margolis, an attorney for G&F on this matter; (ii) costs incurred by Plaintiffs in this matter; (iii) pre-judgment interest; and (iv) such other and further relief as the Court may deem just and proper. I am familiar with the facts discussed herein. This Certification is made on personal knowledge, except as otherwise noted.

2. During the EEOC proceedings in this matter (2007 to 2008), Defendants were represented by the law firm of Proskauer Rose LLP. Defendants' current counsel did not represent Defendants during those proceedings.

3. On or about December 3, 2007, the parties participated in an EEOC mediation connected to the EEOC Charge in this matter. At that mediation, Defendants' then counsel offered only $15,000 to settle. Such mediation failed.

4. On June 16, 2010, and after the verdict was rendered and the jury was discharged in this matter, and with the Court's permission, Defendants' trial counsel, Linda Fridegotto, Esq. and I sought feedback regarding the trial from a former juror. During that discussion, Ms. Fridegotto acknowledged her lack of trial experience to me and to the former juror.

5. At trial, Plaintiffs presented a damages chart (Plaintiffs' Trial Exhibit 43A), which set forth income received by Plaintiff Ba for the year 2006 at $27,206.00, and listed Plaintiff Ba's total lost tips at $6,453.00.

6. At trial, Plaintiffs presented a damages chart (Plaintiffs' Trial Exhibit 43B), which set forth income received by Plaintiff Veerman for the year 2006 at $27,687.00 and listed Plaintiff Veerman's total lost tips at $4,990.00.

7. Plaintiffs' damages charts displayed for the jury at trial allocated damages of only about $1,000 per Plaintiff annually (Plaintiffs' Trial Exhibits 43A and 43B), about $6,500 for Plaintiff Ba (Exhibit 43A) and $5,000 for Plaintiff Veerman (Exhibit 43B).

8. Plaintiffs' counsel Kenneth Goldberg has successfully settled numerous cases in his career as an employment law attorney, and counsel Jonathan Margolis is certified as a court mediator for the New York Supreme Court's Commercial Division.

## **CONCLUSION**

9. The Court should grant Plaintiffs' motion for fees and costs, pre-judgment interest and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 22, 2010

                                                /s/ Kenneth A. Goldberg
                                                  Kenneth A. Goldberg