Kenneth A. Goldberg, Esq.
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiffs
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| BEATRIZ VEERMAN AND KHADIJETOU ("KADIA") BA, | : | 1:08-CV-05042-LAB |
| | : | |
| Plaintiffs, | : | |
| - against - | : | |
| | : | |
| DEEP BLUE GROUP LLC, OPIA, FREDERICK LESORT, AND ANTOINE BLECH (a/k/a Antoine Bleck), | : | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR STATUTORY FEES AND COSTS
AND PRE-JUDGMENT INTEREST**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................. iii

PRELIMINARY STATEMENT......................................................... 1

ARGUMENT............................................................................. 2

POINT I

DEFENDANTS' ARGUMENTS REGARDING PROPORTIONALITY OF REQUESTED
FEES ARE BASELESS AND THE CITED CASES SUPPORT PLAINTIFFS' POSITION.... 2

POINT II

DEFENDANTS' CHALLENGE TO G&F'S HOURLY RATES IS WITHOUT MERIT....... 3

    1.    Plaintiffs' Retainer Agreement With Their Counsel Is Irrelevant Under Law..... 3

    2.    Plaintiffs' Limited Financial Resources Are Irrelevant Under Law............. 4

    3.    Defendants Mis-State The Relevance Of G&F's SOX Experience............. 4

    4.    Defendants Fail To Rebut The Supporting Declarations Of Reputable Counsel... 5

    5.    Defendants' Objection To Plaintiffs' Citation To *Vilkhu* Is Baseless........... 6

POINT III

DEFENDANTS' CHALLENGE TO PLAINTIFFS' APPLICATION ON THE BASIS OF
FAILED SETTLEMENT DISCUSSIONS IS WITHOUT BASIS IN LAW OR FACT........ 6

    1.    Under The Law, Defendants' Settlement Conduct Is Relevant And Plaintiffs'
        Conduct Here Was In Good Faith And Is Not Relevant..................... 7

    2.    Defendants' Refused To Counteroffer Plaintiffs' Good Faith Pre-Trial Settlement
        Demand and Refused to Engage in Court-Provided Free Mediation........... 7

    3.    Defendants' Upwards Adjustment Arguments Are Without Merit............. 9

POINT IV

DEFENDANTS' ARGUMENT THAT THE FEES SHOULD BE REDUCED ON THE BASIS
OF AN ALLEGED LACK OF SUCCESS IS WITHOUT MERIT...................... 9

POINT V

DEFENDANTS' ARGUMENT THAT THE ATTORNEYS' FEES SHOULD BE REDUCED BECAUSE OF ALLEGED BLOCK BILLING IS WITHOUT MERIT. . . . . . . . . . . . . . . . . . . . 11

POINT VI

DEFENDANTS' SPECULATION THAT PLAINTIFFS' COUNSEL'S TIME RECORDS DO NOT ACCURATELY REFLECT TIME WORKED IS WITHOUT MERIT. . . . . . . . . . . . . . . 11

POINT VII

DEFENDANTS' CHALLENGE TO THE EFFICIENCY OF G&F'S WORK IS WITHOUT MERIT IN LAW AND FACT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

**Cases**

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir. 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Broome v. Biondi, 17 F. Supp.2d 230 (S.D.N.Y. 1997) (Carter, J.). . . . . . . . . . . . . . . . . . . . . . 11

City of Burlington v. Dague, 505 U.S. 557 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

City of Detroit v. Grinnell Corporation, 495 F.2d 448 (2d Cir. 1974), abrogated on other grounds by Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000). . . . . . . . . . . . . . . . . 11

City of Riverside v. Rivera, 477 U.S. 561 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Colon v. Automatic Retailers Association, Inc., 74 Misc.2d 478, 343 N.Y.S.2d 874 (Civ. Ct 1972).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Estrella v. P.R. Painting Corp., 596 F. Supp.2d 723 (E.D.N.Y. 2009) (Spatt, J.). . . . . . . . . . . . 4

Grant v. Martinez, 973 F. 2d 96 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 1373118 (S.D.N.Y., May 8, 2007) (Lynch, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Hensley v. Eckerhart, 461 U.S. 424 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

J.S. Nicol, Inc. v. Peking Handicraft, Inc., No. 03-civ-1548, 2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008) (Peck, M.J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Johnson v. Ga. Highway Express, Inc., 488 F.2d 174 (5th Cir. 1974).. . . . . . . . . . . . . . . . . . . . 6

Kerr v. Quinn, 692 F.2d 875 (2d Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Marek v. Chesny, 473 U.S. 1 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Matter of Simmons, 59 A.D.2d 468 (2d Dep't 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

McDow v. Rosado, 657 F. Supp.2d 463 (S.D.N.Y. 2009) (Holwell, J.). . . . . . . . . . . . 7, 8, 10, 11

Mugavero v. Arms Acres, Inc., No. 03-05724, 2010 WL 451045 (S.D.N.Y. Feb. 9, 2010) (Gardephe, J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10-12

Nitti v. Credit Bur. of Rochester, 84 Misc. 2d 277, 285 (Sup. Ct. Monroe County 1975). . . . . . 3

Ortiz v. Regan, 980 F.2d 138 (2d Cir.1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Quarantino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rozell v. Ross-Holst, 576 F. Supp.2d 527 (S.D.N.Y. 2008) (Francis, M.J.). . . . . . . . . . . . . . . 13

Sabatini v. Corning-Painted Post Area School Dist., 190 F. Supp.2d 509 (W.D.N.Y. 2001) (Larimer, C.J.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Vilkhu v. City of N.Y., No. 06-Civ.-2095, 2009 WL 1851019 (E.D.N.Y. June 26, 2009) (Sifton, J.), vacated and remanded on other grounds, 2010 WL 1571616 (2d Cir. Apr. 21, 2010) (summary order). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Woodford v. Cmty. Action Agency, 239 F.3d 517 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

18 U.S.C. § 1514.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 1514A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Rules**

Fed. R. Civ. P. 68. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PRELIMINARY STATEMENT**[1]

Goldberg & Fliegel LLP ("G&F"), attorneys for Plaintiffs, respectfully submits this Reply Memorandum of Law in Support of Plaintiffs' application for attorneys' fees and costs and the award of pre-judgment interest.

It is undisputed that Plaintiffs, as prevailing parties in this sexual harassment/retaliation action, are entitled to an award of statutory attorneys' fees. To that end, Plaintiffs filed an application seeking a reasonable award of attorneys' fees and costs and provided the Court with the legal and factual support sufficient to grant the motion, consistent with the principle that a "request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437, n.12 (1983). Plaintiffs incorporate their opening papers by reference.

Defendants filed a lengthy (37-page) response to Plaintiffs' application ("Def. Br."), raising a variety of baseless objections to Plaintiffs' straightforward application, including objections to Plaintiffs' requested hourly rate and time spent working on this matter. Plaintiffs' straightforward application is meritorious, because Plaintiffs are the prevailing parties in this action and the rates and hours submitted in support are reasonable under applicable law.

This reply brief will address only the substantive issues raised in Defendants' lengthy opposition papers. Defendants' challenge to the hourly rates sought by Plaintiffs lacks adequate proof, relies on the ipse dixit of Defendants' inexperienced trial counsel, is unsupported in fact and law, and is littered with inapposite caselaw, inapplicable and out-of-Circuit caselaw, a fictitious quotation attributed to a Supreme Court case, and mischaracterization of facts.

---

[1] Citations to "Goldberg Reply Cert." are to the Supplemental Certification of Kenneth A. Goldberg dated November 22, 2010 and submitted with this Memorandum. Citations to "Goldberg Cert." are to the Certification of Kenneth A. Goldberg dated July 23, 2010. Citations to "Abady Decl." and "Nardo Decl." are to the Declarations of Jonathan S. Abady, Esq. and Raymond Nardo, Esq., respectively, in support of this motion and docketed as Docket Nos. 74 and 75, respectively. Citations to "Tr." are to pages from the trial transcript in this matter, filed as exhibits to the Certification of Kenneth A. Goldberg In Opposition to Defendants' Post-Trial Motion dated August 19, 2010 (Docket No. 90) and incorporated herein by reference.

## ARGUMENT

## POINT I

## DEFENDANTS' ARGUMENTS REGARDING PROPORTIONALITY OF REQUESTED FEES ARE BASELESS AND THE CITED CASES SUPPORT PLAINTIFFS' POSITION

Defendants argue that the amount sought by Plaintiffs is "unreasonable in light of the issues in this case [and] bears no relationship to the plaintiffs' ultimate recovery." (Def. Br. 7). Defendants' "proportionality" argument is frivolous. The courts have expressly rejected the argument that an award of attorneys' fees must be proportional to the amount recovered in civil rights and other cases. City of Riverside v. Rivera, 477 U.S. 561, 578 (1986); see also Pl. Br. 9-10 (citing cases, including J.S. Nicol, Inc. v. Peking Handicraft, Inc., No. 03-civ-1548, 2008 WL 4613752 at n. 27 (S.D.N.Y. Oct. 17, 2008) (Peck, M.J.), which collects cases).

Defendants cite Colon and Simmons and argue that G&F's fees are unreasonable because the fees sought exceed "the amount involved in the litigation." (Def. Br. 7). Colon v. Automatic Retailers Association, Inc., 74 Misc.2d 478, 486, 343 N.Y.S.2d 874 (Civ. Ct 1972); Matter of Simmons, 59 A.D.2d 468 (2d Dep't 1977). Defendants' argument is frivolous because Colon and Simmons stand for the exact opposite of Defendants' proposition.

Coblon and Simmons actually awarded attorneys' fees in an amount much greater than the amount involved in litigation. Further, Colon expressly rejected Defendants' position and even gave examples those types of cases where an award of attorneys' fees in excess of the amount of involved is justified. Colon, 74 Misc.2d 478, 487 ("[e]very lawyer knows that there are some cases where the fee must be greater than the amount of money involved in the litigation" and "[t]here are other cases where there are transcending principles involved which make it economically feasible and reasonable that a fee be paid in excess of the amount involved in the litigation").

It is inappropriate for Defendants to represent to this Court that various cited cases support Defendants' position when in fact those cases support Plaintiffs' position. Defendants'

reliance on such caselaw completely undermines Defendants' baseless arguments.

## POINT II

## DEFENDANTS' CHALLENGE TO G&F'S HOURLY RATES IS WITHOUT MERIT

Defendants argue, without supporting caselaw, that the hourly rate sought by Plaintiffs is excessive. (Def. Br. 8). Defendants' arguments are baseless.

**1.      Plaintiffs' Retainer Agreement With Their Counsel Is Irrelevant Under Law**

Defendants' argument that the individual Plaintiffs themselves should have submitted their retainer agreement with Plaintiffs' counsel (Def. Br. 8) has been considered and rejected by the courts. Mugavero v. Arms Acres, Inc., No. 03-05724, 2010 WL 451045 at *4 (S.D.N.Y. Feb. 9, 2010) (Gardephe, J.) ("[t]he absence of a fee agreement drafted specifically for the plaintiff in this case does not undermine the persuasiveness of this evidence. Defendants cite no case law suggesting that a fee agreement signed by the plaintiff in the underlying litigation is necessary to determine reasonable attorneys' fees"); see also Nitti v. Credit Bur. of Rochester, 84 Misc. 2d 277, 285 (Sup. Ct. Monroe County 1975) ("[the] agreement between plaintiff and his counsel as to compensation is 'wholly immaterial to the issue before the court' as to what should be set as a reasonable attorney's fee. Any such agreement is neither binding upon the court nor determinative of the question as to the amount to be awarded") (citations omitted).

Defendants also argue that a contingency fee arrangement between Plaintiffs and their counsel should have a downward impact on the fees to be awarded. (Def. Br. 8). This argument is baseless. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 n.2 (2d Cir. 2008) ("nor is the award necessarily limited because the attorney has agreed to undertake the case for a reduced fee compared to the customary market rate") (citation omitted); see also Nitti, 84 Misc. 2d 277, 285 ("[the] agreement between plaintiff and his counsel as to compensation is 'wholly immaterial to the issue before the court' as to what should be set as a reasonable attorney's fee. Any such agreement is neither binding upon the court nor determinative of the question as to the amount to be awarded") (citation omitted). Contingency fee

arrangements in employment discrimination actions are commonplace and allow plaintiffs to retain counsel that such plaintiffs would otherwise be unable to afford to retain, and such counsel accept such matters relying upon the award of statutory attorneys' fees to prevailing plaintiffs.

**2.      Plaintiffs' Limited Financial Resources Are Irrelevant Under Law**

Defendants essentially argue that Plaintiffs' alleged limited financial resources should deny Plaintiffs effective and experienced representation at reasonable hourly rates. (Def. Br. 8). Defendants' argument is baseless and contrary to the very purpose of fee-shifting statutes. The courts have repeatedly acknowledged that awarding fees and costs to a prevailing plaintiff in civil rights and Labor Law actions is crucial to enabling aggrieved plaintiffs to retain counsel. See, e.g., Woodford v. Cmty. Action Agency, 239 F.3d 517, 525 (2d Cir. 2001) (citing Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir. 1982)) ("[t]he function of an award of attorneys' fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel"); Estrella v. P.R. Painting Corp., 596 F. Supp.2d 723, 727 (E.D.N.Y. 2009) (Spatt, J.) (fee-shifting provisions of Labor Law designed in part to secure legal representation for plaintiffs whose grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements) (citations omitted). The correct inquiry is "what a reasonable, paying client would be willing to pay" – not what an indigent or unemployed paying client could pay. Arbor Hill, 522 F.3d 182, 184.

**3.      Defendants Mis-State The Relevance Of G&F's SOX Experience**

Defendants argue that G&F's experience in proceedings brought under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514, is not relevant to the determination of attorneys' fees in this matter. Defendants cite the wrong statute in their brief. (Def. Br. 9). Plaintiffs cited the correct statute in their application, 18 U.S.C. § 1514A. (Pl. Br. 12). Defendants also ignore or are unaware that SOX is an employment discrimination statute that incorporates elements of other employment discrimination statutes, including statutory attorneys' fees to the prevailing plaintiff.

G&F's experience and success in bringing employee claims under SOX is entirely relevant to its employment discrimination law practice and its representation of Plaintiffs in this matter. Defendants' counsel apparently lacks experience litigating SOX cases.

**4.      Defendants Fail To Rebut The Supporting Declarations Of Reputable Counsel**

Defendants attack the Declarations of Jonathan S. Abady, Esq. and Raymond Nardo, Esq., experienced and well-regarded New York civil rights and employment law attorneys. (Def. Br. 9). Defendants' criticisms are unsupported by law or fact. Such affidavits, in this Circuit, are proof of the reasonableness of the rates of Plaintiffs' counsel. See, e.g., Sabatini v. Corning-Painted Post Area School Dist., 190 F. Supp.2d 509, 514-15 (W.D.N.Y. 2001) (Larimer, C.J.) ("[t]he fee applicant 'normally satisfies this burden [of providing adequate proof that the rates being sought are in fact considered reasonable within the community] by submitting the affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience'") (citations omitted).

Notably, Defendants do not and apparently are unable to submit any affidavits by other attorneys disputing the reasonableness of Plaintiffs' counsel's rates. See, e.g., Sabatini, 190 F. Supp.2d 509, 514-15 (weighing competing affidavits of the parties as to reasonableness of rates).

Defendants' inadequate proof is the mere ipse dixit of Defendants' inexperienced trial counsel, who admitted her lack of trial experience to Mr. Goldberg and to a former juror when counsel were seeking feedback from the former juror, with the Court's permission, after the verdict was rendered and the jury had been discharged. (Goldberg Reply Cert. ¶ 4). See Sabatini, 190 F. Supp.2d 509, 514-15 (Court considers competing affidavits of attorneys in relevant legal community as proof of reasonableness of rates).

Simply put, Defendants have no facts to contradict or dispute the qualifications of G&F or the factual assessment of rates in the relevant legal community and the reasonableness of the rates sought and hours incurred, as set forth in Plaintiffs' motion papers, including the declarations of experienced and reputable attorneys in the relevant legal community.

Based upon the proof provided by Plaintiffs that the requested rates and hours incurred are reasonable, and given the utter absence of any proof from Defendants rebutting Plaintiffs' submissions, the Court should grant Plaintiffs' application in its entirety.

**5.** **Defendants' Objection To Plaintiffs' Citation To *Vilkhu* Is Baseless**

Defendants object to Plaintiffs' citation to Vilkhu v. City of N.Y., No. 06-Civ.-2095, 2009 WL 1851019 (E.D.N.Y. June 26, 2009) (Sifton, J.), vacated and remanded on other grounds, 2010 WL 1571616 (2d Cir. Apr. 21, 2010) (summary order), and argue that such decision was overturned. (Def. Br. 10). Defendants' objection and argument are without merit. Plaintiffs cite Vilkhu in support of their application for an award at a reasonable rate. The Second Circuit remanded that decision on grounds other than those on which Plaintiffs' rely, as Plaintiffs noted in their brief. (Pl. Br. 13).[2]

## POINT III

## DEFENDANTS' CHALLENGE TO PLAINTIFFS' APPLICATION ON THE BASIS OF FAILED SETTLEMENT DISCUSSIONS IS WITHOUT BASIS IN LAW OR FACT

Defendants oppose Plaintiffs' application based on the parties' failed settlement discussions and spill much ink doing so. (Def. Br. 11-14). Defendants are wrong on the law. Defendants also provide the Court with inapposite caselaw and a fictitious legal quotation. Moreover, Defendants mischaracterize the parties' settlement discussions because Defendants,

---

[2]Defendants cite City of Burlington v. Dague, 505 U.S. 55, 565 (1992), arguing that no contingency fee enhancement should be awarded. (Def. Br. 16). In Dague, the Supreme Court stated that an attorneys' fee award should not exceed the lodestar amount to compensate the attorney for contingency risk of nonpayment, to prevent "double counting." Dague, 505 U.S. 55, 563. Here, however, Plaintiffs request inclusion of the contingency risk within the Court-determined reasonable hourly rate, so there is no "double counting." (Pl. Br. 16). Further, because the Second Circuit expressly directed that contingency arrangements be considered in determining the reasonable fee calculation in Arbor Hill, 522 F.3d 182, 190, citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 174 (5th Cir. 1974), and because the Second Circuit has abandoned the lodestar method of calculating fees, Plaintiffs' application for a reasonable hourly rate that comprises G&F's customary hourly rate and a contingency enhancement is in accord with Dague – because the presumptively reasonable fee incorporates the contingency risk of loss, and there would be no enhancement on top of it, eliminating the possibility of double-counting. If for any reason the Court does not account for the contingency risk of loss in the reasonable rate it awards on this motion, there are other bases to increase G&F's customary rate by 10%.

6

not Plaintiffs, scuttled settlement discussions, including 2010 pre-trial settlement discussions.

1. **Under The Law, Defendants' Settlement Conduct Is Relevant And Plaintiffs' Conduct Here Was In Good Faith And Is Not Relevant**

Defendants are wrong on the law and rely on out-of-Circuit cases. (Def. Br. 13-14). In this Circuit, "[a]ttorneys' fees should not be reduced as a consequence of the rejection of settlement offers '[a]bsent a showing of bad faith.'" Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048, 2007 WL 1373118 at *7 and n. 3 (S.D.N.Y., May 8, 2007) (Lynch, J.), quoting Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir.1992) (emphasis supplied). Here, Plaintiffs proceeded in good faith. Moreover, where it is defendants and not plaintiffs who, as here, have scuttled settlement thereby forcing trial, defendants' conduct is relevant. See, e.g., McDow v. Rosado, 657 F. Supp.2d 463, 469-470 (S.D.N.Y. 2009) (Holwell, J.) (Court considers defendants' failure to pursue settlement discussions in its determination of the award amount of plaintiffs attorneys' fees in a civil rights fee-shifting case).

Defendants also rely in part on Marek v. Chesny, 473 U.S. 1 (1985), a clearly inapposite case that addresses defendant liability for attorneys' fees incurred by a plaintiff subsequent to a Fed. R. Civ. P. 68 settlement offer. (Def. Br. 14). That citation makes no sense. Here, there was no Rule 68 offer and it was Defendants that refused to engage in settlement discussions. Defendants also offer a quotation and incorrectly attribute it to a United States Supreme Court case. See Def. Br. 14, putatively quoting City of Riverside, 477 U.S. 561, 577.

2. **Defendants' Refused To Counteroffer Plaintiffs' Good Faith Pre-Trial Settlement Demand and Refused to Engage in Court-Provided Free Mediation**

Defendants are also wrong on the facts. Defendants' current counsel did not represent Defendants during EEOC proceedings and Defendants' current counsel is simply wrong about the EEOC proceedings in this matter. On or about December 3, 2007, the parties attended an EEOC mediation. At the mediation, Defendants' then counsel offered only $15,000 to settle, which caused the mediation to fail. (Goldberg Reply Cert. ¶¶ 2-3).

Defendants' current counsel is simply wrong about pre-trial settlement discussions in this

matter in 2010, which were scuttled by Defendants. Indeed, the correspondence submitted by Defendants in opposition to Plaintiffs' motion shows clearly that it was Defendants, and not Plaintiffs, who scuttled pre-trial settlement negotiations in 2010 by refusing to make a counteroffer to Plaintiffs' reasonable offer to settle. (See email from Kenneth A. Goldberg, Esq. to Linda Fridegotto, Esq. of May 18, 2010, reproduced at Fridegotto Cert., Exh. F). Contrary to Defendants' allegations, Plaintiffs' 2010 pre-trial settlement demand was entirely appropriate given Defendants' previous negotiating tactics as well as Plaintiffs' claimed economic damages, emotional damages, attorneys' fees and punitive damages (plus a single-digit constitutionally-valid multiplier of punitive damages). In fact, Plaintiffs' pre-trial offer could have been, in good faith, much higher, which Defendants might have known, had they done their calculations – although by offering a non-maximalist pre-trial settlement offer amount, Plaintiffs were signaling their amenability to settlement.[3] However, as Defendants' own opposition papers recount, Defendants categorically refused to make any counteroffer at all absent a further reduction by Plaintiffs of their non-maximalist offer. Plaintiffs properly refused to bid against themselves. Id. Further, Defendants refused Plaintiffs' offer to arrange for pre-trial Southern District Court mediation at no cost to the parties. Id. As Defendants' own papers show, it was Defendants, not Plaintiffs, who refused to engage in reasonable settlement discussions. Plaintiffs were entirely amenable to reasonable and good faith settlement discussions. Defendants should not now be able to seek to limit Plaintiffs' attorneys' fees on the basis of Defendants' own scuttling of settlement discussions, which led directly to trial of this matter. See, e.g., McDow, 657 F. Supp.2d 463, 469-470 (Court considers defendants' failure to pursue settlement discussions in its determination of the amount of plaintiffs attorneys' fees awarded in a civil rights fee-shifting case); Heng Chan, 2007 WL 1373118 at *7 and n. 3 ("[a]ttorneys' fees should not be reduced as a consequence of the

---

[3] Plaintiffs' counsel Goldberg has successfully settled numerous employment law cases, and counsel Margolis is certified as a court mediator for the New York Supreme Court's respected Commercial Division. (Golberg Reply Cert. ¶ 8). They are well-versed in settlement negotiation process and are well-regarded by many management-side attorneys.

rejection of settlement offers [a]bsent a showing of bad faith") (internal quotations and citations omitted).

3.  **Defendants' Upwards Adjustment Arguments Are Without Merit**

Defendants' subpoints "iv" through "vi" (Def. Br. 16-18) have been addressed in Plaintiffs' memorandum in support and are likewise without merit. (See Pl. Br. 15-16).

## POINT IV

## DEFENDANTS' ARGUMENT THAT THE FEES SHOULD BE REDUCED ON THE BASIS OF AN ALLEGED LACK OF SUCCESS IS WITHOUT MERIT

Defendants, citing Hensley, argue the fees should be reduced for lack of success on all claims. Defendants' argument is without merit. Under Hensley, a reasonable fee analysis centers "on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation," Hensley, 461 U.S. 424, 435, and plaintiffs' level of success cannot be determined by the application of a mechanical ratio. Id., at 435 n. 11.

Here, this Court noted on June 11, 2010 that the trial was primarily about sexual harassment/retaliation. (Tr. 9). Defendants, in their closing argument, agreed that this case was not about greed or money, even though they said otherwise in their opening statement. (Tr. 106, 647-648). Plaintiffs' rights were vindicated as to their primary claims of sexual harassment/retaliation, and the jury awarded them an amount equal to roughly one year's income each (Goldberg Reply Cert. ¶¶ 5-6), primarily in the form of punitive damages. This amount, and the categorization of approximately 3/5 of the award in the form of punitive damages, reflected the jury's validation of Plaintiffs' primary claims against Defendants.

Plaintiffs unsuccessful claims were not significant to this litigation, as shown by the amounts Plaintiffs sought to recover for such unsuccessful claims. The FLSA claims, which Plaintiffs did not bring to trial, and the Labor Law and race-based discrimination claims, which the jury rejected, pertained to either misappropriation of tips or denial of better shifts to Plaintiffs where tips were higher. Plaintiffs' damages charts displayed to the jury at trial allocated damages

of only about $1,000 per Plaintiff annually – about $6,500 for Plaintiff Ba and $5,000 for Plaintiff Veerman.  (Goldberg Reply Cert. ¶ 6).

Given these amounts, a recovery on these claims would likely not have had a material affect on Plaintiffs' overall recovery.  Defendants also failed to maintain or produce work schedules for the full applicable period, which severely prejudiced Plaintiffs in presenting their claims to the jury regarding denial of better shifts.  (Tr. 135-6, 259-260, 331).  The Court should not reduce Plaintiffs' fees on unsuccessful claims where, as here, Plaintiffs were prejudiced by Defendants' failure to produce relevant documents.  Mugavero, 2010 WL 451045 at *6, quoting Grant v. Martinez, 973 F. 2d 96, 99 (2d Cir. 1992) ("Courts base the hours inquiry not on what appears necessary in hindsight, but on whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures") (quotation marks omitted).

The race-based harassment claim for Ms. Ba that was dismissed by the Court on June 15, 2010 relied essentially on Mr. Blech calling her "the African."  (Tr. 511-515).  The parties spent minimal time addressing this issue.

In any case, a reduction of fees due to any alleged limited nature of success should be significantly tempered by Defendants' conduct in this matter.  Defendants refused to engage in meaningful settlement discussions, and even refused to engage in free Court mediation prior to trial, directly leading to the expense of trial in this matter.  See Point III above.  Any reduction in attorneys' fees is significantly tempered by Defendants' documented refusal to engage in meaningful settlement discussions, including pre-trial discussions.  McDow, 657 F. Supp.2d 463, 469-470 (defendants' failure to pursue settlement discussions increases litigation costs and significantly lessens the reduction in attorneys' fees awarded due to unsuccessful claims).

## POINT V

## DEFENDANTS' ARGUMENT THAT THE ATTORNEYS' FEES SHOULD BE REDUCED BECAUSE OF ALLEGED BLOCK BILLING IS WITHOUT MERIT

Defendants argue that Plaintiffs' counsel's attorneys fees should be reduced because of alleged block billing and alleged vague entries. (Def. Br. 25–28). Defendants' arguments are without basis in fact or law. In rejecting similar defense counsel arguments in the recent Mugavero case, Southern District Court Judge Gardephe pointedly stated "[t]he legal standard is [ . . . ] more forgiving than Defendants contend." Mugavero, 2010 WL 451045 at *7 (not reducing requested award for alleged block billing and alleged vague entries).

## POINT VI

## DEFENDANTS' SPECULATION THAT PLAINTIFFS' COUNSEL'S TIME RECORDS DO NOT ACCURATELY REFLECT TIME WORKED IS WITHOUT MERIT

Defendants speculate, without basis in fact, that Plaintiffs' counsel's time entries reflect a rounding of time upwards to quarter-hour increments. (Def. Br. 23-24). In fact, and as set forth in Plaintiffs' opening brief, such entries reflect the exercise of billing judgment and a rounding downward; thus, much time in this matter has not been submitted by Plaintiffs to the Court in this motion. Further, quarter-hour intervals are appropriate and have been the basis for attorneys' fees awards in this Circuit, and Defendants cite no Court of Appeals case holding otherwise. See, e.g., Broome v. Biondi, 17 F. Supp.2d 230, 236 (S.D.N.Y. 1997) (Carter, J.) (no reduction because of quarter-hour billing); see also McDow, 657 F. Supp.2d 463, 469-470, citing City of Detroit v. Grinnell Corporation, 495 F.2d 448, 473 (2d Cir. 1974), abrogated on other grounds by Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 49-50 (2d Cir. 2000) ("[w]hile the number of hours and how they are spent must be reported to the court, the court does not need to know the exact number of minutes spent on each activity"). Defendants essentially dispute just a handful of Plaintiffs' counsel's time entries spanning a period of years. At most, these are the only entries that should be evaluated by the Court. Defendants are also wrong that an across-the-

11

board reduction is necessary or appropriate, because specific time entries may be reduced, if at all, in the Court's discretion instead.  <u>Mugavero</u>, 2010 WL 451045, at *6-7, <u>citing</u> <u>Quarantino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999).  Simply put, Defendants' arguments are without merit.

## POINT VII

## DEFENDANTS' CHALLENGE TO THE EFFICIENCY OF G&F'S WORK IS WITHOUT MERIT IN LAW AND FACT

Defendants' generally challenge the efficiency of G&F's work based upon Plaintiffs' counsel's time records.  (Def. Br. 15-16).  Defendants' challenge is conclusory, made without supporting caselaw or any proof of inefficiency, and is without merit.  (<u>See</u> Pl. Br. 16-18).  Similarly, Defendants' specific challenges to the efficiency of G&F's work (Def. Br. 29-36) are likewise without merit and reflect Defendants' counsel's admitted inexperience in employment law and practice. (Goldberg Reply Cert: ¶ 4).  Some examples are outlined below.

For example, Defendants' argument that 8.25 hours incurred by G&F in its review of Defendants' EEOC position statement is excessive (Def. Br. 29) is made without legal support and factually without merit: an employers' EEOC position statement is often admissible at trial and plays a central role in planning and structuring a an employee's litigation approach.

For example, Defendants' argument that 21.75 hours incurred by G&F in drafting Plaintiffs' Complaint is excessive  (Def. Br. 29) is made without legal support and factually without merit: in this case, two Plaintiffs were bringing multiple and complex claims under multiple legal theories, multiple statutes in a field with fast-developing caselaw against Defendants who had been represented in EEOC proceedings by a prominent management-side defense firm (Proskauer Rose).

For example, Defendants' argument that 59.25 hours incurred by G&F in drafting jury instructions in this case (Def. Br. 30) is made without legal support and factually without merit: a fast-developing and complex area of employment law involving the distinct but overlapping

12

federal, state and local law requirements with multiple plaintiffs and multiple defendants demands that plaintiffs' counsel pay exacting attention to jury instructions, and Defendants' suggestion that G&F be compensated only for the time it would have taken to "tweak" forms and samples in this case is, quite frankly, frivolous.  See, e.g., Rozell v. Ross-Holst, 576 F. Supp.2d 527, 541 (S.D.N.Y. 2008) (Francis, M.J.) (which awarded in a less-complex employment case a fee application for 20 hours more work for jury instructions than Plaintiffs seek here, and which is discussed at Pl. Br. 17).

For example, Defendants' argument that G&F's post-trial work is excessive (Def. Br. 30) is made without legal support and factually without merit, as is Defendants' allegation that time entries they identify at Def. Br. 37 are "clerical" tasks – apparently solely on the basis of the appearance of the word "finalize" in such time entries.

## CONCLUSION

The Court should grant Plaintiffs' motion in its entirety.  Plaintiffs reserve the right to request an award of attorneys' fees and costs incurred in connection with this litigation subsequent to the initial date of the making of this motion (including without limitation in connection with the making of this Reply).

Dated: November 22, 2010
      New York, New York

                              GOLDBERG & FLIEGEL LLP

By:   /s/ Kenneth A. Goldberg
       Kenneth A. Goldberg(KG0295)
       Goldberg & Fliegel LLP
       60 East 42nd Street, Suite 3421
       New York, NY 10165
       (212) 983-1077

Attorneys for Plaintiffs